UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE 23ANDME, INC. CUSTOMER DATA SECURITY BREACH LITIGATION. | Case No. 24-md-03098-EMC<br><br>**PRETRIAL ORDER NO. 1: INITIAL CONFERENCE AND HEARING ON MOTIONS TO APPOINT** |

The Judicial Panel on Multidistrict Litigation ("Panel") has transferred certain lawsuits relating to a 2023 data security breach at 23andMe to this Court for coordinated or consolidated pretrial proceedings. As the number and complexity of these actions warrant holding a single, coordinated initial case management conference for all actions, the Court **ORDERS** as follows:

1.  **APPLICABILITY OF ORDER.** Prior to the initial conference and entry of a comprehensive order governing all further proceedings in this case, the provisions of this Order shall govern the practice and procedure in those actions that were transferred to this Court by the Panel. This Order applies to all related cases filed in all divisions of the Northern District of California and all "tag-along actions" later filed in, removed to, or transferred to this Court.

2.  **CONSOLIDATION.** The civil actions transferred to this Court or related to the actions already pending before this Court are consolidated for pretrial purposes. Any "tag-along actions" transferred to this Court, or directly filed in the Northern District of California, will automatically be consolidated with this action without the necessity of future motions or orders. This consolidation does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she or it

has not been named, served or added in accordance with the Federal Rules of Civil Procedure.

3. **DATE OF INITIAL CONFERENCE AND CONFERENCE AGENDA.** The Court will conduct an initial conference on **May 30, 2024, at 1:30 p.m.**, in Courtroom No. 5, 17th Floor, 450 Golden Gate Avenue, San Francisco California.

Lead defense counsel is required to appear at the conference. One week prior to the initial conference, Defendants shall submit a written submission advising the Court as to the status of all litigation pending in this MDL matter, as well as the status of all potential tag-along cases. The submission shall also advise the Court of the steps Defendants have taken to preserve relevant evidence, including electronically stored information. *See also 23andMe*, No. C-23-5147 EMC (N.D. Cal.) (Docket No. 78) (minutes, filed on 2/26/2024) (taking note of representation from 23andMe that it "has put in place litigation holds and taken the necessary preservation steps to ensure that relevant evidence is not destroyed"). Defense counsel shall be prepared at the initial conference to answer questions from the Court regarding the written submission, litigation status and evidence preservation.

Any counsel for Plaintiffs who will apply to be Lead Counsel or a member of the Steering Committee (see Paragraph 4, *infra*) is required to appear at the conference.

4. **APPOINTMENT OF PLAINTIFFS' LEAD COUNSEL.** The Court intends to appoint Plaintiffs' Lead Counsel and/or Steering Committee to conduct and coordinate the pretrial stage of this litigation with the defendant's representatives.

Any attorney who has filed an action in this MDL litigation or a potential tag-along case (assuming that the potential tag-along case is ultimately transferred to this Court) may apply for a Lead Counsel or Steering Committee position.

Consistent with the Court's prior order, *see 23andMe*, No. C-23-5147 EMC (N.D. Cal.) (Docket No. 78), attorneys have already filed their motions to appoint within a week of the JPML's order. Some motions were filed in the MDL case established in this District. Other motions were filed in No. C-23-5147 EMC (the lowest-numbered case out of the cases related in this District). Still other motions were filed in one of the other related cases. The Court now orders that any motion **not** filed in No. 24-MD-3098 (N.D. Cal.), be **refiled** in that case. This is

2

not an opportunity for an attorney to file a new motion or to supplement a previously filed motion. This is simply a procedural directive so that all motions to appoint are filed in a single case.

As the Court previously ordered:

- Each motion to appoint shall be no longer than 12 pages in length and shall address the criteria identified in the Court's minute order at Docket No. 78 in *23andMe*, No. C-23-5147 EMC (N.D. Cal.). Any response to a motion to appoint shall be filed one week thereafter. Each response shall be no longer than 6 pages in length and shall address any and all motions in a single responsive brief.

- A motion to appoint may (but need not) propose a slate of counsel from different firms. Whether counsel come from the same firm or from different firms, the Court encourages a team of diverse attorneys (*e.g.*, years of experience, backgrounds). It would be helpful for motions to appoint to address, *inter alia*, what work has been done in this case specifically and on other data breach or comparable cases, and resources available.

- The motion should explain how work will be allocated among counsel, how duplication of efforts will be minimized, and cost efficiencies maintained.

- The motion should set forth a proposed case plan.

The Court shall hold a hearing on the selection of Plaintiffs' Lead Counsel and/or Steering Committee on **May 30, 2024, at 1:30 p.m.**

5. **MASTER DOCKET FILE.** The Clerk of Court will maintain a master docket case file under the style "In re 23andMe, Inc. Customer Data Security Breach Litigation" and the identification "MDL 3098." When a pleading is intended to apply to all actions, this shall be indicated by the words: "This Document Relates to: ALL ACTIONS." When a pleading is intended to apply to fewer than all cases, this Court's docket number for each individual case to which the document number relates shall appear immediately after the words "This Document Relates to."

6. **FILING.** Each attorney of record is obligated to become a Northern District of California ECF User and be assigned a user ID and password for access to the system. If she or he

3

has not already done so, counsel shall register forthwith as an ECF User and be issued an ECF User ID and password. Forms and instructions can be found on the Court's website at www.cand.uscourts.gov/cm-ecf. All documents shall be e-filed in the Master file, 24-MD-3098. Documents that pertain to one or only some of the pending actions shall also be e-filed in the individual case(s) to which the document pertains. Registration instructions for pro se parties who wish to e-file can be found at the same link above.

7. **APPEARANCES.** Counsel who are not admitted to practice before the Northern District of California must file an application to be admitted pro hac vice. *See* N.D. Cal. Civ. L.R. 11-3. The requirement that pro hac vice counsel retain local counsel, *see* N.D. Cal. Civ. L.R. 11-3(a)(3), 11-3(e), is waived and does not apply to this MDL action.

8. **RESPONSE EXTENSION AND STAY.** Defendants are granted an extension of time for responding by motion or answer to the complaints until a date to be set by this Court. Pending further order of this Court, all outstanding discovery proceedings are stayed, and no further discovery shall be initiated.

9. **PRESERVATION OF EVIDENCE.** All parties and counsel are reminded of their duty to preserve evidence that may be relevant to this action, including electronically stored information. Any evidence preservation order previously entered in any of the transferred actions shall remain in full force and effect until further order of the Court. Until the parties reach an agreement on a preservation plan for all cases or the Court orders otherwise, each party shall take reasonable steps to preserve all evidence that may be relevant to this litigation. Counsel, as officers of the court, are obligated to exercise all reasonable efforts to identify and notify parties and nonparties, including employees of corporate or institutional parties, of their preservation obligations.

10. **SETTLEMENT MASTER.** All parties are invited to file any suggestions of person(s) to appoint as Special Settlement Master. The submissions must be filed two weeks prior to the initial conference and each submission shall not exceed three pages. Any responses/objections and/or support for persons suggested by other parties shall be filed on or before one week prior to the initial conference.

**The Court orders Defendants to serve a copy of this order on counsel for the plaintiffs in the potential tag-along cases.  Service shall be effected within one week of the date of this order, and Defendants shall, by the same date, file a proof of service certifying such.**

**IT IS SO ORDERED**.

Dated: April 23, 2024

_____
EDWARD M. CHEN
United States District Judge