# EXHIBIT 2

# BOTTINI & BOTTINI, INC.

### FIRM RESUME

Bottini & Bottini, Inc. specializes in representing shareholders, consumers, businesses, and whistleblowers in high-stakes cases across the United States. The firm concentrates its practice in complex civil litigation, including the areas of securities class actions, shareholder derivative litigation, consumer privacy class action lawsuits, antitrust class action litigation, shareholder mergers and acquisitions litigation, *qui tam* litigation on behalf of whistleblowers under the False Claims Act, and class actions under the Employee Retirement Income Security Act of 1974 ("ERISA").

The attorneys at Bottini & Bottini, Inc. have been appointed lead counsel, co-lead counsel, or played a significant role in hundreds of high-profile cases in state and federal courts across the country. The firm's representative matters and the biographies of the firm's professionals are set forth below.

### Representative Matters

- ***Pampena v. Elon Musk***, Case No. 22-cv-05937-CRB (United States District Court for the Northern District of California). By order dated April 24, 2023, the Hon. Charles Breyer appointed Bottini & Bottini, Inc. and Cotchett Pitre & McCarthy LLP to serve as Co-Lead Counsel for the Class. *See Pampena v. Musk*, 2023 U.S. Dist. LEXIS 71169 (N.D. Cal. Apr. 24, 2023). The case, which is a "seller class action," asserts securities fraud claims under Section 10(b) of the Securities Exchange Act of 1934 against Defendant Elon Musk on behalf of all persons who sold Twitter stock between May 13, 2022 and October 4, 2022, inclusive. Plaintiffs allege that Musk made false statements to the public designed to drive Twitter's stock down so that Musk could attempt to renegotiate the merger price for his buyout of Twitter. Plaintiffs filed an amended complaint on June 8, 2023. By order dated December 11, 2023, Judge Breyer upheld all Plaintiffs' claims and denied Musk's motion to dismiss. *See Pampena v. Musk*, 2023 U.S. Dist. LEXIS 220240 (N.D. Cal. Dec. 11, 2023). The case is currently in the discovery phase.

- ***In re Tik Tok, Inc. Consumer Privacy Litigation***, MDL No. 2948 (N.D. Ill.) – In 2020, Bottini & Bottini was appointed to Plaintiffs' Steering Committee by the Hon. John Z. Lee in this consumer privacy class action. Plaintiffs filed a Consolidated Amended Complaint on December 18, 2020. The complaint alleges that Defendants, through the TikTok app, collected, captured, obtained, stored and disclosed Illinois resident TikTok users' biometric information in violation of the Illinois' Biometric Information Privacy Act ("BIPA"), 740 ILCS §14/1, et seq. In 2022, a settlement of **$92 million** was approved by the Court.

- ***In re Zoom Video Commc'ns, Inc. Privacy Litig.***, Master File No. 20-CV-02155 (N.D. Cal.) (Koh, J.) -- Bottini & Bottini was appointed as a member of Plaintiffs' Steering Committee by Order dated June 30, 2020. By Order dated March 11, 2021, Judge Koh denied in substantial part Defendants' motion to dismiss. By Order dated April 5, 2021, Judge Koh denied Zoom's motion to stay discovery. The case was settled in 2021 for

Bottini & Bottini, Inc. Firm Resume
Page 2

**$85 million**.  By Order dated April 21, 2022, Judge Koh granted final approval to the settlement.

- ***In re Alphabet Inc. Shareholder Derivative Litig.***, Lead Case No. 19CV341522 (Santa Clara Superior Court).  Bottini & Bottini was appointed Co-Lead Counsel by the Hon. Brian C. Walsh after a heavily-contested lead counsel process.  A groundbreaking settlement was reached in 2020 which resulted in Google's commitment to eliminate the use of mandatory arbitration in cases alleging sexual harassment and discrimination, the establishment of a Diversity, Equity, & Inclusion Council including two members selected by Plaintiffs' counsel, and an agreement by Google to spend **$310 million** over ten years on workplace initiatives designed to eliminate sexual harassment and discrimination and initiatives that support diversity, equity, and inclusion. See "Alphabet Settles Shareholder Suits Over Sexual Harassment Claims," THE NEW YORK TIMES, Sept. 25, 2020.  The membership of the DEI Council will consist of both external experts and internal members, including, in its first year, Alphabet's CEO (Sundar Pichai). The workplace initiatives and programs will focus on (1) expanding the pool of historically underrepresented technologists; (2) hiring, progression, and retention of historically underrepresented talent at Alphabet and, in particular, Google; (3) fostering respectful, equitable, and inclusive workplace cultures; and (4) helping historically underrepresented groups and individuals succeed with their businesses and in the digital economy and tech industry.

- ***Justice John Trotter (Ret.), Trustee of the PG&E Fire Victim Trust* v. Williams et al.**, Lead Case No. CGC-17-562591 (Superior Court for the State of California, County of San Francisco).  Bottini & Bottini was one of the firms retained by Justice John Trotter on behalf of the PG&E Fire Victim Trust to assert claims against various former officers and directors of PG&E Corporation. The suit asserted damages for breaches of fiduciary duty committed by such officers and directors in connection with wildfires caused by PG&E Corp. in Northern California -- the 2017 North Bay Wildfires and the 2018 Camp Fire. Bottini & Bottini had previously filed a shareholder derivative action against PG&E's officers and directors on December 24, 2018. After PG&E filed for bankruptcy due to massive liabilities related to the wildfires, Justice Trotter was appointed as Trustee of the PG&E Fire Victim Trust in order to pursue claims seeking compensation for the fire victims. The shareholder derivative claims originally asserted by Bottini & Bottini were among the claims assigned to the Fire Victim Trust. An amended complaint was filed on March 24, 2021 in San Francisco Superior Court asserting direct claims for breach of fiduciary duty against PG&E's officers and directors.

  On November 8, 2021, Judge Andrew Y.S. Cheng denied in substantial part Defendants' demurrer to the Amended Complaint. Defendants moved for reconsideration of the Court's order overruling their demurrer, and the Court denied that motion by Order dated December 16, 2021. Meanwhile, Plaintiffs had filed a Second Amended Complaint on November 18, 2021 to add additional factual details about Defendants' wrongdoing.

  Defendants filed a demurrer/motion to dismiss the Second Amended Complaint, which was heard by the Court on February 24, 2022. On April 1, 2022, the Court issued an Order overruling Defendants' demurrers in their entirety.

Trial was set for August 1, 2022. Plaintiff diligently prepared the case for trial, reviewing millions of pages of documents and taking dozens of depositions.

A settlement of **$117 million** was reached just a few months before trial was set to commence.

Cathy Yanni, a spokesperson for the Fire Victim Trust, stated in announcing the settlement that "It is our hope that in holding PG&E's past officers and directors accountable in connection with the damage inflicted on thousands of fire victims in California, the current board and new leadership of PG&E charts a different course where safety and the protection of customers is the central operating principle of the company. We are pleased to see early signs of a new focus on safety with PG&E's recent announcements about plans to harden infrastructure and lay power lines underground, both measures that would significantly reduce fire hazards."

- ***In re Yahoo! Inc. Shareholder Litig.***, Lead Case No. 17-CV-307054 (Superior Court for the State of California, County of Santa Clara). Bottini & Bottini was Co-Lead Counsel in this shareholder derivative litigation, which involved the largest corporate data breach in U.S. history. After engaging in expedited discovery, the Court granted in part Plaintiff's motion for a preliminary injunction and ordered Yahoo! to provide additional information to the Company's shareholders in a proxy statement filed with the SEC. Thereafter, after further substantial litigation, the derivative claims settled for a cash payment by Defendants of $29 million, representing the largest recovery ever in a shareholder derivative action involving a data breach.

  By order dated January 4, 2019, Judge Brian C. Walsh of the Complex Litigation Department granted final approval to the settlement stating: "But I have to say that on both sides, the intelligence, the persistence, the professionalism was a joy to behold. You're a credit to your clients and I hope they appreciate the fine work you did for them, and a credit to your profession. It was a pleasure to work with you."

