**LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
Elizabeth J. Cabraser (SBN 83151)
ecabraser@lchb.com
Michael W. Sobol (SBN 194857)
msobol@lchb.com
Melissa A. Gardner (SBN 289096)
mgardner@lchb.com
Jallé Dafa (SBN 290637)
jdafa@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: 415.956.1000

*Attorneys for Richard Roe, John Q. Public, and the Proposed Class (Case No. 24-2319)*

**ROBBINS GELLER RUDMAN & DOWD LLP**
Dorothy P. Antullis (*pro hac vice*)
dantullis@rgrdlaw.com
Stuart A. Davidson (*pro hac vice*)
sdavidson@rgrdlaw.com
Lindsey H. Taylor(*pro hac vice*)
ltaylor@rgrdlaw.com
Alexander C. Cohen (*pro hac vice*)
acohen@rdrglaw.com
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
Telephone:  561/750-3000

*Attorney for Plaintiffs John Doe, Richard Roe, John Q. Public, and the Class (Case Nos. 23-05717 and 24-2319)*

[Additional Counsel listed on signature page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: In RE: 23ANDME, INC. CUSTOMER DATA SECURITY BREACH LITIGATION | MDL No. 3098 |
| | No. 3:23-cv-05147-EMC |
| MONICA SANTANA, et al,<br><br>                    Plaintiffs,<br><br>V.<br><br>23ANDME, INC.,<br><br>                    Defendant | **MOTION TO APPOINT DOROTHY P. ANTULLIS OF ROBBINS GELLER AND MELISSA A. GARDNER OF LIEFF CABRASER AS PLAINTIFFS' CO-LEAD COUNSEL AND INTERIM CLASS COUNSEL UNDER FED. R. CIV. P. 23(g)**<br><br>Judge:  Hon. Edward M. Chen<br>Courtroom:  5, 17th Floor |

Table of Contents

Page

I.      INTRODUCTION ...................................................................................................... 1

II.     ARGUMENT ............................................................................................................. 2

        A.      We and our firms bring directly relevant leadership experience. .......................... 3

                1.      Dorothy Antullis—Robbins Geller .............................................................. 3

                2.      Melissa Gardner—Lieff Cabraser .............................................................. 5

        B.      We bring unmatched resources to effectively litigate this case. ........................... 7

        C.      Our long-time successful partnership ensures efficiencies will be
                maintained. .......................................................................................................... 9

        D.      Our work in the case thus far makes us well positioned to lead this case. ............ 9

        E.      Our proposed case plan is appropriate to the unique aspects of this case. ........... 10

III.    CONCLUSION ........................................................................................................ 12

Pursuant to the Court's Order on Interim Class Counsel (ECF No. 78), Dorothy Antullis of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Melissa Gardner of Lieff Cabraser Heimann & Bernstein, LLP ("Lieff Cabraser") respectfully apply to serve as Co-Lead Counsel in *In re 23andMe, Inc., Customer Data Security Breach Litigation*, No. 24-md-3098-EMC.

This data breach involves criminals exfiltrating the immutable genetic information of millions of people in two ethnic groups—Chinese and Ashkenazi Jews—who are at heightened risk of discrimination and hate crimes, making it unique among data breaches. Class members would benefit from our efficient leadership as co-leads, backed by our firms' respective, and highly successful privacy groups, and our unique experience protecting class members against serious and threatening dignitary harms like those inflicted on 23andMe's customers. Our two firms have successfully worked together in numerous class actions. We appreciate, and will undertake, the commitment necessary for effective leadership in this important case. Informed by our work on this litigation and past experience, we understand that this case calls for efficient leadership. Our two firms possess the resources, the experience, and the ability to prosecute this case together, on an aggressive schedule, to resolve it if possible and to try it if necessary, and to tailor the relief to remedy, now and in the future, the serious threats to privacy and security our class members, whose identities have literally been weaponized, are facing.

## I. <u>INTRODUCTION</u>

This MDL sits at the crossroads of cybersecurity, personal security, and society's evolving understanding of the risks of genetic information. It is unique and important in myriad ways, including not only the breach at issue, but 23andMe's request to mediate prior to the appointment of leadership, and the strong, but vastly differing, opinions held by experienced plaintiffs' law firms as to how resolution should be approached, if at all. These circumstances place a premium on the appointment of experienced and measured leadership to make the hard decisions. In our humble opinion, informed by our firms' experience litigating some of the nation's most impactful and innovative cases, appointment to a position of leadership is not only a privilege and honor, but a profound responsibility; one that we  commit the full measure of our resources to undertake.

