IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: 23ANDME, INC. CUSTOMER DATA SECURITY BREACH LITIGATION | ) ) ) ) ) ) ) ) | MDL No. 3098<br><br>Master Case No. 23-cv-05147<br><br>Judge Edward M. Chen |
| ALL ACTIONS | | |

**MOTION TO APPOINT SHARON J. ZINNS OF ZINNS LAW, LLC
AS LEAD COUNSEL OR TO PLAINTIFFS' EXECUTIVE COMMITTEE**

I am the granddaughter of Auschwitz survivors who were the only survivors from their large families. From the earliest age, I grew up knowing the terrifying impact it has on a community when people begin to analyze who is Jewish and who is not, who has the right blood and who does not. And I know the Jewish people are not the only group who has experienced this kind of trauma. Many of us live with generational post-traumatic stress of our ancestors' slavery, genocide, internment, and other mistreatment for the color of their skin or the religion they practice. It is with this in mind that I immediately jumped into action when brought 23andMe data breach notices by my community, by people scared their very existence was being threatened as their DNA results were put up for sale on the dark web. I now represent dozens of class members from 11 different states all of whom suffered real and lasting damage from the failure by 23andMe to safeguard their Protected Health Information. It is my passion for this case specifically which leads me to seek and sets me apart for leadership in this role. Further, I provide the provide the diversity that the Federal Court seeks to instill in new leadership structures.

    A. **Professional Experience in This Type of Litigation**

I have been representing plaintiffs in complex litigation throughout the country in state and Federal courts for nearly two decades. I have served as lead trial counsel in several lengthy asbestos trials as well as lead counsel in scores of other cases. During the height of activity in MDL 875 in

1

the Eastern District of Pennsylvania, I appeared before Judge Robreno in asbestos matters. I currently serve as one of three liaison counsel for all plaintiffs in the Cobb County, Georgia ethylene oxide litigation, which operates as a state-level MDL. I have recovered millions of dollars for injured clients over the last two decades. I am licensed to practice law in California, Georgia, Washington D.C., New York, New Jersey, and Florida, as well as many Federal Courts, including this Court.

I currently represent plaintiffs in data breach class actions around the country, including as lead counsel in *A.M. & A.M. v Reproductive Biology Associates, et al*, State Court of Gwinnett County, Georgia, Case No. 21-C-06178. That case is awaiting final approval of a settlement for approximately 27,000 class members.

I am also working intimately with co-counsel Maureen Brady on the leadership team on the *In Re BetterHelp, Inc. Data Disclosure Cases*, Master File No. 3:23-cv-01033. I am involved in all strategy decisions, discovery, and briefing for that case.

I was recently appointed to the Cross-Track Discovery Committee (Offensive Discovery Co-Lead) by Judge Ruiz in *In Re Fortra File Transfer Software Data Security Breach Litigation*, United States District Court, Southern District of Florida, Case No. 24-MD-03090-RAR.

I represent clients in various other data breach cases throughout the Country relating to the disclosure of both Personally Identifiable Information ("PII") and Protected Health Information ("PHI"). PHI is information which is collected, created, stored and maintained by a covered entity or business associate pursuant to the Health Insurance Portability and Accountability Act ("HIPAA"). PHI is subject to defined regulations which are a complex weave of rules and regulations for entities who handle PHI. All of the cases in which I have had a leadership role have been specifically PHI cases, offering valuable experience for this case, as genetic information is PHI subject to both HIPAA and state level regulations with specified damages upon breach.

Although I do not claim a lengthy history of leadership in data breach cases, Federal Courts encourage the development of new leadership, especially among women and other diverse members of the bar. My extensive experience in litigation and growing experience in data breach cases allow me to easily transition to a leadership role in this case.

B. **Ability to Work Cooperatively with Others**

I take great pride in not only breaking down barriers but also encouraging others to pursue their aspirations. To that end, I have devoted much of my professional life to raising up other women in the bar. I lecture each year to younger lawyers on civility in the law. I serve on the executive committee of the Georgia Trial Lawyers Association and as the Women's Trial Lawyers Caucus representative to the Board of Governors of the American Association for Justice. I have previously served on the board of the Georgia Association for Women Lawyers. I have dedicated my resources to advancing the role of women in the bar, founding a yearly seminar for women lawyers in my field. I strive to be the embodiment of the phrase, "a rising tide lifts all boats." I have shown this ability as one of three liaison counsel in the Georgia ethylene oxide cases, leading and coordinating all involved lawyers toward resolution of the bellwether trials.

