IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: 23ANDME, INC. CUSTOMER DATA SECURITY BREACH LITIGATION | ) ) ) MDL No. 3098 ) |
| ALL ACTIONS | ) Master Case No. 23-cv-05147 ) ) Judge Edward M. Chen |

## APPLICATION OF MAUREEN M. BRADY FOR PLAINTIFFS' EXECUTIVE COMMITTEE

COMES NOW Maureen M. Brady of McShane & Brady application to serve on the Plaintiffs' Executive Committee. Based on the criteria set forth in the Court's Order (ECF 78) and Rule 23(g), Ms. Brady possesses the experience and history of success in large data breach cases to serve the Plaintiffs and the Court as Co-Lead Counsel in this case.

Ms. Brady is a native of Kansas City, Missouri. She has built a national practice of data breach litigation and healthcare data breach litigation. Success has resulted from Ms. Brady encouraging a collaborative environment with different voices to think outside the box in approaching data disclosure cases. This innovation led to her developing and successfully litigating wrongful disclosures of medical information, resulting in her being recognized by Missouri Lawyers Weekly with the first ever Innovator Award for cultivating and expanding the field of privacy litigation. Looking at a problem from a new perspective allows previously unrepresented victims a voice to stand up for their rights.

This philosophy of inclusion is sometimes risky as it challenges the existing structures. However, Ms. Brady is very risk-tolerant which led her to form her current firm with Lucy McShane. McShane & Brady has been in operation for ten years and is one of the first and only all-female law firm which exclusively practices Plaintiff's Personal Injury law. Ms. Brady takes great pride in not only breaking down barriers but also encouraging others to pursue their aspirations and achieve greatness (her firm embodies the motto, "a good leader has good followers

1

but a great leader makes more leaders.") There are several extremely well-qualified attorneys to appoint to leadership in this case. If Ms. Brady is chosen to serve on the Plaintiffs' Executive Committee, she will seek to include all and to encourage cooperation so that everyone has a seat at the table.

I. INTRODUCTION

This case involves the wrongful disclosure of highly-sensitive Protected Health Information ("PHI") and Personally Identifiable Information ("PII") for millions of 23 and Me customers. The information disclosed from 23 and Me included, without limitation, names, addresses, email addresses, phone numbers, genetic information, medical information, date of birth, account numbers as well as a myriad of other personal information. The information disclosed is actively being sold on the "dark web" or in private sales all over the world.

As a result of the wrongful disclosure, over 32 cases were filed in different District and State Courts throughout the nation. These cases were then consolidated in a multi-district litigation action with this Court. Now, this Court must determine the appointment of the leadership structure and counsel for Plaintiffs in this matter.

II. APPLICABLE LAW

Pursuant to Federal Rule of Civil Procedure 23(g), when appointing class counsel the Court must consider four factors: (i) the work that counsel has done on the case to identify and investigate the claims, (ii) counsel's experience in handling class actions and complex litigation, (iii) counsel's knowledge of the applicable law, and, (iv) the resources counsel will commit to representing the class. Additionally, the Court may consider any other information pertinent to the counsel's ability to adequately represent the class interests. *Id*.

Ms. Brady would be honored to serve in any capacity within the leadership structure set by this Court. The leadership for this matter would be well served if the Court were to appoint Sharon

Zinns, along with Gayle Blatt and Anderson Berry as co-lead counsel as well as the others on their proposed slate. Additionally, Cari Laufenberg is extremely qualified to lead this case. My co-counsel Ms. Zinns is relatively new to the data breach space, meeting the Court's diversity needs, and is very enthusiastic about serving in this case. Among the many qualified and competent attorneys submitting applications for leadership, this Court should consider appointing Maureen M. Brady to serve on the Executive Committee as she embodies the factors for leadership of this case and is extremely well qualified to serve Plaintiffs to successfully litigate this case.

### III.    MAUREEN BRADY IS WELL- QUALIFIED TO SERVE ON PLAINTIFFS' EXECUTIVE COMMITTEE OF THIS MATTER

**A. Ms. Brady has performed substantial work in investigating the potential claims in this action.**

On or about October 6, 2023, Defendant 23 and Me learned that its database had been disclosed to an unauthorized person or persons as the world learned through multiple media reports that sections of 23 and Me's customer database was being sold on the Dark Web by genetic groupings. Despite learning of the wrongful disclosure, 23 and Me failed to conduct a thorough investigation into the incident or to provide any notice to its customer base. Immediately, Ms. Brady launched an investigation into the disclosure and gathered as much information possible to determine if litigation was warranted. Among other things, she reviewed the applicable laws; reviewed and analyzed the materials and publicly available information; and participated in meetings with other counsel to consider the best strategy to protect the interests of the Class. A decision was made to file the case on behalf of her clients and the putative class in the Northern District of California (which could well serve as a bellwether case in the future). Ms. Brady filed *J.S, J.T., and A.L., et al. v. 23ANDME, INC., et al.* on October 12, 2023.

