# EXHIBIT A

M. Anderson Berry (SBN 262879)
Gregory Haroutunian (SBN 330263)
**CLAYEO C. ARNOLD**
**A PROFESSIONAL CORPORATION**
865 Howe Avenue
Sacramento, CA 95825
Telephone: 916.239.4778
Fax: 916.924.1829
*aberry@justice4you.com*
*gharoutunian@justice4you.com*

GAYLE M. BLATT, SBN 122048
gmb@cglaw.com
**CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD, LLP**
110 Laurel Street
San Diego, CA  92101
Telephone: (619) 238-1811
Facsimile: (619) 544-9232

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| MONICA SANTANA AND PAULA KLEYNBURD, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>23ANDME, INC.,<br><br>Defendant. | CASE NO. 3:23-cv-05147-EMC<br>Related Cases: 3:23-cv-05200; 3:23-cv-05579; 3:23-cv-05281; 3:23-cv-05178; 3:23-cv-05198; 3:23-cv-05234; 3:23-cv-05259; 3:23-cv-05302; 3:23-cv-05323; 3:23-cv-05332; 3:23-cv-05341; 3:23-cv-05345; 3:23-cv-05369; 3:23-cv-05419; 3:23-cv-05439; 3:23-cv-05464; 3:23-cv-05541; 3:23-cv-05548; 3:23-cv-05565; 3:23-cv-05635; 3:23-cv-05677; 3:23-cv-05717; 3:23-cv-05768; 3:23-cv-05779<br><br>[Assigned for all purposes to the Honorable Edward M. Chen]<br><br>**[PROPOSED] PLANTIFFS' TIMEKEEPING PROTOCOL** |

Pursuant to the Court's Order dated February 26, 2024 (ECF No. 78), Proposed Interim Co-Lead Class Counsel M. Anderson Berry and Gayle M. Blatt hereby submit the following protocol governing the management of Plaintiffs' counsels' ("Participating Counsel") time and expenses in this litigation.

## I. STANDARDS FOR TIME AND EXPENSE RECORDS

### a. General Standards

1. Time and expense reports generated pursuant to this Protocol will be considered as the submitting counsel' sworn representation that the time an expenses submitted meet the criteria set forth below.

2. Only reasonable time and expenses that advance the litigation on behalf of Plaintiffs will be considered as potentially compensable. Interim Co-Lead Class Counsel will evaluate the propriety of all reported time to ensure that the tasks were reasonably and efficiently handled.

3. Only time and expenses expressly authorized in advance by Proposed Interim Co-Lead Class Counsel in compliance with this Protocol will be considered as potentially compensable.

### b. Time Reporting

4. All time shall be maintained in tenth-of-an-hour increments. Time entries not maintained in tenth-of-an-hour increments may be disallowed.

5. All attorneys and staff working on this case will keep contemporaneous records of their time spent in connection with work on this litigation, indicating the amount of time spent, the particular activity, and their position in the firm (Partner, Of Counsel, Senior Counsel, Associate, Staff Attorney, Law Clerk, Paralegal, Legal Assistant). "Contemporaneous" means that an individual's time spent on a particular activity should be recorded no later than seven days after that activity occurred. Full descriptions of the work performed are required. Time entries or block billings that are not sufficiently detailed will not be considered for payment.

6. Participating Counsel will maintain their time records in an electronic database. Failure to maintain detailed time and expense records or to provide a sufficient description of the activities performed will be considered non-compliance with this Protocol. Vague task descriptions, such as "performed legal research" or "reviewed documents" are not sufficient.

7. Time records must report the billing rates for each individual listed. Current hourly rates are to be used in calculating time.

8. Only time spent on matters that advance the litigation will be considered in determining fees. Proposed Interim Co-Lead Class Counsel will be responsible for reviewing time and expense records for compliance with this Protocol. The ultimate determination of what is compensable work, and the extent or rate at which it is compensable, is within the purview of the Court.

9. Potentially compensable work done on behalf of the putative class may include, but is not limited to:

- Communications with clients;
- Fact investigation and factual and legal research;
- Preparation of research memoranda, pleadings, and briefs;
- Conducting document discovery (*e.g.*, reviewing, indexing, and coding documents);
- Preparation for and attendance at depositions;
- Preparation of and responding to discovery requests;
- Preparation for and attendance at hearings;
- Preparation for and attendance at meetings with defense counsel or with co-counsel;
- Work with experts;
- Settlement and settlement negotiations and related activities;

- Appellate work;
- Trial preparation and trial; and
- Performance of administrative matters specifically related to tasks undertaken for the benefit of the Class.

10. Compensable work does not include:

- Work not performed at the request or under the direction of Proposed Interim Co-Lead Class Counsel;
- Excessive time for a particular task;
- Duplicative time;
- "Read and review" time (*e.g.* billing time for reading every document filed on the Court's docket regardless of whether it is related to the individual's responsibilities) unless specifically related to a billable task;
- Time for reviewing or drafting emails that exceeds the actual time spent;
- Time for which descriptions are missing or incomplete; and
- Internal firm time for firm or file management.