  The Yahoo shareholder derivative litigation has been described as a "milestone" by commentators for the significant cash recovery obtained for Yahoo, especially since past shareholder derivative cases involving data breaches had all been dismissed or not resulted in any cash recovery for the company. In describing the significant **$29 million cash recovery** in Yahoo, one commentator stated that "the track record in prior data breach related derivative litigation makes the significant recovery in the Yahoo data breach-related derivative settlement all the more noteworthy." *See* Kevin LaCroix, The D&O Diary, Jan. 21, 2019.

- ***Wilhoite v. Xiaodi Hou*** (In re TuSimple Shareholder Deriv. Litig.), Case No. 3:23-cv-02333-BEN-MSB (United States District Court for the Southern District of California). Bottini & Bottini and Bernstein Litowitz Berger & Grossmann LLP are Co-Lead Counsel for the plaintiffs, who are shareholders of TuSimple, Inc. Plaintiffs filed suit on December 22, 2023, seeking a preliminary injunction and damages under the federal Defend Trade Secrets Act of 2016 and the California Uniform Trade Secrets Act. Plaintiffs then promptly moved for a TRO and also filed an *ex parte* motion to expedite the hearing on the motion for TRO, which the court granted. On January 23, 2024, the

court granted Plaintiffs' Motion for TRO and expedited discovery and enjoined the company's co-founder and others from:

1. Violating the National Security Agreement between TuSimple, Holdings, Inc. and the Committee on Foreign Investment in the United States ("CFIUS").
2. Selling, transferring, or disclosing TuSimple trade secrets to people or entities outside the United States, including TuSimple's China-based businesses.
3. Selling, transferring, or disclosing TuSimple trade secrets to Hydron, Inc.
4. Transferring outside of the United States any proceeds obtained from the sale, transfer, or disclosure of TuSimple's trade secrets.
5. Transferring outside of the United States any proceeds obtained from the sale, transfer, or disclosure of TuSimple's assets other than trade secrets.

*See Wilhoite v. Xiaodi Hou*, 2024 U.S. Dist. LEXIS 12040 (S.D. Cal. Jan. 23, 2024) (order granting Plaintiffs' Motion for TRO to prevent company executives from transferring intellectual property to China).

- ***In re Google RTB Consumer Privacy Litig.***, Case No. 4:21-cv-02155-YGR (N.D. Cal.).  Bottini & Bottini is serving as a member of the Executive Committee in this consumer privacy class action alleging that Google misappropriated consumers' personally identifiable information without consent and used the information for its own profit in connection with the operation of its "real time bidding" network with advertisers.  Most of plaintiffs' claims have been upheld by the court.   *See In re Google RTB Consumer Priv. Litig.*, 606 F. Supp. 3d 935 (2022).  The case is currently in the discovery phase and *Daubert* and dispositive motions are set for July 12, 2024.

- ***In re Franklin Wireless Shareholder Derivative Litigation,*** Case No. 21-cv-1837-AJB-MSB (S.D. Cal.).  The firm serves as Co-Lead Counsel in this shareholder derivative action, which asserts claims for violation of Section 14(a) of the Securities Exchange Act of 1934, breach of fiduciary duty, and unjust enrichment. The lawsuit involves alleged wrongdoing by the CEO and board members relating to the loss of the Company's largest customer (Verizon) due to the board's failure to adequately address and remediate the Company's defective products.  After the claims were upheld, Plaintiffs engaged in full merits and expert discovery and prevailed on all claims against Defendants' motion for summary judgment. *See In re Franklin Wireless Corp. Derivative Litig.*, 2024 U.S. Dist. LEXIS 47516 (Mar. 18, 2024).

- ***Gehrich v. Frederick Howe et al. (In re MedImpact Shareholder Litig.)***, Case No. 37-2018-00041295-CU-SL-CTL (San Diego Superior Court). Bottini & Bottini served as sole court-appointed Lead Counsel in this shareholder class action against the officers and directors of MedImpact Holdings, Inc., the largest privately-owned pharmacy benefit manager in the United States.  After prevailing on a demurrer in which the Court upheld all the claims alleged by the Plaintiffs, and after extensive litigation and motion practice in the case, including discovery and the filing of three motions seeking declaratory and injunctive relief, the case was settled.  As a result of Plaintiffs' efforts, the price offered to the Company's minority shareholders for their stock was increased by 75.12% (from $21.70 to $38.00), representing a recovery of **over $41 million**.

Bottini & Bottini, Inc. Firm Resume
Page 5

During the case, the Company also agreed to hold annual meetings of shareholders and disseminate annual reports to shareholders. By order dated December 20, 2019, the Hon. Kenneth J. Medel granted final approval to the settlement.

- ***Wolther v. Maheshwari et al. (In re Veeco Instruments Shareholder Litig.)***, Lead Case No. 18CV329690 (Superior Court for the State of California, County of Santa Clara). Bottini & Bottini, Inc. served as Lead Counsel in this shareholder class action brought under the Securities Act of 1933. By Order dated May 3, 2019, the Hon. Brian Walsh denied defendants' demurrers in their entirety. The case subsequently settled for **$15 million** -- approximately 17% of the estimated damages.

- ***In re Eventbrite, Inc. Securities Litigation***, Lead Case No. 19CIV02798 (Superior Court for the State of California, County of San Mateo). By Order dated June 25, 2019, Judge Weiner appointed Bottini & Bottini and Cotchett Pitre & McCarthy Lead Counsel in this securities class action brought under the Securities Act of 1933, which seeks damages relating to Eventbrite's IPO. Bottini & Bottini successfully opposed Defendants' motion to stay the case, which the Court denied by Order dated August 20, 2019. The case recently settled for **$19.25 million** -- approximately 27% of the estimated damages. On June 10, 2022, the Court granted final approval to the settlement.

- ***Chicago Laborers Pension Fund v. Alibaba Group Holding Ltd***., Case No. CIV535692 (Superior Court for the State of California, County of San Mateo). Bottini & Bottini was one of three firms (together with Robbins Geller Rudman & Dowd LLP and Cotchett, Pitre, & McCarthy LLP) that prosecuted a class action under the Securities Act of 1933 against Alibaba Group Holding Limited ("Alibaba") in the Superior Court of California, County of San Mateo, arising from Alibaba's September 2014 initial public offering ("IPO"). After three and a half years of hard-fought litigation that involved substantial discovery in both the United States and China, a cash settlement was reached in December 2018 of **$75,000,000** — approximately 23.4% of the estimated maximum damages. The settlement was granted final approval by the Hon. Richard H. DuBois on May 17, 2019.

- ***In re Snap, Inc. Securities Cases***, JCCP No. 4960 (Superior Court for the State of California, County of Los Angeles). Bottini & Bottini served as co-lead counsel in this shareholder class action relating to Snap's IPO. In January 2020, the case and a related action in federal court settled for a combined **$187.5 million, with $32,812,500 representing the state court settlement**. The Hon. Elihu M. Berle granted final approval of the settlement by Order dated March 9, 2021. The settlement represented the 97th largest securities class action settlement ever. See Sarah Jarvis, "Two Investor Settlements From 2021 Crack Top 100 List," Law360, Jan. 25, 2022 ("Robbins Geller, Kessler Topaz, Bottini & Bottini and Block & Leviton led the two investor class action settlements from 2021 that broke into the top 100 largest such settlements of all time, according to a report released Tuesday . . . the $187.5 million settlement involving social media giant Snap Inc. — led by Kessler Topaz Meltzer & Check LLP in the federal case and co-lead by Robbins Geller, Bottini &

Bottini and Block & Leviton in a related state action — ranks 97th.").

- ***Overbrook Capital LLC v. Aerogrow International, Inc***., Lead Case No. A-21-827665-B (Clark County, Nevada District Court). By order dated Feb. 18, 2021, the Court consolidated multiple pending class actions and appointed Bottini & Bottini, Inc. sole Lead Counsel for the Class. The Consolidated Complaint alleges that Defendants breached their fiduciary duties by fraudulently divesting the Company's minority shareholders of fair value for their stock in a self-interested transaction orchestrated by Defendant Scotts Miracle-Gro, the 80% majority owner of the Company. By order dated October 21, 2021, the Court upheld all Plaintiffs' claims against all Defendants. The Defendants petitioned the Nevada Supreme Court for review, which review was granted. By Order dated June 30, 2022, the Nevada Supreme Court ruled in Plaintiff's favor, and in the process confirmed the applicable standard for bringing "invalid merger" claims under Nevada law. *See* Aerogrow International, Inc. v. Eighth Judicial District of Nev., 511 P.3d 1035 (Nev. 2022). The case was certified as a class action by Order dated June 10, 2022 and notice was provided to the Class. The case is currently in the discovery phase and trial is scheduled for 2024.