We deeply value and respect many of the lawyers and law firms vying for leadership here,

1   we have worked with them and would gladly do so here. Our two firms chose to move jointly for

2   appointment as Interim Co-Lead Class Counsel because we have done so successfully, efficiently,

3   and expeditiously, in complementary ways and in many types of cases in the past decade but also

4   because we are, frankly, disappointed by the way the early process has played out. Regardless of

5   which firms self-appointed themselves as leads in this MDL – before it was even an MDL – we

6   strongly believe that Robbins Geller and Lieff Cabraser are the right choice to guide this litigation.

7   **II.     ARGUMENT**

8          The gravamen of our application is two-fold: ***First***, Robbins Geller and Lieff Cabraser

9   bring significant experience in MDLs generally, and unique experience in data breach and privacy

10  cases in particular. We have worked cooperatively and successfully with each other, and with

11  many of the other applicants. Our firms are very proud of our accomplishments together, including

12  recently obtaining an excellent result in jointly representing the City and County of San Francisco

13  in a trial against prescription opioid manufacturers and dispensers in front of Judge Breyer, in

14  Opioids litigation generally, and in major environmental/consumer/public interest cases such as

15  VW "Clean Diesels." We believe in, and strive to enable, meaningful class participation. *See*

16  Elizabeth J. Cabraser and  Samuel Issacharoff, *The Participatory Class Action*, 92 N.Y.U. L. REV.

17  846 (2017). We are ready, willing, and able to provide Class members with exceptional counsel

18  and to put our substantial human, financial, and technical resources to work to achieve a

19  commendable result.

20          ***Second***, we feel strongly that this case is unlike other cases. We are concerned about the

21  risks to class members of Ashkenazi Jewish descent, like our clients Plaintiffs Doe, Roe, and

22  Public, whose Jewish ethnicity was targeted by criminals and disclosed while Jews worldwide

23  faced increased hate crimes and violence following Hamas' October 7, 2023 attack on Israel.

24  Equally concerning, given the recent and ongoing rash of anti-Asian hate crime, is the fact that

25  criminals targeted and disclosed the genetic information of class members of Chinese descent. We

26  are committed to representing class members zealously, but we will always do so with the utmost

27  professionalism and respect towards our fellow plaintiffs' firms, defense counsel, and the Court.

28  We would be honored to receive this Court's appointment.

### A.    We and our firms bring directly relevant leadership experience.

We respectfully submit that our collective data breach, discrimination, and civil rights experience makes our two firms uniquely situated to lead this litigation. With respect to data breach litigation, our two firms have driven the law on critical issues such as demonstrating Article III standing, proving a defendant's failure to meet industry standards, establishing causation between exfiltrated data and class member injuries, and measuring damages through leading experts. This case requires experience beyond just the important data breach experience that many other applicants can offer, due to the dignitary harm and discrimination that class members face now that their immutable and highly personal genetic data has been paraded around the criminal marketplace. We respectfully submit, as detailed below and supported by the accompanying exhibits to our Joint Declaration, that our two firms bring the diversity and breadth of experience needed to best represent the Class.

### 1.    Dorothy Antullis—Robbins Geller

Ms. Antullis is a 2003 Columbia Law School graduate and partner at Robbins Geller, who has quickly proven herself to be an incisive, driven, and effective leader. Selected by *LawDragon* as a Leading Litigator in America in 2024, she has served in court-appointed (and *de facto*) leadership positions in several recent cases. These include *In re Luxottica of Am., Inc., Data Breach Litig.*, No. 1:20-cv-00908-MRB (S.D. Ohio) (interim class counsel in medical data breach class action; settlement pending); *Desue v. 20/20 Eye Care Network, Inc.*, No. 0:21-cv-61275-RAR (S.D. Fla.) (liaison counsel; over $3 million secured in medical data breach); *In re: Allergan Biocell Textured Breast Implant Prods. Liab. Litig.*, MDL 2921 (PSC member); and *Zimmerman v. The 3M Co.*, No. 1:17-cv-01062 (W. D. Mich.) (PEC member; $54 million settlement for class of Michigan homeowners whose property was allegedly contaminated with PFAS). Recently, Ms. Antullis performed substantial work in two of the nation's largest and most complex MDLs: *In re Nat'l Prescription Opiates*, MDL No. 2804 (N.D. Ohio), and *In re McKinsey & Co., Inc., Nat'l Prescription Opiate Consultant Litig.*, MDL No. 2996 (N.D. Cal.). In *Opiates*, Ms. Antullis was part of the trial team in 2022, with Lieff Cabraser, that secured a trial verdict from Judge Breyer for the City and County of San Francisco against Walgreens and over $267 million in settlements.