In this case specifically, there are many extremely well-qualified attorneys to appoint to leadership. Given that there are over 30 cases filed and potentially millions of class members, a robust leadership structure is warranted here, including co-leads and an executive committee. If I am chosen to leadership in this case, I will seek to include all and to encourage cooperation so that everyone has a seat at the table to make the team as strong as possible.

Specifically, I would encourage the Court to give consideration to my co-counsel Maureen Brady for leadership as well. She is an experienced class action lawyer with detailed knowledge of PHI cases.

C. **Capacity to Commit the Necessary Resources to Pursue This Matter**

As managing partner of a small firm, I choose which projects to devote time and resources. Certainly, if selected for a leadership role, my time, talents, and attention would be devoted to this case. Further, I work collaboratively with staff and co-counsel to manage workload. I have the ability to effectively utilize time management tools to represent clients and maximize the outcome of a data breach case.

Further, I and my firm have the financial and personnel resources to commit to this case. Should the need arise, my firm is ready to grow to include an additional associate to assist with such workload.

D. **Proposed Case Plan and How Work Will Be Allocated Among Counsel**

I would propose a case plan that schedules in relatively quick succession from the appointment of leadership the following: filing of a consolidated complaint, briefing and argument on a motion to dismiss, negotiation of an ESI protocol and confidentiality agreement, and exchange of initial discovery. If selected for leadership, I can quickly work with opposing counsel to provide the Court with a proposed scheduling order for consideration.

To avoid duplication of efforts, the leadership team must set out for the rest of the plaintiffs' group the expectations for work assignments and billing. Any lawyer who wishes to do hands on work would be provided direct guidance on each assignment to prevent duplication and overstaffing. Further, it is of utmost importance that counsel preserve class resources and maintain cost efficiency in prosecuting the case. To that end, leadership must set expectations for plaintiffs' counsel about billing only for work done for the good of the class. If everyone is given an opportunity to participate in meaningful work, no counsel should take issue with keeping billing to a reasonable level.

E. **Work Done on the Case**

Immediately upon learning of the 23andMe database disclosure from potential class members, I began an investigation into possible litigation – reviewing the publicly available information and breach notices, determining the applicable law, and conferring with other counsel to determine the best strategy for filing. On October 12, 2023, I, along with co-counsel Maureen Brady, filed J.S, J.T., and A.L., et al. v. 23ANDME, INC., *et al*.

I was part of the group of counsel seeking informal discovery from 23andMe, although we were unsuccessful in obtaining any meaningful information. I was involved in briefing on the motion to stay and JPML transfer. Co-counsel Ms. Brady argued on our behalf before the JPML.

There was an early attempt to mediate the case with some, not all, of the attorneys in several of the other cases. I participated via Zoom videoconference in the first mediation, although I had and continue to have grave concerns about the propriety of holding mediation and attempting to settle a case of this magnitude before class counsel is appointed and without including all lawyers. I made these concerns known at the time of mediation. There have been ongoing discussions between the Defendant and a select few of the counsel representing some of the Plaintiffs, however I was not informed of the ongoing negotiations or any further days of mediation. If appointed to leadership, I would attempt to continue such resolution efforts in a more transparent and inclusive manner.

## CONCLUSION

For all of the reasons stated above, for my passion for this case and cause, I respectfully request the appointment to leadership.

Dated: April 18, 2024                              Respectfully submitted,

                                                   ZINNS LAW, LLC

                                                   /s/ *Sharon J. Zinns*

5

              Sharon J. Zinns
              CA Bar No. 241476
              4243 Dunwoody Club Dr.
              Suite 104
              Atlanta, GA 30350
              Ph: (404) 882-9002
              Email: sharon@zinnslaw.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 18, 2024, a copy of the forgoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                  /s/ *Sharon J. Zinns*
                                                  Sharon J. Zinns