There was an early attempt to mediate the case with some, not all, of the attorneys in several of the other cases. Ms. Brady participated via Zoom videoconference[1] in the first mediation. There have been ongoing discussions between the Defendant and a select few of the counsel representing some of the Plaintiffs, however Ms. Brady was not informed of the ongoing negotiations nor was she invited to participate.

Ms. Brady has had several conversations with counsel for Defendant and has requested that the case continue to move forward and that documents be provided to all attorneys in the case. Ms. Brady also argued before the Judicial Panel on Multi-District Litigation on behalf of the Plaintiffs and the Class. Ms. Brady's position was that she had hoped the Plaintiffs' attorneys would be able to self-organize but conceding that centralization was needed to assist with a clear leadership structure.

**B. Ms. Brady has litigated numerous class action data breach cases and has developed a specialized subset of data breach cases for the wrongful disclosure of medical information.**

Ms. Brady has litigated numerous data breach privacy cases throughout the nation. *See* McShane & Brady Firm Bio attached as **Exhibit 1**. She served as co-lead counsel in *Cox, et al. v. Valley Hope Assoc.*, 2:16-cv-04127-NKL[2], which involved the wrongful disclosure of private information through a stolen laptop. The case involved over 58,000 plaintiffs from approximately 15 different states. In *K.A. et al. v. Children's Mercy Hospital*, 4:18-cv-00514-RK and *K.A. et al. v, Children's Mercy Hospital*, 4:18-cv-00675-ODS, Ms. Brady served as lead counsel to litigate on behalf of children whose medical information was disclosed through the creation of an unauthorized website and a phishing infiltration into the Children's Mercy Hospital database. Both

---

[1] Only some of the other attorneys were invited to appear in person. It was not until the mediation started that Ms. Brady learned there was an in-person component of the mediation.

[2] This case was removed from the Jackson County Circuit Court and later remanded and transferred before settlement of the claims.

cases were heavily litigated and successfully resolved. The *K.A.* cases possess similar issues as those presented in the instant case, and those actions survived numerous motions to dismiss on the arguments likely to be presented in this case. In addition, she has taken hundreds of depositions of various defendants on the issues of privacy and privacy obligations, and importantly, she has identified and worked extensively with experts in the field of privacy. Ms. Brady has additionally litigated other type data breach cases in Missouri and Kansas state courts and in other state and federal district courts throughout the country. Since 2008, Ms. Brady has worked to develop a previously unused path within the state common law and statutory schemes for plaintiffs who are victims of the wrongful disclosure of medical and personal information to seek redress from defendants who have failed to protect their customers' and patients' personal and confidential information.

In the past ten years, Ms. Brady has successfully litigated over 500 class and individual cases involving the wrongful disclosure of such protected information. Currently, she serves as co-lead counsel, in *In Re: Mednax Services, Inc. Customer Data Security Breach Litigation*, Case No. 21-md-02994-RAR, pending in the Southern District of Florida which has recently resolved.

Ms. Brady has a track record for consolidating class cases and encouraging counsel to work together to seek justice for their clients. It is not uncommon for a class case which affects plaintiffs statewide or nationwide to have several lawsuits filed for the same wrongful act. Repeatedly, where there have been numerous case filings, Ms. Brady has worked with counsel to cooperatively litigate the case without the need of Court intervention. Ms. Brady can focus on the objective appeal to the greater good of the client. She believes that it is important to have diverse opinions and ideas to achieve the best result. Attorneys who bring to the table a different perspective are invaluable to the process as great ideas are born of contrasting points of view.