**c. Expense Reporting**

11. All costs and expenses in this case will be advanced by Proposed Interim Co-Lead Class Counsel, Proposed Liaison Counsel, and the Proposed Executive Committee. Proposed Interim Co-Lead Class Counsel, on behalf of themselves, Proposed Liaison Counsel, and the Proposed Plaintiffs' Executive Committee members will seek reimbursement of these costs and expenses following any judgment or settlement.

12. To be eligible for potential reimbursement, expenses must meet the requirements of this section. Expenses must be:

- Expressly authorized by Proposed Interim Co-Lead Class Counsel;
- Timely submitted;
- Reasonable in amount; and
- Supported by adequate documentation.

13. Potentially reimbursable expenses include:

- Costs relating to obtaining, reviewing, indexing, and paying for hard-copies of computerized images of documents;
- Legal research (*e.g.,* LEXIS, Westlaw, or PACER charges);
- Deposition, court reporter, and transcript costs;
- Costs for the electronic storage, retrieval, and searches of ESI;
- Court, filing, and service costs;
- Group administration matters, such as meetings and conference calls;
- Reasonable travel expenses including lodging and meals;
- Expert witness and consultant fees and related expenses;
- Investigator fees and related expenses;
- Printing, copying, coding, and scanning;
- Telephone, postage charges, and courier charges;
- Data and materials provided by outside third-party vendors, consultants and attorneys;
- Witness expenses, including travel;
- Translation costs; and
- Bank or financial institution charges.

14. Only reasonable expenses will be eligible for potential reimbursement. Except in extraordinary circumstances approved by Proposed Interim Co-Lead Class Counsel, all travel reimbursements are subject to the following limitations:

- Airfare: Only the price of a coach seat for a reasonable itinerary will be reimbursed. Business/First Class Airfare will not be fully reimbursed. If Business Class/First Class Airfare is used, then an estimate of the difference between the Business Class/First Class Airfare and coach far must be shown on the travel reimbursement form, and only the coach fare will be reimbursed;

- Hotel: Hotel room charges for the average available room rate of a business hotel, in the city in which the stay occurred will be reimbursed;

- Meals: Meal expenses must be reasonable. Meal expense submissions must be supported by receipts or credit card statements that reflect the date and those partaking in the meal;

- Cash Expenses: Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, short taxi rides, etc.) will be reimbursed up to $50.00 per day, so long as the expenses are properly itemized;

- Rental Automobiles: Luxury automobile rentals will not be reimbursed. If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicles rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed, unless such larger sized vehicle is needed to accommodate several people;

- Mileage: Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by the

claimant's firm. The maximum allowable rate will be the maximum rate allowed by the IRS.

- Parking: Parking will be limited to actual documented costs.

15. Other non-travel expenses will be limited as follows:

- Long Distance and Cellular Telephone: Long distance and cellular telephone charges must be documented;

- Shipping, Courier, and Delivery Charges: All such claimed expenses must be documented;

- Postage Charges: A contemporaneous postage log on other supporting documentation must be maintained. Postage charges are to be reported at actual cost;

- Telefax Charges: Contemporaneous records should be maintained and submitted showing faxes sent and received. The per-fax charge shall not exceed $1.00 per page.

- In-House Photocopy: A contemporaneous photocopy log or other supporting documentation must be maintained. The maximum copy charge is $0.30 per page.

16. Attorneys and staff must keep receipts for all expenses. Credit card receipts or monthly credit card statements are an appropriate form of verification. Hotel and restaurant costs must be supported credit card statements, hotel invoice, or restaurant bill. The description of unclaimed expenses on the statement or invoice may be redacted. Receipts need not be submitted on a monthly basis but shall be maintained by the attorneys and may be required later as a condition of reimbursement.

II. **SUBMITTING AND EXCHANGING TIME AND EXPENSE REPORTS**

a. **Timing of Submission and Exchange**

17. Proposed Interim Co-Lead Class Counsel will collect time and expense reports on a monthly basis. The first time and expense submission will be due on the 21st day of the month following this Court's appointment of Proposed Interim Co-Lead Class Counsel, and will include all time and expense entries from the inception of the case through the last day of the preceding month. Thereafter, such reports must be submitted no later than the twenty-first day of the month following the end of the month being reported. For example, July reports are due no later than August 21st.

18. Any time and expense records submitted in arrears may be disallowed and not submitted as part of any potential fee application.

19. Proposed Interim Co-Lead Class Counsel will collect and preserve, in an electronic format, all time and expense reports of all Plaintiffs' counsel that may support and potential fee application.

### b. Content of Time and Expense Reports

20. Each monthly time and expense report submission to Proposed Interim Co-Lead Class Counsel must include both detailed and summary spreadsheets, in a form to be provided by Proposed Interim Co-Lead Class Counsel.

21. All time and expense report submissions to Proposed Interim Co-Lead Class Counsel must be certified by an attorney with authority in each firm attesting to the accuracy of the submissions. This requirement may be satisfied by including such a certification along with each submission, either as a separate attachment or the email containing the submissions, or, if the submission email is sent directly by the certifying attorney, then in the body of the email containing the submissions.