- ***Dollens v. Goosehead Insurance, Inc***., C.A. No. 2022-1018-JTL (Delaware Chancery Court). In this shareholder class action filed in 2022, Plaintiffs, represented by Bottini & Bottini and Saxena White, alleged that in violation of DGCL Section 141(a), Goosehead's insiders adopted various shareholder agreements and terms in the company's governing documents that provided certain favored minority stockholders with contractual veto power over the most important decisions and functions properly entrusted to the Board under Delaware's corporate system, such as the hiring, firing, and compensation of the Company's CEO, CFO, and other most senior executive officers. The complaint also alleged that, in violation of Delaware common law principles recognizing "[t]he shareholders' right to vote includes the right to nominate a contesting slate," *Hubbard v. Hollywood*, 1991 WL 3151, at *8 (Del. Ch. Jan. 14, 1991), Goosehead provided the same favored minority stockholders with a contractual right to always designate the nominees for a majority of the seats on the Company's Board, including the Chair of the Board, so long as they continue to hold a mere 10% of the Company's total outstanding shares. As a result of Plaintiffs' efforts, the case was settled on August 8, 2023, with Goosehead agreeing to make significant changes to these agreements, including: (i) narrowing the consent rights provision of the Stockholders Agreement, (ii) clarifying the board nomination rights provision of the Stockholders Agreement, and (iii) adding a "fiduciary out" clause to both (collectively, the "Proposed Settlement"). The final approval hearing is set for Feb. 16, 2024 before the Hon. V.C. Laster.

- ***In re DRAM Antitrust Litigation***, MDL No. 1486 (N.D. Cal.). Mr. Bottini's prior firm, Wolf Haldenstein Adler Freeman & Herz LLP, served as Co-Lead Counsel for the Class, and Mr. Bottini was one of two lead partners for his firm on the case. After five years of litigation, **$325,997,000** in settlements was obtained for the Class from nine defendants in one of the largest and most complex civil antitrust class actions in the country. Mr. Bottini was involved in all aspects of the case from the filing of the first complaint in 2002 to the final approval of the settlements which occurred in August

2007.  Mr. Bottini was part of the trial team that was set to try the case against the two remaining defendants – Mosel Vitelic, Inc. and Nanya – when separate settlements with these last two defendants were reached on March 21, 2007, the day before oral argument was to be conducted on the motions in limine for trial.  On August 15, 2007, the Honorable Phyllis J. Hamilton granted final approval to the settlements, stating:

> I think I can conclude on the basis with my five years with you all, watching this litigation progress and seeing it wind to a conclusion, that the results are exceptional. The percentages, as you have outlined them, do put this [case] in one of the upper categories of results of this kind of [antitrust] class action. I am aware of the complexity . . . I thought that you all did an exceptionally good job of bringing to me only those matters that really required the Court's attention. You did an exceptionally good job at organizing and managing the case, assisting me in management of the case. There was excellent coordination between all the various different plaintiffs' counsel with your group and the other groups that are part of this litigation. . . . So my conclusion is the case was well litigated by both sides, well managed as well by both sides.

- ***In re Brocade Communications Systems, Inc. Derivative Litigation***, No. 1:05cv41683 (Cal. Super. Ct., County of Santa Clara).  Mr. Bottini was Co-Lead Counsel in one of the highest-profile cases in the country challenging the award of backdated stock options by executive officers of Brocade.  The case was filed in May 2005 and, on August 8, 2008, Mr. Bottini was retained as co-counsel to Brocade by the Special Litigation Committee of the Board of Directors to help litigate the company's claims against ten former officers and directors of the company.  An amended complaint was filed in federal court in San Francisco, and the case, *In re Brocade Communications Systems, Inc.*, No. 05-cv-2233 (N.D. Cal.), proceeded before the Honorable Charles R. Breyer in the United States District Court for the Northern District of California.  After litigation of the case for over five years, **over $24 million** was recovered for Brocade through the litigation.

- ***Hack v. Wright et al.***, Civil Action No. 4:14-CV-3442 (KPE) (United States District Court for the Southern District of Texas) ("In re Conns Inc. Shareholder Derivative Litig.").  Bottini & Bottini served as Lead Counsel in this shareholder derivative litigation that was filed in 2014.  By order dated July 22, 2020, Judge Palermo denied defendants' motion to dismiss with respect to Plaintiffs' breach of fiduciary duty claims.  *See Hack v. Wright*, 2020 U.S. Dist. LEXIS 179979 (July 22, 2020).  The case was fully litigated through discovery, and trial was set for Nov. 29, 2022.  Plaintiffs settled the case prior to trial for **$11 million**.  By Order dated March 15, 2022, Judge Ellison granted final approval of the settlement.

- ***In re Tintri, Inc. Securities Litigation***, Lead Case No. 17-CIV-04321 (Superior Court for the State of California, County of San Mateo).  Bottini & Bottini is Lead Counsel, along with Robbins Geller Rudman & Dowd, in this shareholder class action seeking damages relating to Tintri's IPO.

- ***Searles v. DeMartini et al. ("Capital Bank")***, C.A. No. 2020-0136-KSJM (Del. Ch. Court). Bottini & Bottini served as Plaintiffs' counsel, along with Bernstein Litowitz Berger & Grossmann LLP, in this stockholder class action alleging aiding and abetting breach of fiduciary duties related to the acquisition of Capital Bank Financial Corp. by First Horizon. Plaintiff alleged that Capital Bank's largest outside investor, Crestview Advisors, LLC, and its Board designee, Defendant Richard M. DeMartini ("DeMartini"), had not only initiated the sales process without Board approval, but had conflicts of interests in quickly closing a deal. By Order dated Jan. 20, 2021, Vice Chancellor McCormick denied in part the defendants' motion to dismiss. After engaging in discovery, the case settled in 2021 for **$23 million**.

- ***Houser v. CenturyLink, Inc.***, Case No. 2018CV30556 (District Court, Boulder County, Colorado). Bottini & Bottini is Lead Counsel in this shareholder class action brought under the Securities Act of 1933 regarding securities issued to stockholders in connection with the 2017 merger of Centurylink and Level 3 Communications. The trial court dismissed the complaint on a motion to dismiss and plaintiff appealed. On March 31, 2022, the Colorado Court of Appeal reversed the trial court's decision, holding that Plaintiff had adequately alleged facts to support a claim based on allegations about the company's practice of "cramming." See Houser v. Centurylink, 513 P.3d 395 (2022). The case was remanded to the trial court, where it is currently being litigated.

- ***In re King Digital Entertainment plc Shareholder Litig.***, Case No. CGC15544770 (Superior Court for the State of California, County of San Francisco, Judge Curtis E.A. Karnow). Bottini & Bottini was a member of the Plaintiffs' Executive Committee in the case, which was litigated in the Superior Court for the State of California, County of San Francisco. The case was brought under Sections 11 and 12 of the Securities Act of 1933 and alleged that the Registration Statement and Prospectus for the Company's IPO were false and misleading. In 2016, the case settled for $18.5 million. The court granted final approval of the settlement by order dated June 9, 2017.

- ***In re Castlight Health Inc. Shareholder Litig.***, Case No. CIV533203 (Superior Court for the State of California, County of Santa Clara). Bottini & Bottini was a member of the Executive Committee in this shareholder class action asserting claims under Sections 11 and 12 of the Securities Act of 1933. The complaint alleged that the Registration Statement and Prospectus for the Company's March 14, 2014 IPO were false and misleading. The case settled for $9.50 million. Judge Marie Seth Weiner, Chair of the Complex Litigation Department, approved the Settlement and entered Final Judgment on October 28, 2016.