Moreover, as an integral part of Robbins Geller's long history of successful privacy, data breach, and consumer class action cases, Ms. Antullis has the necessary subject matter expertise to co-lead this MDL and to assist the Court in efficiently and effectively handling this litigation. She and her partner, Stuart A. Davidson, helped to secure a $117.5 million recovery in *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 5:16-md-02752 (N.D. Cal.) (Koh, J.); with 500 million victims, it is still the largest data breach in history. Moreover, she, and Mr. Davidson, have represented medical data breach victims, another group who have had their upmost private information taken, including recently in, *e.g.*: *In re Solara Med. Supplies Data Breach Litig.*, No. 3:19-cv-02284 (S.D. Cal.) (Huff, J.) (secured $5 million for 114,000 medical data breach victims); *Desue v. 20/20 Eye Care Network, Inc.*, No. 0:21-cv-61275-RAR (S.D. Fla.) (ECF No. 100); and *Beck v. N. Broward Hosp. Dist.*, No. CACE-22-000803 (Fla. 17th Cir. Ct.) (ongoing litigation with Norman Siegel on behalf of 1.2 million medical data breach victims).

Ms. Antullis is supported by the well-resourced and accomplished Robbins Geller attorneys specializing in privacy cases. Of note, Stuart Davidson has held numerous leadership roles in data breach and privacy cases over the past twenty years. Mr. Davidson is considered by many – plaintiffs' counsel, defense counsel, and judges alike – to be not only a preeminent expert in date breach and privacy class actions, as demonstrated by his work in *Yahoo!*, *Solara*, *Facebook Biometric*, and *Kehoe*, but an intelligent, trustworthy, and highly professional attorney.

Robbins Geller associate Alex Cohen currently serves on the court-appointed Leadership Development Committees in *In re Indep. Living Sys. Data Breach Litig.*, No. 1:23-cv-21060-KMW (S.D. Fla.), a nationwide data breach involving sensitive health information, and *In re Zantac (Ranitidine) Prods. Liab. Litig.*, No. 9:20-md-02924-RLR (S.D. Fla.). Before joining Robbins Geller, Mr. Cohen served as a law clerk to the Honorable Lisette M. Reid at the United States District Court for the Southern District of Florida.

Ms. Antullis will also draw on the knowledge and support of Michael A. Troncoso, Of Counsel at Robbins Geller, and partner Lea Malani Bays. Mr. Troncoso has extensive experience in data protection matters as former chief counsel to the Attorney General of California and as managing counsel for health affairs and technology law at the University of California ("UC")

MOTION TO APPOINT PLAINTIFFS' CO-LEAD &
INTERIM CLASS COUNSEL
CASE NO. 3:24-MD-03098

system. Ms. Bays is one of the nation's foremost experts in ESI and a member of the Sedona Conference Working Group 1 Steering Committee (the leader in developing e-discovery best practices), among other prestigious e-discovery positions.

Additionally, Ms. Antullis is supported by the entire firm of Robbins Geller with its long history of litigating and successfully resolving complex privacy cases – often firsts or largest-of-their-kind, and securing record-breaking awards, including:

- *Kehoe v. Fidelity Federal Bank & Tr.*, No. 9:03-cv-80593-DTKH (S.D. Fla.) (Hurley, J.) (In one of the nation's earliest privacy class actions, Robbins Geller served as class counsel securing a $50 million recovery on behalf of half-a-million Florida drivers against a national bank for alleged violations of Driver's Privacy Protection Act);

- *In re Facebook Biometric Info. Privacy Litig.*, No. 3:15-cv-03747-JD (N.D. Cal.) (Donato, J.) (Robbins Geller served as class counsel with Edelson PC on behalf of Facebook users who had their biometric information taken without consent and reached a $650 million cash, non-reversionary fund while petition for certiorari was pending before the Supreme Court, the then-largest ever privacy class action recovery);