**C. Ms. Brady has extensive knowledge of the law applicable to this case due to having litigated similar cases.**

As previously stated, Ms. Brady has litigated over 500 class and individual privacy cases. Further, she has served in a leadership capacity in class cases in the Western District as well as state and federal courts throughout the nation including, without limitation:

- *In Re: Betterhelp Inc. Data Disclosure Cases*, Case No. 3:23-cv-01033-RS, N.D.Cal.
- *In Re: T-Mobile Consumer Data Security Breach Litigation*, Case No. 4:21-md-03019-BCW, W.D.Mo.
- *In Re: Mednax Services, Inc. Customer Data Security Breach Litigation*, Case No. 20-MD-02994-RAR, S.D. Fla.
- *T.P.H. v. Blue Springs Family Care*, Case No. 1916-CV07105, Jackson County Circuit Court
- *K.A. et al. v. Children's Mercy Hospital*, Case No. 4:18-CV-00514-RK, W.D. Mo.
- *Cox v. Valley Hope Assoc.*, Case No. 2:16-CV-04127-NKL, W.D. Mo.
- T.*D. v. Mercy Hospitals East Comm.*, Case No. 20SL-CC05974, Circuit Court of St. Louis County, Missouri
- *C.C., et al. v. Med-Data, Inc.*, Case No. 21-21301-DDC-GEB, District of Kansas.

The wrongful disclosure of private information does not enjoy a long established history of litigation. As society has developed technology and become more dependent on electronic information, the protection of that information has become vital. Ms. Brady has utilized state common law to hold defendants accountable as the gatekeepers of this information. The causes of action used by Ms. Brady in her various cases were previously seldom used for the wrongful disclosure of information. Ms. Brady has extensively studied privacy law applicable to the medical and commercial fields. Each case Ms. Brady litigates for the wrongful disclosure of information not only calls upon previous points of law but also includes possible causes of action that could be pursued depending on the fact patterns of each case.

**D. Ms. Brady is dedicated to the litigation of this case and will continue to commit substantial resources to this matter.**

Not only does Ms. Brady have the legal knowledge and skills to litigate this case, as well as the leadership ability, she also understands the significant investment of time and resources

necessary to litigate a case of this magnitude. Ms. Brady has a passion for the field of privacy protection and understands that the only way to effect real change in protecting private information is to hold companies accountable for their wrongdoing. That dedication to justice requires time, money and effort, all of which Ms. Brady is willing to give to this case.

**E. Other factors to be considered weighs heavily for the appointment of Ms. Brady to the position of Plaintiffs' Interim Co-Lead Counsel.**

Ms. Brady is not only a well-qualified attorney in privacy law but is one of the few female attorneys who practices in the specific field. She is dedicated to opening doors for others in the field as well. She has written articles and given numerous lectures about privacy law and has encouraged other attorneys to get involved in the area. Additionally, Ms. Brady is dedicated to drawing from a diverse range of voices including those in her own firm. She encourages advancement among her staff as well as her peers. In all things, Ms. Brady tries to foster inclusivity. She has served on the Board of the Association for Women Attorneys in Greater Kansas City and is has been on the Executive Leadership Committee for the past three years.

**F. Case Plan.**

This case has been actively negotiated since the filing of the initial Complaints. However, there has been an effort to exclude some of the filing attorneys in order to hold clandestine mediation and negotiation. Ms. Brady's plan is for inclusivity and transparency of the litigation and negotiation process. Since negotiations have already begun, there has been some informal exchange of information between the parties. Ms. Brady would plan for the ongoing exchange of information both informally and through the discovery process.

Additionally, Ms. Brady would propose that a Consolidated Complaint of the 32 plus actions be submitted to the Court within 30 days of the appointment of leadership. Thereafter another 30 days for the submission of responsive pleadings. Ms. Brady would also propose initial

disclosures within 45 from the appointment of leadership with formal discovery allowed to proceed pursuant to the Federal Rules of Civil Procedure.

Should the parties reach settlement of the case, such settlement should be submitted to the Court within 30 days from the date of settlement along with a Motion for Preliminary Approval. Such settlement should be circulated to all filing attorneys for review.

IV. **CONCLUSION**

For the reasons stated herein, Maureen M. Brady of McShane & Brady respectfully requests appointment to serve on the Plaintiffs' Execuitve Committee in this matter.

Dated: April 18, 2024

Respectfully submitted,
/s/ Maureen M. Brady
Maureen M. Brady
(*to be admitted pro hac vice*)
MCSHANE & BRADY, LLC
1656 Washington Street, Ste. 120
Kansas City, MO 64108
Telephone: (816) 888-8010
Facsimile: (816) 332-6295
Email: mbrady@mcshanebradylaw.com
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2024, a copy of the forgoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Maureen M. Brady
Maureen M. Brady