- ***In re McKesson Corp. Stockholder Derivative Litig.***, C.A. No. 2017- 0736-SG (Del. Ch.). Bottini & Bottini served as one of the plaintiffs' counsel in this shareholder derivative litigation for a cash payment of $175 million, as well as significant corporate governance reforms designed to address the complaint's allegation that the Company had been damaged by regulatory fines and actions as a result of failure to properly comply with federal rules and regulations governing the sale of the

Bottini & Bottini, Inc. Firm Resume
Page 9

company's prescription opioid products.  Specifically, Plaintiff's complaint alleged that McKesson's directors failed properly to implement a Controlled Substance Monitoring Program (CSMP), as required by a settlement with the United States Department of Justice (DOJ) and Drug Enforcement Administration (DEA) in 2008. Plaintiffs' Delaware action was coordinated with a related action pending in the Northern District of California.  The settlement was approved and final judgment was entered on January 20, 2020.

- ***Plymouth County Retirement System v. Model N, Inc***., Case No. CIV530291 (Superior Court for the State of California, County of Santa Clara). Bottini & Bottini was one of three counsel for Plaintiffs in the case, which was brought in Santa Clara, California and alleged claims under Sections 11 and 12 of the Securities Act of 1933. The complaint alleged that the Registration Statement and Prospectus for the Company's March 23, 2013 IPO were false and misleading. Recently, the case settled for $8.55 million.  Judge Marie Seth Weiner, Chair of the Complex Litigation Department, approved the Settlement and entered Final Judgment on April 4, 2016.

- ***In re BOFI Holding, Inc. Shareholder Derivative Litig***., Case No. 15CV2722-GPC-KSC (United States District Court for the Southern District of California).  By Order dated June 9, 2016, the Hon. Gonzalo P. Curiel of the United States District Court for the Southern District of California appointed Bottini & Bottini as Lead Counsel over four related shareholder derivative actions brought on behalf of BofI Holding, Inc. Plaintiffs filed a Consolidated Amended Complaint on August 26, 2016. The Amended Complaint alleges that due to the misconduct of BofI's fiduciaries, BofI suffered from a myriad of internal-control and risk-management problems during the Relevant Period. According to the internal audits conducted by a former employee turned whistleblower named Erhart, BofI was making substantial loans to foreign nationals, including politically-exposed persons such as foreign officials in war zones, in potential violation of anti-money-laundering laws and other banking regulations. Contrary to BofI's representations to the Office of the Comptroller of Currency ("OCC"), hundreds of BofI accounts lacked required tax-identification numbers ("TIN"). By order dated August 8, 2017, the Court denied Defendants' motion to dismiss, and held that Plaintiff had adequately alleged "demand futility" with great particularity.  Later, the court granted a subsequent motion to dismiss.  Plaintiffs appealed and prevailed in part in the Ninth Circuit -- *In re BofI Holding, Inc. S'holder Litig*., 848 Fed. Appx. 234 (9th Cir. Feb. 25, 2021). The case was remanded to the district court, where defendants filed another motion to dismiss.  By order dated March 5, 2024, the Hon. Gonzalo Curiel denied the motion to dismiss without prejudice, stating that Plaintiffs had alleged new particularized facts demonstrating demand futility. *See  In re Bofi Holdings, Inc*., 2024 U.S. Dist. LEXIS 38599 (S.D. Cal. Mar. 5, 2024) (finding that "Plaintiff has supplemented his initial claims with information discovered in the course of the whistleblower action, including allegations regarding BofI's attempts following Erhart's termination to defame and harass Erhart with lawsuits. ECF No. 178 at 9 (sealed)" and rejecting Defendants' "attempt to brush aside Plaintiff's new allegations.").

- ***In re PG&E Corp. Shareholder Derivative Litig***., Case No. 3:16-cv- 00973-SI (United States District Court for the Northern District of California). Bottini & Bottini

was counsel for the Plaintiff in a shareholder derivative action involving Pacific Gas & Electric Corp in federal court in San Francisco. The case sought damages on PG&E's behalf and against current and former officers and directors of the Company due to the defendants' breaches of fiduciary duty related to pipeline safety at PG&E, including a deadly 2010 explosion in San Bruno, California. PG&E was ultimately indicted for obstruction of justice and violation of federal and state safety standards by the Department of Justice, and was later convicted on several counts.  In addition to filing the shareholder derivative case, Bottini & Bottini filed a case in California state court to enforce a shareholder inspection demand which sought company documents such as board of director minutes, and which documents were related to the alleged wrongdoing by the Company's officers and directors. In late 2016 and early 2017, the case and several related lawsuits in California state court were settled on highly favorable terms, including the payment of $90 million in cash by the defendants (and/or their insurance carriers) to PG&E, plus the enactment of very significant corporate governance reforms designed to avoid future harm to PG&E and its shareholders. On July 18, 2017, the California state court granted final approval to the settlement agreement.

- ***Cook v. McCullough (In re Career Education Shareholder Derivative Litig.)***, No. 11 C 9119 (N.D. Ill.).  Bottini & Bottini, Inc. was lead counsel for the plaintiff in this shareholder derivative action on behalf of Career Education Corporation against its officers and directors.  By order dated August 13, 2012, the Hon. John W. Darrah denied Defendants' motion to dismiss on demand futility grounds.  See 2012 U.S. Dist. LEXIS 114621 (N.D. Ill. Aug. 13, 2012).  Bottini & Bottini, Inc. settled the case on October 25, 2013 for a cash payment of $20 million and significant corporate governance reforms at Career Education.  By Order dated Jan. 28, 2014, Judge Darrah granted final approval to the settlement.

- ***In re FireEye Inc. Sec. Litig***., Case No. 1-14-cv-266866 (Superior Court for the State of California, County of Santa Clara, the Hon. Peter H. Kirwan). Bottini & Bottini served as co-counsel in this securities class action which asserted claims under the Securities Act of 1933 against FireEye Inc., its board of directors, and the underwriters who conducted a Secondary Offering of company stock on March 6, 2014. After surviving multiple motions to dismiss, defeating defendants' appeals seeking appellate review, and engaging in three years of litigation and discovery, the case settled in 2017 for $10.25 million.  Judge Kirwan issued an order granting final approval to the settlement on August 10, 2017.

- ***In re Facebook, Inc. Shareholder Derivative Privacy Litigation***, No. 4:18-CV-01792-HSG (N.D. Cal.).  Bottini & Bottini served as a member of Plaintiffs' Executive Committee in this shareholder derivative litigation on behalf of Facebook, Inc. relating to allegations that personal information of at least 50 million Facebook users was improperly shared with Cambridge Analytica in a major data breach.

- ***In re Southern California Gas Leak Cases***, JCCP No. 4861 (Superior Court for the State of California, County of Los Angeles). Bottini & Bottini was one of the counsel for plaintiffs in this shareholder derivative action on behalf of Sempra Energy relating

Bottini & Bottini, Inc. Firm Resume
Page 11

to losses suffered by the Company in connection with a massive natural gas leak at the Company's Aliso Canyon, California underground storage well, which has been described as one of the most devastating environmental disasters in U.S. history.

- ***In re Sanchez Energy Derivative Litig.***, C.A. No. 9132-VCG (Delaware Chancery Court).  Bottini & Bottini represented shareholders of Sanchez Energy Corp. in this shareholder derivative action, which alleged that the officers and directors of Sanchez Energy engaged in self-dealing and breached their fiduciary duties by engaging in transactions that benefitted themselves at the expense of the Company and its shareholders.  The complaint alleged that the Company's insiders own and controlled a privately held company named Sanchez Resources. Eduardo Sanchez, the son of Sanchez Jr. and brother of Sanchez III, established and ran Sanchez Resources, while both Sanchez Jr. and Sanchez III maintained equity interests in it. In August 2013, Sanchez Energy, with the Board's approval, agreed to purchase working interests in the Tuscaloosa Marine Shale ("TMS") from Sanchez Resources (the "Transaction"). Sanchez Energy purchased these working interests at a price seventeen times higher than other oil and gas companies have paid for similar interests in the TMS. The beneficiaries of this over-priced purchase were the Sanchez family. On August 15, 2017, the parties announced that they reached a settlement which is worth approximately $27.75 million. Under the terms of the Stipulation of Settlement, the directors of Sanchez Energy along with the directors of the company that sold it the mining interests will pay $11.75 million to Sanchez Energy, and the equity of the seller in Sanchez Resources, valued at more than $16 million, will be transferred to Sanchez Energy.