- *In re American Med. Collection Agency, Inc. Customer Data Sec. Breach Litig.*, No. 2:19-md-02904-MCA-MAH (D.N.J.) (Arleo, J.) (interim co-lead counsel representing class of over 10 million LabCorp customers who had their medical information taken);

- *In re American Fin. Res., Inc. Data Breach Litig.*, No. 2:22-cv-01757-MCA-JSA (D.N.J.) (Cox Arleo, J.) (co-lead counsel; settlement pending);

- *In re Fortra Tile Transfer Software Data Security Breach Litig.*, No. 1:24-md-03090 (S.D. Fla.) (Ruiz, J.) (co-lead counsel representing millions of Aetna patients).

### 2. <u>Melissa Gardner—Lieff Cabraser</u>

Ms. Gardner is a 2011 Harvard Law School graduate and partner in Lieff Cabraser's Cybersecurity & Data Privacy practice group. She is a pioneering advocate for personal rights and dignity, with a particular focus on protecting consumers' privacy and dignitary rights in the Internet age. She was named a Rising Star for Northern California by *Super Lawyers* each year from 2017-2023, selected by *Best Lawyers* for "Ones to Watch" each year since 2021, named one of *LawDragon*'s "500 Leading Plaintiff Consumer Lawyers in America," and serves on Law360's Privacy & Cybersecurity Advisory Board.

As a core member of Lieff Cabraser's Cybersecurity & Privacy Group, Ms. Gardner has the subject matter expertise, and the experience necessary to chart an efficient, productive, and

creative path for this litigation. Her past work spans across data breach, consumer protection, and internet privacy litigation. For example, Ms. Gardner was a member of Lieff Cabraser's team in *In re Anthem Data Breach Litig.*, No. 15-md-2617 (N.D. Cal.) (Koh, J.), which secured a $115 million settlement and injunctive relief targeting Anthem's cybersecurity practices for more than 80 million breach victims. She was a key part of the team with co-counsel at Keller Rohrback in *In re Theranos, Inc. Litig.*, No. 16-cv-2138 (D. Ariz.) (Campbell, J.), which secured a $44 million class settlement after summary judgment to resolve claims for medical battery and violation of dignitary rights. In *In re Plaid Privacy Litig.*, No. 20-cv-3056 (N.D. Cal.) (Ryu, J.), Ms. Gardner and her team recovered $58 million and injunctive relief for online financial privacy violations. In *In re Google Location History Litig.,* No. 18-cv-5062 (N.D. Cal.) (Davila, J.), Ms. Gardner was instrumental in securing a $62 million settlement and injunctive relief to address violations of location privacy, which gained final approval earlier today, and in *In re Google Street View Elec. Comms. Litig.*, MDL No. 2184 (N.D. Cal.) (Breyer, J.), she helped achieve a $13 million settlement to resolve claims against Google for collecting Wi-Fi data from home networks through its Street View Vehicles. *See also*, e.g., *In re Intuit Data Litig.*, No. 15-1778 (N.D. Cal.) (Davila, J.) (injunctive relief for claims arising from unauthorized account takeovers on TurboTax software).

Ms. Gardner will be assisted by the firm's privacy team, as well as Elizabeth Cabraser, particularly on class issues and case management. Ms. Cabraser, a founding partner of Lieff Cabraser, upheld the privacy claims of the class in the *Google Street View* MDL on appeal in the Ninth Circuit, and has served as lead counsel in numerous MDLs nationwide and in this district, in particular *In re: Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, MDL No. 2672 (N.D. Cal.) (Breyer, J.), where she, as sole lead, and with the support of Robbins Geller, secured more than $17 billion for consumers. She also was appointed lead counsel in the ongoing *In re McKinsey & Co., Inc., Nat'l Prescription Opiate Consultant Litig.*, MDL No. 2996 (N.D. Cal.) (Breyer, J.), which includes several class and group settlements, and in *Fiat Chrysler Dodge Jeep Ecodiesel Litig.*, MDL No. 2777 (N.D. Cal.) (Chen, J.) resolved in 2019 for $307.5 million.