- ***In re Tibco Software, Inc. Stockholders Litig.***, C.A. No. 10319-CB (Delaware Chancery Court).  Bottini & Bottini was one of the counsels for plaintiffs in this shareholder class action lawsuit asserting claims for breach of fiduciary duty against Tibco's former offices and directors, and claims for aiding and abetting breach of fiduciary duty against Goldman Sachs, arising from the $4.2 billion sale of Tibco to Vista Equity Partners in 2014.  After hard-fought litigation, the case was settled in 2016 for $30.4 million.  On September 7, 2016, Chancellor Bouchard of Delaware Chancery Court approved the settlement, declaring it an "excellent outcome for the shareholders."

- ***In re American Apparel Shareholder Derivative Litig.***, Case No. BC443763 (Superior Court for the State of California, County of Los Angeles). Bottini & Bottini served as Plaintiffs' Lead Counsel in this shareholder derivative litigation on behalf of American Apparel and against its former officers and directors, including founder and CEO Dov Charney.  After the company filed for bankruptcy, the Litigation Trustee appointed by the bankruptcy court hired Bottini & Bottini to continue to pursue the claims, including the claims against Dov Charney, the former CEO of the Company who is alleged to have committed egregious sexual harassment of female employees at the company.  The case settled for a large payment to the Trustee.

- ***In re Sogou, Inc. Securities Litigation***, Lead Case No. 18CIV06699 (Superior Court for the State of California, County of San Mateo).  Bottini & Bottini served as Lead Counsel in this shareholder class action relating to Sogou's IPO.

- ***In re Pinduoduo Securities Litigation***, Case No. 18CIV04256 (Superior Court for the State of California, County of San Mateo). Bottini & Bottini served as Co-Lead Counsel in this shareholder class action seeking damages under the Securities Act of 1933 relating to Pinduoduo's IPO.

- ***In re PFF Bancorp, Inc. ERISA Litigation***, Master File No. 08-cv-1093 (C.D. Cal.). Mr. Bottini was one of the attorneys for plaintiffs in this ERISA class action, which alleged that defendants breached their fiduciary duties by continuing to allow plan participants to invest in the company's stock. The case settled for $3 million, plus the allowance of a $400,000 bankruptcy claim, after the company declared bankruptcy.

- ***In re General Growth Properties, Inc. ERISA Litig.***, Master File No. 08-6680 (N.D. Ill.). Mr. Bottini and Mr. Chang were members of Plaintiffs' Executive Committee in this ERISA class action litigation, which alleged that defendants breached their fiduciary duties by continuing to allow plan participants to invest in the company's stock. The case settled for $5.75 million in 2010. By Order dated December 9, 2010, the Hon. James B. Zagel of the United States District Court for the Northern District of Illinois granted final approval of the settlement.

- ***In re Terex Corp. ERISA Litig.***, Master File No. 3:10-cv-00006-RNC (D. Conn.). Bottini & Bottini was one of Plaintiffs' counsel in this class action lawsuit under ERISA, which alleged that defendants breached their fiduciary duties by continuing to allow plan participants to invest in the company's stock. The case settled for $2.5 million. Final approval of the settlement was entered by the Hon. Robert M. Chatigny of the United States District Court for the District of Connecticut on November 4, 2015.

- ***Robinson v. Audience***, No. 12-cv-232227 (Santa Clara, California Superior Court). Bottini & Bottini was one of the counsels for plaintiffs in this securities class action alleging claims for strict liability under the Securities Act of 1933, arising out of an allegedly false and misleading Registration Statement and Prospectus for Audience's IPO. By order dated September 3, 2013, Judge Kleinberg denied defendants' demurrer, denied defendants' motion to stay, and granted plaintiffs' motion to compel. Plaintiffs moved for class certification, which motion was granted by Order dated Jan. 16, 2015. The case was settled for $6,050,000. By Order dated June 10, 2016, the Court granted final approval to the settlement.

- ***Wiley v. Envivio, et al.***, No. CIV517185 (San Mateo, California Superior Court). Bottini & Bottini was one of the counsels for plaintiffs in this securities class action which asserted claims under the 1933 Act relating to Envivio's IPO. In March 2014, Judge Marie Seth Weiner overruled defendants' demurrer. Bottini & Bottini, Inc. assisted in procuring a settlement involving an $8.5 million cash payment which was approved by Judge Weiner on June 22, 2015.

- ***Snellink v. Gulf Resources, Inc.***, No. 11-cv-03722-ODW (C.D. Cal.). Bottini & Bottini, Inc. served as co-lead counsel for the plaintiffs in this securities fraud class action brought under the federal securities laws. By order dated May 15, 2012, the court denied Defendants' motion to dismiss. See 2012 U.S. Dist. LEXIS 67839 (C.D. Cal. May 15, 2012). Bottini & Bottini, Inc. procured a settlement involving a $2.125

million cash payment which was approved by the Honorable Otis D. Wright II on January 18, 2014.

- ***Diaz v. First American Home Buyers Protection Corp***., Case No. 13cv1585 BAS (JLB) (S.D. Cal.).  Bottini & Bottini was Co-Lead Counsel for the plaintiffs in this consumer class action case challenging the marketing and sale of home warranty plans by Defendant First American.  After the case was dismissed by the district court, Plaintiffs appealed and obtained reversal by the Ninth Circuit Court of Appeals.  *See Diaz v. First American Home Buyers Protection Corp*., 732 F.3d 948 (9th Cir. 2013) (holding that an unaccepted offer of judgment pursuant to F.R.C.P. 68 for full amount of plaintiff's damages does not moot a plaintiff's case; 9th Circuit refused to follow other circuits which had held to the contrary).

- ***In re General Growth Properties, Inc. ERISA Litigation***, No. 08 C 6791 (N.D. Ill.).  Mr. Bottini and Mr. Chang were members of Plaintiffs' Executive Committee in this class action under ERISA seeking recovery of losses to General Growth Properties, Inc.'s employee retirement savings plans.  Notwithstanding General Growth's filing for bankruptcy court protection, the Honorable James B. Zagel approved a settlement of $5.75 million on December 9, 2010.

- ***Schuh v. HCA Holdings, Inc***., No. 3:11-cv-01033 (M.D. Tenn.).  Bottini & Bottini was one of the counsel for the plaintiffs in this securities class action lawsuit seeking damages under the Securities Act of 1933 relating to HCA's IPO.  By order dated May 28, 2013, the Court denied defendants' motion to dismiss.  *See Schuh v. HCA Holdings, Inc*., 947 F. Supp. 2d 882 (M.D. Tenn. 2013).  By order dated September 22, 2014, the Court granted Plaintiffs' motion for class certification.  *See* Fed. Sec. L. Rep. (CCH) ¶98,187; 2014 WL 4716231 (M.D. Tenn.).  In November 2015, the case settled for $215 million.

- ***Karlin v. Alcatel***, No. SA CV 00-0214-DOC (C.D. Cal.).  Mr. Bottini represented investors who received a tender offer for their shares from Alcatel S.A., a French telecommunications company.  Mr. Bottini was the lead partner at his firm, Wolf Haldenstein Adler Freeman & Herz LLP, which served as Co-Lead Counsel for the Class.  After conducting broad-ranging discovery, including depositions in Paris and London, and defeating defendants' motion for summary judgment, the case settled for $10.5 million on the eve of trial.  *See* 2001 WL 1301216 (C.D. Cal. Aug. 13, 2001) (denying defendants' motion for summary judgment).

- ***In re Novastar Home Mortgage, Inc. Mortgage Lending Practices Litigation***, No. CV05-1677, MDL Docket No. 1677 (S.D. Ga.).  Mr. Bottini was one of the lead attorneys in this class action litigation under the Real Estate Settlement Procedures Act of 1974 ("RESPA").  After three years of litigation, Chief Judge William T. Moore entered a Final Judgment on September 18, 2007 approving a nationwide class action settlement of Plaintiffs' RESPA claims in which approximately $20 million in cash payments were made available to class members.