Lieff Cabraser attorney Michael Sobol, the group's Chair, will also bring his vast privacy expertise to this case. Mr. Sobol served on the Steering Committee in *Anthem* and served as co-

1  lead counsel in *Corona v. Sony Pictures Entertainment, Inc.*, 2:14-cv-9660 (N.D. Cal.) (Klausner,

2  J.), a data breach concerning employees' personal information which settled for injunctive

3  measures strengthening defendant's cybersecurity. His work on data privacy cases led to his being

4  named a Cybersecurity & Privacy MVP by *Law360* in 2017 and Top California Cybersecurity

5  Lawyer by *Daily Journal* in 2018. Sean Petterson, another partner in the group, brings key data

6  breach experience to bear. He currently works on two major data breach litigations, *In re Marriott*

7  *International Customer Data Security Breach Litigation*, MDL No. 19-md-2879 (D. Md.) (Bailey,

8  J.) (class certified and on appeal to the Fourth Circuit) and *In re American Med. Collection Agency,*

9  *Inc. Customer Data Sec. Breach Litig.*, No. 2:19-md-02904 (D.N.J.) (along with Robbins Geller),

10  as well as cases involving the protection of individuals' immutable characteristics under the Illinois

11  Biometric Information Privacy Act.

12          We respectfully submit that Lieff Cabraser's data privacy and data breach work rivals any

13  other applicant's. Even more importantly, this case would be a continuation of Lieff Cabraser's

14  steadfast commitment to effectively redressing violations of class members' dignitary rights and

15  their rights against unfair and harmful business practices. To take just two examples, in *In re*

16  *Holocaust Era German Industry, Bank & Insurance Litigation*, MDL No. 1337 (S.D.N.Y.), Lieff

17  Cabraser brought claims by classes of Holocaust survivors and the heirs of Holocaust survivors

18  against banks and private manufacturers and corporations who looted the assets of Jews and other

19  minority groups and settled those claims for more than $6 billion in total. More recently, Lieff

20  Cabraser, with particular help from Jallé Dafa, who will work with Ms. Gardner on this case,

21  brought claims under the CARES Act in *Scholl v. Mnuchin*, 20-cv-5309 (N.D. Cal.) (Hamilton, J.)

22  to seek immediate relief on behalf of 2 million incarcerated Americans who had their benefits

23  improperly withheld. This case resulted in nearly $1.5 billion in economic assistance on behalf of

24  a purposefully disenfranchised group in the depths of the recent pandemic.

25          **B.**      **We bring unmatched resources to effectively litigate this case.**

26          Robbins Geller and Lieff Cabraser's resources are unmatched in the plaintiff's bar. Robbins

27  Geller is the largest class action firm in the world, with approximately 200 lawyers in ten offices

28  throughout the country, including a major office in San Francisco. Robbins Geller and its attorneys,

often as sole lead counsel, have recovered over $50 billion for aggrieved class members, achieving numerous record-setting class recoveries, including *Jaffe v. Household Int'l, Inc.*, No. 1:02-cv-5893 (N.D. Ill.) ($1.575 billion, largest ever post-verdict fraud settlement); *In re Enron Corp. Sec. Litig.*, No. H-01-3624 (S.D. Tex.) (as sole lead counsel, recovered over $7 billion for a class of injured shareholders – the largest recovery ever obtained in any shareholder action in history). In this district alone, Robbins Geller has a long history of successfully prosecuting class actions together as court-appointed counsel, including: *In re: McKinsey & Co., Inc. Nat'l Prescription Opiate Consultant Litig.*; *In re Juul Labs, Inc., Mktg. Sales Pracs., & Prods. Liab. Litig.*, No. 3:19-md-02913 (N.D. Cal.) (Orrick, J.); *In re Chrysler-Dodge-Jeep EcoDiesel Mktg., Sales Pracs. & Prods. Liab. Litig.*, No. 3:17-MD-02777 (N.D. Cal.) (Chen, J.); and *In re: VW "Clean Diesel"*.

Robbins Geller has the most robust human, technological, investigatory, and financial resources in the field. It has demonstrated time and again that it can and will stay the course until it reaches the ***right*** resolution. Proof lies in our multi-decade track record of successfully prosecuting complex actions requiring tremendous financial resources. As just one example, in *Jaffe* (noted above), Robbins Geller expended $35 million in actual, out-of-pocket expenses over 14 years to try the case to a jury verdict, fought the appeal that partially reversed the judgment, then sent over a dozen lawyers and support staff to Chicago for several weeks to prepare for and try the case a second time before finally settling on the morning of trial for a record $1.575 billion.