- ***Reyes v. Zynga, Inc.***,  Case No. CGC-12-522876 (San Francisco Superior Court).  Bottini & Bottini was co-lead counsel in this class action alleging violations of the Securities Act of 1933 on behalf of a class of investors who bought Zynga stock in

Bottini & Bottini, Inc. Firm Resume
Page 14

the company's Secondary Offering, which closed on April 3, 2012. Bottini & Bottini successfully had the case remanded to state court after being removed to federal court by defendants (see 2013 WL 5529754). In addition, by Order dated August 26, 2013, the Court denied defendants' demurrer on subject matter grounds and held that plaintiffs could bring their '33 Act federal claims in state court and that SLUSA did not eliminate concurrent jurisdiction in state and federal court for '33 Act claims. By order dated September 29, 2014, the Court denied defendants' demurrer as to the sufficiency of the complaint's allegations and denied defendants' motion to stay the action.

- ***In re SunPower Corp. Shareholder Derivative Litigation***, Master File No. C-09-05731 (N.D. Cal.). Bottini & Bottini served as Co-Lead Counsel in this shareholder derivative litigation in San Francisco, which involved accounting fraud and the restatement of the financial statements of SunPower Corporation. In October 2013, the case was settled in exchange for Sunpower's agreement to enact significant corporate governance reforms. By order dated August 22, 2014, the Court granted final approval to the settlement.

- ***In re Pacific Capital Bancorp Derivative Litigation***, No. CIVRS1340306 (Cal. Super. Ct., County of Santa Barbara). Mr. Bottini and his prior firm, Chapin Fitzgerald Sullivan & Bottini LLP, were Lead Counsel in this shareholder derivative action which alleged breaches of fiduciary duties by certain officers and directors of Pacific Capital Bancorp. By Order dated October 8, 2010, the Court denied defendants' demurrer and held that Lead Plaintiff had adequately alleged demand futility under California law. After two years of litigation, in which over a million pages of documents were produced and reviewed and certain legal issues were litigated in the court of appeal, a substantial settlement was reached in which significant corporate governance changes were made to the Company, including changes to provide greater Board independence and accountability, strict internal financial controls, significant and substantial revisions to PCBC's credit policies (including the establishment of a new Credit Administration Group, the restriction of lending authority to specified senior loan officers, and enhanced new appraisal guidelines), new requirements obligating any individual desiring to serve on PCBC's board to own a minimum amount of stock in the Company, annual review of the Company's Code of Ethics, a new corporate governance training program for PCBC directors, new procedures to handle internal and external complaints from whistleblowers, annual review of all committee charters, and a vigorous insider trading policy. By Order dated January 19, 2012, the Court granted final approval of the settlement and entered a final judgment.

- ***In re Herald, Primeo, and Thema Funds Securities Litigation***, No. 09 Civ. 0289 (RMB) (S.D.N.Y.). Bottini & Bottini, Inc. was Lead Counsel for the Thema Fund plaintiffs in this securities-fraud class action case under the PSLRA. The action was brought on behalf of all persons who invested in three Madoff "feeder funds" controlled by Bank Medici – the Herald, Primeo, and Thema funds. After a partial $62.5 million settlement was obtained from one of numerous defendants, the Court dismissed the case on forum non conveniens grounds and denied preliminarily approval of the settlement.

- ***In re Level 3 Communications, Inc. Securities Litigation***, No. 09-cv- 00200-PAB-CBS (D. Colo.).  Mr. Bottini and his prior firm, Johnson Bottini LLP, were Co-Lead Counsel in this securities-fraud class action asserting claims under Section 10(b) of the Securities Exchange Act of 1934.

- ***In re UCBH Holdings, Inc. Derivative Litig.***, No. CGC-09-492237 (San Francisco Superior Court).  Mr. Bottini and his prior firm, Johnson Bottini LLP, were Lead Counsel in this shareholder derivative action.  After the company declared bankruptcy, the Trustee asserted the claims contained in the lawsuit and eventually recovered $4 million from the defendants.

- ***In re Arena Resources, Inc. Shareholder Litigation***, No. CV10-01069 (Nev. Dist. Ct., County of Washoe).  Mr. Bottini and his firm (Johnson Bottini LLP) served as one of the counsels for Plaintiffs in this shareholder class action challenging the acquisition of Arena Resources by SandRidge Energy, Inc.  As a result of the prosecution of the action, SandRidge raised the cash portion of the merger consideration by $2.00 per share, reduced the duration of the matching rights period, amended the terms of the non-solicitation clause in favor of Arena, reduced the amount of termination fees payable by a party from $50 million to $39 million, made additional material financial disclosures to Arena's shareholders and extended the date of the shareholder meeting to vote on the merger.

- ***Bamboo Partners LLC v. The Robert Mondavi Corp.***, No. 26-27170 (Cal. Super. Ct., County of Napa).  Mr. Bottini represented the plaintiff common shareholders of the Mondavi Corporation in connection with the acquisition of the company by Constellation Brands, Inc.  Mondavi had a dual-class stock structure pursuant to which the common shareholders owned Class A shares and the Mondavi family members owned Class B shares. Plaintiffs alleged that the insider Class B Mondavi family members improperly received more consideration for their shares than the common Class A public shareholders.  The case was settled when defendants agreed to pay an additional $10.8 million to the Class A shareholder plaintiffs.

- ***In re Dole Shareholder Litigation***, No. B281969 (Cal. Super. Ct., County of Los Angeles).  In this mergers & acquisitions, going-private class action case, Mr. Bottini was one of two lead partners from his firm at the time (Wolf Haldenstein Adler Freeman & Herz LLP), which served as Co-Lead Counsel for the plaintiffs and was involved in all aspects of the litigation.  A $172 million settlement was obtained for the Class when the tender offer price was increased by $4 per share.

- ***In re Heritage Bond Litigation***, No. 02-MDL-1475-DT (C.D. Cal.).  In this class action bondholder litigation, which was ordered consolidated in Los Angeles by the Panel on Multidistrict Litigation, Mr. Bottini represented the outside director defendants.  After obtaining dismissal of most of the claims against the outside directors, Mr. Bottini obtained dismissal of the remaining claims against the outside directors for a combined payment of $102,500.  The other defendants not represented by Mr. Bottini paid $27 million to settle the case.  See 2005 U.S. Dist. LEXIS 13627 (C.D. Cal. June 10, 2005).

- ***Deane v. Tombros (In re NPS Pharmaceuticals Securities Litigation)***, No. 60913838 (Utah Dist. Ct., Salt Lake City).  Mr. Bottini and his firm, Johnson Bottini LLP, were Lead Counsel in this shareholder derivative action filed against current and former officers and directors of NPS Pharmaceuticals, Inc.  This matter was settled on terms that required the implementation of significant corporate therapeutic changes at NPS.

- ***In re American Express ERISA Litigation***, No. 08 Civ. 10834 (JGK) (S.D.N.Y.).  Mr. Bottini served as one of the lawyers representing the plaintiffs, who asserted class action claims under ERISA on behalf of plan participants due to breaches of fiduciary duties by the defendants.

## Biographies of Attorneys

### Francis A. Bottini, Jr.

Mr. Bottini practices in the areas of securities class actions, consumer and privacy/data breach class actions, mergers & acquisitions, antitrust class actions, shareholder derivative litigation, and ERISA class action litigation.  Prior to forming Bottini & Bottini, Inc., Mr. Bottini was a partner at several firms, including Chapin Fitzgerald & Bottini LLP, Johnson Bottini, LLP, and Wolf Haldenstein Adler Freeman & Herz LLP.  Mr. Bottini has successfully achieved numerous multi-million-dollar recoveries in securities, consumer, shareholder derivative, and antitrust class action cases throughout the country.  Mr. Bottini served as an Adjunct Professor of Business Law at the University of San Diego from 1995 to 1997. Mr. Bottini is a 1991 graduate of St. Louis University (B.A. *magna cum laude*), and the University of San Diego School of Law (J.D. *cum laude* 1994), where he was the Lead Articles Editor of the San Diego Law Review and received the American Jurisprudence Award in Property.  Mr. Bottini is admitted to practice before the United States Supreme Court, all California state and federal courts, the United States Court of Appeals for the Second, Fifth, Seventh, Eighth, Ninth, and Tenth Circuits, the United States District Court for Colorado, and the United States District Court for the Northern District of Illinois.  He is AV-rated by Martindale-Hubbell.