Lieff Cabraser has recovered over $129 billion in verdicts and settlements. Based in San Francisco, the firm has a diversified practice representing plaintiffs in privacy and cybersecurity cases, civil rights and social justice, as well as other practice areas. Lieff Cabraser has more than 125 lawyers and nearly 150 staff members and has served as court-appointed lead or class counsel in numerous cases nationwide, including several times in this district, as noted above, including sole lead or co-lead roles in *In re: VW "Clean Diesel"*; *In Re: Chrysler-Dodge-Jeep EcoDiesel*; and *In re Juul Labs Inc. Mktg. Sales Practices & Prods. Liab. Litig.*, MDL No. 2912 (Orrick, J.).

Both firms are committed, without reservation, to seeing this action through. Ms. Antullis and Ms. Gardner are personally committed along with key members of our firms' privacy groups and senior leadership, to expend all necessary time and resources to litigate this case effectively.

C.    **Our long-time successful partnership ensures efficiencies will be maintained.**

Robbins Geller and Lieff Cabraser have a long history of working together to achieve stellar results in class actions and MDLs. In *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, MDL No. 2672 (N.D. Cal.), for example, Robbins Geller founding partner Paul J. Geller (serving on the Executive Committee) worked closely with Ms. Cabraser as Lead Counsel – often on a 24/7 basis – to secure over $17 billion for class members, the largest ever consumer class settlement. More recently, the firms served on Plaintiffs' Executive Committee and as Plaintiffs' settlement counsel in *In re Nat'l Prescription Opiate Litig.*, No. 1:17-md-02804 (N.D. Ohio) (recovering to date over $50 billion), and *In re McKinsey & Co., Inc., Nat'l Prescription Opiate Consultant Litig.*, MDL No. 2996 (N.D. Cal.) ($207 million settlement approved for class of governmental subdivisions; $78 million class settlement pending for third party payors, and additional settlements for schools and Tribes). Over the last four years, Robbins Geller (representing LabCorp customers) and Lieff Cabraser (representing Quest and Optum360 customers) have also served as co-lead counsel in *In re Am. Med. Collection Ag., Inc. Customer Data Sec. Breach Litig.*, No. 19-md-02904 (D.N.J.). The firms successfully litigated *City and Cty. of San Francisco et al. v. Purdue Pharma L.P. et al.*, No. 3:13-cv-07591 (Breyer, J.).

In each of these cases, our firms have collaborated efficiently and without duplication to avoid unnecessary work and to best serve in our roles as fiduciaries of the class. Both firms routinely deploy cutting edge technology in-house for document analysis, hosting, and otherwise to minimize expenses to the class, and we staff projects to leverage individual competencies, ensuring that the work performed is appropriate to each person's role and billing rate. What our firms do replicate is our focus on professionalism, cooperation, courtesy, and acceptance of the obligations owed as officers of the court, all "critical to successful management of the litigation." *Manual for Complex Litig.* § 10.23 (4th ed. 2023).

D.    **Our work in the case thus far makes us well positioned to lead this case.**

Robbins Geller and Lieff Cabraser have carefully investigated of this data breach. After analyzing the procession of cases filed immediately after the October 2023 notices of the 23andMe data breach, Robbins Geller made a decision to prepare a file its *John Doe* case on behalf an

1   Ashkenazi Jewish plaintiff, along with co-counsel Lynda Grant and Howard Longman – two

2   attorneys with significant privacy law experience in their own right. *See Doe v. 23andMe, Inc.*,

3   No. 3:23-cv-05717 (N.D. Cal.) (Chen, J.).

4   　　When we learned that an early mediation had been scheduled without notice to a majority

5   of plaintiffs' counsel, Ms. Antullis attended the mediation to ensure that any class-wide resolution

6   (if one could be reached) would be adequate to protect not only the data that is still in 23andMe's

7   possession, but the safety and security of individuals whose data has already been disclosed and

8   sold on the dark web. Since the first mediation, and as other applicants can attest, Ms. Antullis has

9   laid the groundwork for engaging experts in the field of hate crimes and terror organizations, in

10  order to develop creative remedies and strategies for protecting 23andMe's customers who are

11  now at risk.

12  　　Our investigation has included hearing from victims of the 23andMe breach, who have

13  continued to reach out to both Robbins Geller and Lieff Cabraser while the litigation was stayed.