The following are some examples of Mr. Bottini's reported cases:

- *Aerogrow International, Inc. v. Eighth Judicial District of Nev.*, 511 P.3d 1035 (Nev. Supreme Court 2022).  By Order dated June 30, 2022, the Nevada Supreme Court ruled in Plaintiff's favor, affirming a district court order upholding all Plaintiffs' claims in a shareholder class action, and in the process confirmed the applicable standard for bringing "invalid merger" claims under Nevada law.  Bottini & Bottini is sole Lead Counsel in the case.

- *Diaz v. First American Home Buyers Protection Corp.*, 732 F.3d 948 (9th Cir. 2013) (holding that an unaccepted offer of judgment pursuant to F.R.C.P. 68 for full amount of plaintiff's damages does not moot a plaintiff's case; 9th Circuit refused to follow other circuits which had held to the contrary).

- *Wilhoite v. Xiaodi Hou*, 2024 U.S. Dist. LEXIS 12040 (S.D. Cal. Jan. 23, 2024) (order granting Plaintiffs' Motion for TRO to prevent company executives from transferring intellectual property to China).

Bottini & Bottini, Inc. Firm Resume
Page 17

- *Reyes v. Zynga, Inc.*, No. 12–05065 JSW, 2013 WL 5529754 (N.D. Cal. Jan. 23, 2013) (granting plaintiff's motion to remand claims brought under the Securities Act of 1933 to state court).

- *Cook v. McCullough*, No. 11 C 9119, 2012, U.S. Dist. LEXIS 114621, 2012 WL 3488442 (N.D. Ill. August 13, 2012) (denying motion to dismiss in shareholder derivative action brought on behalf of Career Education Corporation against its officers and directors for breach of fiduciary duty);

- *Snellink v. Gulf Resources, Inc.*, No. 11-cv-03722-ODW, 2012 U.S. Dist. LEXIS 67839 (C.D. Cal. May 15, 2012) (denying motion to dismiss in securities-fraud class action complaint);

- *Smith v. Apollo Group, Inc.*, No. CV-11-0722-PHX-PGR, 2012 U.S. Dist. LEXIS 3672 (D. Ariz. Jan. 11, 2012) (denying defendants' motion to stay shareholder derivative case pending completion of an internal investigation by a Special Committee of the Board of Directors and also denying a stay of the case until resolution of a related securities-fraud class action case);

- *Ferguson v. Corinthian Colleges, Inc.*, No. SACV 11-0127 DOC (AJWx), 2012 U.S. Dist. LEXIS 1358 (C.D. Cal. Jan. 5, 2012) (denying defendants' motion to stay case pending interlocutory appeal of order denying motion to compel arbitration as to plaintiffs' claims for injunctive relief under California Business & Professions Code §17200 et seq.); 2011 U.S. Dist. LEXIS 119261 (C.D. Cal. Oct. 6, 2011) (denying in part a motion to compel arbitration);

- *Rosendahl v. Bridgepoint Education, Inc.*, No. 11cv0061 WQH (WVG), 2011 U.S. Dist. LEXIS 119735 (S.D. Cal. Oct. 17, 2011) (denying in part motion to dismiss consumer class action complaint alleging fraud and misrepresentation by for-profit college);

- *Bottini v. City of San Diego*, 27 Cal. App. 5th 281 (2018) (affirming trial court's grant of mandamus in action to set aside City Council resolution due to the improper use of baseline in California Environmental Quality Act ("CEQA") appeal; successfully arguing that prior California Supreme Court opinion was abrogated in light of subsequent U.S. Supreme Court precedent);

- *Juen v. Alain Pinel Realtors, Inc.*, 32 Cal. App. 5th 972 (2019) (6th Dist.) (affirming denial of petition to compel arbitration; rejecting defendants' reliance on custom-and-habit evidence and post-contract-formation assent to arbitration);

- *Spracher v. Paul M. Zagaris, Inc.*, 39 Cal. App. 5th 1135 (2019) (1st Dist.) (affirming denial of petition to compel arbitration; concluding that plaintiff carried the heavy burden of proving that defendants waived the right to compel arbitration);

- *In re Fidelity Nat'l Home Warranty Co. Cases*, 46 Cal. App. 5th 812 (2020) (4th Dist.) (concluding, as a matter of first impression, that an order dismissing a class action without resolving class notice does not constitute an appealable judgment; reversing in part after concluding that the time between assignment to a coordination motion

judge and decision on petition for coordination must be excluded from the time to bring the case to trial);

- *In re Extreme Networks, Inc. Shareholder Derivative Litigation*, No. C-07- 02268-RMW, 2009 U.S. Dist. LEXIS 111445 (N.D. Cal. Nov. 17, 2009), reconsideration denied by, 2010 U.S. Dist. LEXIS 32685 (N.D. Cal. Apr. 2, 2010) (denying motion to dismiss and upholding shareholder derivative complaint, finding that plaintiff had adequately alleged demand futility under Federal Rule of Civil Procedure 23.1);

- *In re Brocade Communications Systems, Inc. Derivative Litigation*, 615 F. Supp. 2d 1018 (N.D. Cal. 2009) (denying in part and granting in part motion to dismiss in shareholder derivative action, after Mr. Bottini was retained by the Company's Special Litigation Committee and an amended complaint was filed on behalf of the Company);

- *In re Dynamic Random Access Memory Antitrust Litigation*, No. M 02-1486, 2006 U.S. Dist. LEXIS 39841 (N.D. Cal. June 5, 2006) (granting motion for class certification in direct purchaser antitrust class action involving DRAM computer memory);

- *Karlin v. Alcatel*, No. SA CV 00-0214-DOC, 2001 WL 1301216 (C.D. Cal. Aug. 13, 2001) (denying defendants' motion for summary judgment);

On April 18-20, 2005, Mr. Bottini gave a presentation on Securities Class Action Litigation at the 2nd Annual CFO Forum in Seoul, South Korea.

### Albert Y. Chang

Mr. Chang specializes in representing shareholders and consumer in class actions. He also has extensive experience litigating privacy, data breach, and *qui tam* cases, and has substantial experience handling appeals.

Before joining Bottini & Bottini, Inc. in 2009, Mr. Chang had over ten years of experience in federal litigation. He served as a judicial law clerk to United States District Judge Suzanne B. Conlon for the Northern District of Illinois and to United States District Judge Roger T. Benitez for the Southern District of California.

In addition to his judicial clerkships, Mr. Chang litigated complex cases on behalf of both plaintiffs and defendants. He prosecuted securities and ERISA class actions on behalf of shareholders. He also defended executives, energy companies, insurers, and trade associations for six years at the New York office of Dewey & LeBoeuf LLP, where he focused on litigating high-stakes cases and conducting corporate internal investigations.

A member of the New York and California bars, Mr. Chang is admitted to practice in numerous federal trial and appellate courts. He is a graduate of Beloit College (B.A. 1997) and Indiana University School of Law-Bloomington (J.D. 2001). He is fluent in Cantonese and Mandarin.

### Michelle Ciccarelli Lerach

Ms. Lerach is a 1993 graduate of the University of Kentucky School of Law and is admitted to the

Bottini & Bottini, Inc. Firm Resume
Page 19

Kentucky and California bars. Ms. Lerach has dedicated her life to fighting for those without enough voice, from fighting for immigrants' rights as a young law student to serving as partner/Of Counsel to the nation's largest plaintiff's firms, representing shareholders, workers, and consumers in a broad range of complex and class-action litigation for fraudulent business practices, human rights abuses, and labor and employment violations.

After graduating from the University of Kentucky College of Law, Ms. Lerach served as law clerk to the Honorable Sara Walter Combs, Kentucky Court of Appeals, and practiced

law in Lexington (Newberry, Hargrove & Rambicure, PSC) and Louisville (Greenbaum, Doll & McDonald, LLP) before relocating to California in 1999.