14  We have learned, without sugarcoating it, that people are truly frightened. The fear engendered by

15  the issues in this case is greater than any our firms have ever witnessed in response to other data

16  breaches. Our jointly-filed complaint, on behalf of Richard Roe and John Q. Public, reflects the

17  depth of our investigation, our recognition of the immense societal importance of this action, and

18  our well-informed understanding that extreme thoughtfulness and care that will be required to

19  obtain the best resolution for this Class. *See Roe et al. v. 23andMe, Inc.*, No. 3:24-cv-02319 (N.D.

20  Cal.). *See also Doe v. 23andMe, Inc.*, 23-cv-5717-EMC (N.D. Cal.), the first case Robbins Geller

21  filed. We now move together to be appointed Interim Co-Lead Class Counsel for the sole purpose

22  of protecting and advocating for their interests.

23  　　**E.** 　　**Our proposed case plan is appropriate to the unique aspects of this case.**

24  　　Our firms, and the leadership proposed here, have a thorough understanding of the issues,

25  from the perspective of cybersecurity professionals, as well as that of the victims. We are

26  committed to serving the Class. Our plan for this litigation thus includes a commitment that the

27  unique legal issues presented by the unauthorized exfiltration and illegal sale of genetic and

28  ancestral information, in the face of increasing threats against targeted groups exposed in that data,

1   will be **thoughtfully** briefed and litigated. Here, hackers stole, have sold, and are attempting to sell

2   information relating to Chinese and Ashkenazi Jews' ethnic identity to those who would seek to

3   do very real harm. As compared to the unfortunately common "traditional" data breach, the

4   23andMe victims are at a much greater threat for physical and psychological danger, including

5   hate crimes and real-world targeting. Because of the ability of threat actors to identify the breach

6   victims as members of vulnerable and targeted ethnic groups, we felt it was critical to file their

7   complaints with pseudonyms – a step few counsel took.

8          Undoubtedly, other highly qualified firms will file leadership applications. Some of those,

9   in particular Keller Rohrback, also have the skill and resources to provide excellent representation,

10  but our strong view is that this case does not call for a multi-layer leadership structure with double-

11  digit numbers of firms. Given the unique facts of this case, we believe that a two-firm co-leadership

12  structure with Ms. Antullis and Ms. Gardner at the helm offers the best resources and expertise to

13  efficiently and successfully represent the class. As detailed throughout this application, our firms

14  have worked successfully with many (or all) of the firms who may seek an appointment. It may

15  make sense for the lead firms to engage other counsel to handle discrete tasks, but we believe that

16  streamlined leadership has the best chance of securing the best result. Of course, while we believe

17  that we should be appointed as sole co-leads here, if the Court determines that additional firms

18  should be appointed, we are confident we could work well with other firms to advance the mutual

19  goal of efficiently securing the best result for class members.

20         Beyond leadership, we propose a specific case plan below that is effectively tailored to the

21  case. It reflects our commitment to prioritizing class members' rights and needs above expediency,

22  because this case is not about money or attorneys' fees, and anyone who thinks it is has no business

23  leading it. While we hope that this case can resolve expeditiously – because victims need help now

24  – our plan necessarily contemplates litigation all the way to trial, and beyond if needed. Our entire

25  strategy for resolving this litigation is to get the best possible remedies for the aggrieved victims

26  of this terrifying breach. No other factors – such as a lack of resources – will ever come into play.

27         Generally, we believe that the litigation should proceed as follows and are very encouraged

28  that Your Honor's Order calls for an initial case management conference and a quick decision on

11

1    leadership. We propose the following:

2    - *Mediation*. Mediation efforts should continue and be done in parallel with the litigation. To facilitate mediation, Defendant should produce to Co-Leads all
3    documents it produced in prior mediation(s) within 10 days of an appointment. We also propose that the parties be ordered to confer within 14 days of Co-Leads'
4    appointment regarding additional information needed for informed negotiations.

5    - *Consolidated Amended Complaint*. The stay should be lifted and litigation should begin in earnest after leadership is appointed. A consolidated complaint should be
6    filed within 21 days of Co-Leads' appointment.

7    - *Responsive Pleadings*. 23andMe already has significant notice of the issues in this action. It should file its response to the consolidated complaint within 21 days after
8    the complaint is filed. Co-Leads would agree to a reasonable, but not luxurious, briefing schedule if 23andMe indicates that it intends to file a motion to dismiss.