In California, she joined Milberg Weiss and was a lead litigator in many cases, including *Does I v. The Gap, Inc.*, Case No. 01-0031 (D.N. Mariana Islands), a case on behalf of approximately 25,000 sweatshop workers against leading clothing manufacturers, which successfully concluded with a $20 million settlement and a precedent-setting Monitoring Program to oversee labor and human rights practices in Saipan's garment factories. During her time at the firm and successor firms, she also worked on cases on behalf of the Sierra Club & the International Brotherhood of Teamsters (cross-border trucking), as well as a number of high-profile securities class actions such as Enron ($7.3 billion recovered) and coordinated private actions like WorldCom. In 2008, she received the Consumer Attorneys of California, Women's Law Caucus Award as Outstanding Consumer Advocate.

Ms. Lerach's passion for law intersects with activism both in her pro bono work and in her teaching: she worked as a consultant to the Liberian Ministry of Gender & Development with respect to that country's proposed constitutional revisions, specifically as relates to gender neutrality; an outspoken critic of current GMO labeling policy, she was involved in the 2012 California ballot initiative to label GMOs (Prop 37), organizing university forums and debating opponents of the measure in San Diego, and served on the steering committee of Californians for GE Labeling, which spearheaded the renewed effort to achieve GMO labeling in California in 2016; and she is an advocate for sustainable farm internship programs, and was chosen as one of San Diego Magazine's 50 People to Watch 2011 for this work.

Ms. Lerach speaks regularly at a number of institutions, including previous presentations at the Buchmann Faculty of Law at Tel Aviv University (regarding the recently adopted Israeli class-action statute), Cornell University Law School (Joint JD/MBA Program), the University of Kentucky College of Law (Randall-Park Colloquium), and most recently the University of San Diego, moderating panels on Ethical Eating and Water Matters (in conjunction with the Changemaker Challenge) and the Future Thought Leaders series on behalf of the Berry Good Food Foundation on UCTV, for which she has received four San Diego Press Club Excellence in Journalism Awards. She was the author of "Improving Corporate Governance Through Litigation Settlements," Corporate Governance Review.

Ms. Lerach serves as the Vice Chair of the Board of the University of California Press Foundation, focused on progressive scholarship; a member of the Advisory Board of the Women Peacemakers Program at the Kroc Institute for Peace & Justice at the University of San Diego; an Advisor to Kiss the Ground, devoted to promoting regenerative agriculture, connecting sustainable agricultural practices to the larger issue of climate change, and Executive Producer

Bottini & Bottini, Inc. Firm Resume
Page 20

to a documentary film of the same name slated for release 1/18; and Founder/President of the Berry Good Food Foundation.

Ms. Lerach is currently serving as one of the lead counsel in *Mayberry et al., Derivatively as members and Beneficiaries of Trust Funds on behalf of the Kentucky Retirement Systems v. Aldridge et al*, CASE No. 2019-CA-000043-OA (Circuit Court, Franklin, Kentucky), a derivative action seeking to recover billions of dollars in losses sustained by the Kentucky Retirement System due to wrongdoing committed by KKR, Blackstone, and various individual defendants.

### Nina M. Bottini

Nina M. Bottini is a 2001 graduate of Heinrich-Heine-University School of Law, Dusseldorf, Germany, and received an LL.M. degree (Masters in Comparative Law) from California Western School of Law in 2006. Ms. Bottini specializes in securities class action litigation, ERISA class action litigation, antitrust, securities, and shareholder derivative actions.

Her representative cases include In re DRAM Antitrust Litigation, MDL No. 1486 (N.D. Cal.), and *In re Brocade Communications Systems, Inc. Deriv. Litig.*, No. 1:05cv41683 (Cal. Super. Ct., County of Santa Clara).

### Aaron P. Arnzen

Aaron P. Arnzen is a 2001 graduate, with honors, of the University of North Carolina, Chapel Hill, School of Law, and a 1994 graduate of the University of Cincinnati, where he graduated summa cum laude with a degree in Business Administration. While at UNC, Mr. Arnzen served as an Articles Editor for the Law Review. His articles include U.S. v. Dickerson: A Case Study in Executive Constitutional Interpretation, 78 N.C. L. REV. 1153 (2000). Mr. Arnzen was certified as a public accountant by the Ohio Board of Accountancy (license currently inactive). He is admitted to California State Bar; District of Columbia Bar; Ninth Circuit Court of Appeals; and the United States District Courts for the Southern, Central, and Northern Districts of California.

Prior to joining Bottini & Bottini, Mr. Arnzen worked at the United States Attorneys Office for the Southern District of California, where he served as the Chief of the Major Frauds and Public Corruption Section, prosecuting and leading investigations of white-collar crime, primarily related to securities fraud. Mr. Arnzen handled cases focused on market manipulation, insider trading, mortgage fraud, and government procurement fraud. Prior to his tenure at the U.S. Attorneys Office, Mr. Arnzen worked at the United States Securities and Exchange Commission, Division of Enforcement, New York, NY and San Francisco, CA, as Trial Counsel from October 2011 to May 2015. While at the SEC, Mr. Arnzen acted as the primary SEC enforcement attorney dedicated to the investigation of Bernard Madoff and his co-conspirators. He also litigated and investigated cases focusing on high frequency trading, asset management, broker-dealer practices, accounting fraud, Ponzi schemes, and manipulative trading.

### Anne Bottini Beste

Ms. Beste is of counsel to Bottini & Bottini, Inc. She practices complex civil litigation, with an emphasis in consumer, shareholder, and privacy class actions. She is a 1992 graduate of Northwestern University School of Law. She received her undergraduate degree in 1989 from

Bottini & Bottini, Inc. Firm Resume
Page 21

Boston College, where she was Phi Beta Kappa and graduated *magna cum laude* with a B.A. in Economics. From 1996 to 2001, Ms. Beste practiced complex civil litigation at Swidler Berlin Shereff Freidman, LLP in Washington, D.C. Her practice at Swidler Berlin included employment litigation, environmental litigation, and trade secret litigation. Ms. Beste is admitted to practice in Washington, D.C., Missouri, Illinois, and California.

### Stephanie M. Ammirati

Ms. Ammirati is a paralegal specializing in complex civil litigation, consumer class actions, and shareholder derivative litigation. Before joining the firm in 2010, Ms. Ammirati developed a legal career as an attorney in both private practice and government service. She is a member of the Washington State Bar Association as well as the Idaho State Bar, and has an extensive range of experience in civil litigation.

Between 2006 and 2010 Ms. Ammirati served as a Deputy Attorney General at the Office of the Attorney General for the State of Idaho. Before her appointment as a Deputy Attorney General, Ms. Ammirati had nine years of experience in civil litigation while in private practice in Seattle. Additionally, she devoted time to volunteer work in the community by serving as a Court-Appointed Special Advocate (CASA) for many years. She also assisted domestic violence victims by providing pro bono legal services at the New Beginnings Family Law Clinic, and was a Board of Trustees Member of the FRIENDS of CASA.

Ms. Ammirati received her Juris Doctor from Loyola Law School where she graduated on the Dean's List and was the recipient of the Wiley W. Manuel Award for Pro Bono Legal Services. While in law school, she developed her legal skills through Loyola's externship programs, performing clinical work at the Civil Appellate Division of the Los Angeles City Attorney's Office, the Maynard Toll Pro Se Counseling Center, and the Alliance for Children's Rights. Ms. Ammirati received her Bachelor of Arts degree from Pepperdine University where she graduated *summa cum laude* and was awarded Valedictorian of her class.

### Shelby Ramsey

Ms. Ramsey has ten years of experience as a complex litigation paralegal, primarily in plaintiffs' securities class actions, mergers and acquisitions, ERISA matters, shareholder derivative actions, and consumer and employee class action litigation.

Ms. Ramsey earned a Bachelor of Arts degree in Legal Studies, with a Minor in Speech Communications, in 2006 from Chapman University. She received her American Bar Association-approved Paralegal certificate from the University of San Diego in 2007.