9
     - *Rule 16 and 26(f) Conference and Discovery*. Reports indicate that 23andMe is in
10    a precarious financial position. Therefore, discovery should proceed without delay. We propose that the Court hold another Case Management Conference soon after
11    the consolidated complaint is filed. Pursuant to Federal Rule of Civil Procedure 26, and Civil Local Rule 16-9, the parties would confer in advance of the conference
12    with respect to document preservation and discovery, an ESI protocol and a protective order. Discovery would open for all purposes thereafter. Rule 26(a)
13    disclosures should be due within 28 days of Co-Leads' appointment.

14    - *Production of Regulatory Documents and Forensic Reports*. Independent of any other order on the timing of discovery, the Court should order 23andMe to produce
15    all documents it previously produced to governmental entities investigating the 23andMe data breach and any post-Breach forensic report that it created following
16    the Breach, within 28 days of Co-Leads' appointment.

17    - *Further scheduling*. Within 14 days of an order on any motion to dismiss, or of the filing of Defendant's Answer, whichever comes first, the parties should meet and
18    confer with respect to a schedule for completing discovery, class certification, expert reports, summary judgment, and trial and present their proposed schedule to
19    the Court at a subsequent Case Management Conference.

20         This proposed case plan calls for an aggressive schedule, litigation and any mediation

21    occurring simultaneously, and anticipates initial discovery being served shortly after appointment.

22    Further, we believe that it is critical that Defendant, as part of mediation and any resolution,

23    provide complete and thorough access to our experts to inspect its systems to appropriately craft

24    injunctive relief that protects the Class in the near term, and going forward.

25    **III.    <u>CONCLUSION</u>**

26         We respectfully submit that lean and streamlined leadership is appropriate for this matter

27    and request that the Court appoint Ms. Antullis and Ms. Gardner as Interim Co-Lead Counsel.

28

MOTION TO APPOINT PLAINTIFFS' CO-LEAD &
INTERIM CLASS COUNSEL
CASE NO. 3:24-MD-03098

1   Dated: April 18, 2024            Respectfully submitted,

2

3   */s/ Melissa A. Gardner__*        */s/ Dorothy P. Antullis___*
    Melissa A. Gardner (SBN 289096)    ROBBINS GELLER RUDMAN
4   mgardner@lchb.com                    & DOWD LLP
    Elizabeth J. Cabraser (SBN 83151)  Dorothy P. Antullis (*pro hac vice*)
5   ecabraser@lchb.com                 dantullis@rgrdlaw.com
    Michael W. Sobol (SBN 194857)      Stuart A. Davidson (*pro hac vice*)
6   msobol@lchb.com                    sdavidson@rgrdlaw.com
    Jallé Dafa (SBN 290637)            Lindsey H. Taylor(*pro hac vice*)
7   LIEFF CABRASER HEIMANN &           ltaylor@rgrdlaw.com
    BERNSTEIN LLP                      Alexander C. Cohen (*pro hac vice*)
8   275 Battery Street, 29th Floor     acohen@rdrglaw.com
    San Francisco, CA 94111            225 NE Mizner Boulevard, Suite 720
9   Telephone: 415.956.1000            Boca Raton, FL  33432
                                       Telephone:  561/750-3000
10  Sean A. Petterson (*pro hac vice*
    forthcoming)                       Aelish M. Baig (SBN 201279)
11  spetterson@lchb.com                aelishb@rgrdlaw.com
    LIEFF CABRASER HEIMANN &           Taeva Shefler (SBN 291637)
12  BERNSTEIN LLP                      tshefler@rgrdlaw.com
    250 Hudson Street, 8th Floor       One Montgomery Street, Suite 1800
13  New York, NY 10013                 San Francisco, CA 94104
    Telephone: 212.355.9500            Telephone:  415.288.4545
14
    *Attorneys for Richard Roe, John Q.*   *Attorney for Plaintiffs John Doe, Richard Roe,*
15  *Public, and the Proposed Class*       *John Q. Public, and the Class (Case Nos. 23-*
    *(Case No. 24-2319)*                    *05717 and 24-2319)*
16

17
                        **ATTESTATION**
18
        I, Melissa Gardner, am the ECF user whose identification and password are being used to
19
    file this application. I hereby attest that Dorothy P. Antullis has concurred in this filing.
20

21
                        */s/ Melissa Gardner_____*
22                       Melissa Gardner, Esq.

23  2985772.6

24

25

26

27

28