Hassan A. Zavareei (State Bar No. 181547)
*hzavareei@tzlegal.com*
Glenn E. Chappell (application for *pro hac vice* admission forthcoming)
*gchappell@tzlegal.com*
David W. Lawler (application for *pro hac vice* admission forthcoming)
*dlawler@tzlegal.com*
Leora N. Friedman (application for *pro hac vice* admission forthcoming)
*lfriedman@tzlegal.com*
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Ave. NW, Suite 1010
Washington, District of Columbia 20006
Telephone: (202) 973-0900
Facsimile: (202) 973-0950

Sabita J. Soneji (State Bar No. 224262)
*ssoneji@tzlegal.com*
Em F. Cooper (State Bar No. 352951)
*ecooper@tzlegal.com*
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, CA 94612
Telephone: (510) 254-6808
Facsimile: (202) 973-0950

*Counsel for Plaintiff Michele Bacus and the proposed class*

Cari Campen Laufenberg (*pro hac vice*)
*claufenberg@kellerrohrback.com*
**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Telephone: (206) 623-1900

Christopher L. Springer (SBN 291180)
*cspringer@kellerrohrback.com*
**KELLER ROHRBACK L.L.P.**
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Telephone: (805) 456-1496
Facsimile: (805) 456-1497

*Attorneys for Plaintiff Camie Picha and the proposed class*

Norman E. Siegel (MO 44378) (*pro hac vice*)
*siegel@stuevesiegel.com*
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: 816-714-7100
Facsimile: 816-714-7101

*Counsel for Plaintiffs Claire Paddy and Neil Haven and the proposed class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: 23ANDME, INC. CUSTOMER DATA SECURITY BREACH LITIGATION | Case No. 3:24-md-3098-EMC<br><br>**JOINT RESPONSE MEMORANDUM IN SUPPORT OF APPOINTING NORMAN E. SIEGEL, SABITA S. SONEJI, AND CARI CAMPEN LAUFENBERG AS INTERIM CO-LEAD COUNSEL**<br><br>Date: May 30, 2024<br>Time: 1:30 pm<br>Courtroom: 5, 17th Floor<br>Judge: Edward M. Chen |

Plaintiffs Michele Bacus, Claire Paddy, Neil Haven, and Camie Picha and their counsel submit this joint reply brief in support of their respective motions for appointment of Interim Co-Lead Counsel.[1] Counsel for these Plaintiffs—who did not coordinate the filing of their Complaints—have conferred after submission of their respective leadership motions and review of all the pending leadership motions, and they have agreed to seek appointment of a slate with Norman E. Siegel, Sabita S. Soneji, and Cari Campen Laufenberg co-leading this important litigation ("the SSL Slate"), with Mr. Siegel also serving as Settlement Counsel for an initial 45-day period to allow the negotiating parties to determine whether a settlement can be achieved.

While Plaintiff Bacus originally proposed that Hassan A. Zavareei be appointed Interim Co-Lead Counsel, we have conferred and agree that appointment of Ms. Soneji, who chairs Tycko & Zavareei's Privacy and Data Breach Group, would strengthen the SSL Slate even further by adding California counsel who has an office in and regularly practices in this District. Ms. Soneji's membership on the SSL Slate would allow her to make the most effective use of Tycko & Zavareei LLP's resources to support this litigation and would supply additional expertise in practice before this Court. Ms. Soneji's credentials, including the breadth of her experience in successfully leading complex data breach class actions, are discussed in detail in Plaintiff Bacus' initial motion, Mr. Zavareei's declaration, and the Firm Resume attached as an exhibit to the motion. *See In re 23andMe, Inc.*, Case No. 3:24-MD-3098 ("*In re 23andMe*"), ECF Nos. 3 at 7-8; 4 ¶¶ 20-23; 4-1 at 10. If Ms. Soneji is appointed to co-lead this litigation, Mr. Zavareei will remain heavily involved in a supporting role.

Among the many qualified movants, we respectfully submit that the SSL Slate is the best positioned to represent the class. *See* Fed. R. Civ. P. 23(g)(2) ("If more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class."). The SSL Slate is carefully tailored to fit the needs of these consolidated proceedings,

---

[1] Plaintiffs' respective actions are *Bacus v. 23andMe*, No. 23-cv-16828 (N.D. Ill.), *Paddy v. 23andMe, Inc.*, No. 3:23-cv-06698-EMC (N.D. Cal.), and *Picha v. 23andMe, Inc.*, No. 3:23-CV-06719 (N.D. Cal.).

| 3:24-md-03098-EMC | 1 | JOINT RESP. MEM. IN SUPPORT OF APPOINTING SIEGEL, SONEJI, AND LAUFENBERG AS INTERIM CO-LEAD COUNSEL |

evinces a compelling combination of leadership experience and results for data breach victims, makes available the resources and know-how of three well-established class action law firms, while proposing a lean leadership structure that aligns with the needs of this litigation in its current stage, and represents the diversity of the bar and the putative classes.

The SSL Slate's structure and proposed trial plan also fit this case well. Appointing both Interim Co-Lead Counsel and Settlement Counsel is appropriate in this litigation. For the reasons detailed in Mr. Siegel's leadership motion (including 23andMe's precarious financial condition), we believe it is appropriate to establish an initial 45-day period to allow the parties to continue exploring whether a fair settlement can be reached. *See In re 23andMe*, ECF No. 22 at 1, 6-7. If appointed as Settlement Counsel, Mr. Siegel—who has been involved throughout the negotiation process to date and is well-qualified to lead these efforts—can provide continuity of the settlement discussions and focus on exploring a path forward with 23andMe during this time. *See id.* at 4-5 (discussing Mr. Siegel's role in settlement discussions to date and the current state of those discussions). While the case plans initially proposed in the Zavareei and Laufenberg applications anticipated that discovery would commence immediately upon appointment of leadership, *see In re 23andME*, ECF No. 3-1 (Zavareei Case Plan); *id.*, ECF No. 19 at 7-9 (Laufenberg Case Plan), after considering Mr. Siegel's leadership motion and further conferring, we believe that it would be best for discovery to commence after the 45-day negotiation period expires. This would reduce litigation expenses and thus preserve those funds for the Proposed Classes in the event of early resolution.

Although the SSL Slate would allow leadership to draw from the resources of three large firms, it offers a lean structure that is the best fit for this litigation in its current stage. Here, where there is a realistic prospect of early settlement, a streamlined structure comprising only three attorneys is in the best interests of the Proposed Classes because it will avoid the additional coordination work needed if many attorneys are involved in managing the litigation. *See, e.g.*, *Brown v. Accellion, Inc.*, No. 5:21-CV-01155-EJD, 2023 WL 1930348, at *3 (N.D. Cal. Feb. 10, 2023) ("Because the parties have indicated that early settlement and class-wide resolution are real

3:24-md-03098-EMC                              2                      JOINT RESP. MEM. IN SUPPORT OF
                                                                      APPOINTING SIEGEL, SONEJI, AND
                                                                      LAUFENBERG AS INTERIM CO-LEAD
                                                                      COUNSEL

possibilities, the Court finds that the class would be best served by a lean and efficient lead counsel arrangement, as opposed to a towering leadership structure with committees. . . ."). The SSL Slate will centralize coordination and management authority in three attorneys who have already demonstrated their ability to efficiently structure management of the litigation with their dual-track negotiation and consolidated-pleading plan.

Further, if the Court appoints the SSL Slate and accepts our proposal to allow a short negotiation period of 45 days, that plan will not delay the progress of this litigation because Ms. Soneji and Ms. Laufenberg would concurrently prepare a consolidated complaint for filing immediately upon expiration of the 45 days if a settlement cannot be reached. The SSL Slate thus offers the structure and resources to allow Plaintiffs to press forward on a dual-track basis. No other proposed leadership structure provides for dedicating one well-established and highly successful attorney and firm specifically designated to attend to continued early negotiations on behalf of the Proposed Classes, while concurrently marshaling the resources of two other experienced and successful attorneys and firms to prepare for litigation.

This proposed schedule also has the added benefit of preserving precious funds for the Proposed Classes. Permitting a 45-day negotiation period—during which discovery will not immediately commence—will preserve funds that 23andMe has available for litigation (for example, litigation insurance funds) that otherwise would be expended on discovery until it is determined whether early resolution is possible. This is a crucial consideration given 23andMe's current financial condition. *See 23andMe*, ECF No. 22 at 2-3 (documenting 23andMe's financial troubles).[2]

---

[2] In support of their leadership application, the *Melvin* plaintiffs cite a survey of putative class members in which they assert the surveyed group "prefer[s] a rigorous, in-court process to an early settlement." *See Santana*, ECF No. 41 at 2. But we submit that developing a case plan based on such generalized views may not be the best strategy when the survey participants have not been provided the full context of any given case. Here, 23andMe's financial condition is an important consideration bearing on the timing of settlement discussions. As detailed in Mr. Siegel's application, because of 23andMe's financial prospects, "an early resolution may be the only path forward for the proposed class." *23andMe*, ECF No. 22 at 1. Moreover, early resolution can benefit class members in numerous ways, as long as early resolution is in their best interests and not in the interests of attorneys seeking quick payment. *See, e.g.*, *In re M.D.C. Holdings Sec. Litig.*, No. CV89-0090 E (M), 1990 WL 454747, at *7 (S.D. Cal. Aug. 30, 1990) (discussing how an

Additionally, the SSL Slate presents a team of experienced, successful attorneys with an exceptional amount of experience in data breach cases. *See In re 23andMe*, ECF No. 3 at 5-8; *id.*, ECF No. 19 at 2-5; *id.*, ECF No. 22 at 7-12. No other proposed leadership structure proposes three co-leads who each have significant expertise in prosecuting data breach class actions—with each bringing with them the resources and skill of large, diverse law firms. Mr. Siegel, Ms. Soneji, and Ms. Laufenberg have collectively held leadership roles in nearly every major consumer data breach case on record—an unparalleled resume of efficient case management, collaboration, and (most importantly) results for the classes they have represented. *See id.*

Moreover, the SSL Slate adds meaningful diversity to their experience and successes. It brings together three individual applicants to form a collaborative team, each with diverse backgrounds, and each with the support of law firms offering a mosaic of perspectives, experience levels, and career histories. *See In re 23andMe*, ECF No. 3 at 11-12; *id.*, ECF No. 19 at 4-5; *id.*, ECF No. 22 at 12. Further, the SSL Slate includes representation by counsel from one of the Illinois actions (and is supported by counsel in the other Illinois action), counsel from two of the California actions, and counsel who is "at home" with their office in this District and who has significant experience practicing in this District. *See, e.g.*, *In re 23andMe*, ECF No. 3 at 7, 9-11.

Each member of the SSL Slate has been deeply involved in the case from the start, investing considerable time, effort, and resources, including attending both mediation sessions. *See In re 23andMe*, ECF No. 3 at 3-5; *id.*, ECF No. 19 at 6; *id.*, ECF No. 22 at 4-5. Members of the SSL Slate engaged in substantial pre-suit investigation, delving into (among other things) 23andMe's services, data security practices, and response to the data breach incident; the applicable contractual terms; and the scope and potential harms resulting from the breach. Members of the SSL Slate have also consulted with thousands of affected individuals. *See id.* Through these concerted efforts, the SSL Slate has demonstrated its significant investment in the case,

---

"expeditious and substantial class settlement" in a complex action "benefit[ted] all concerned"). And, as shown from the long list of successful results the members of the SSL Slate have obtained for their clients and class members, there should be no question that the SSL Slate will always negotiate with the best interests of Plaintiffs and the Proposed Classes in mind—no matter when in the litigation those negotiations are held.

consistently prioritizing the interests of Plaintiffs and Proposed Class Members at every turn.

Finally, a substantial portion of the Proposed Classes—and their counsel—have already demonstrated their trust in the SSL Slate. Thousands of individual victims have retained the attorneys and firms represented in the SSL Slate, a testament to the trust placed that Proposed Class Members have in them. *See In re 23andMe*, ECF No. 3 at 3. Further, the SSL Slate has the support of counsel in several cases in this consolidated proceeding demonstrating the trust placed in them and their ability to work collaboratively with co-counsel.[3]

Accordingly, the Movant Plaintiffs request that the Court appoint Norman E. Siegel, Sabita S. Soneji, and Cari Campen Laufenberg as Interim Co-Lead Counsel and Mr. Siegel as Settlement Counsel.

Date: April 25, 2024

/s/ *Cari Campen Laufenberg*
Cari Campen Laufenberg (*pro hac vice*)
*claufenberg@kellerrohrback.com*
**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Telephone: (206) 623-1900

Christopher L. Springer (SBN 291180)
*cspringer@kellerrohrback.com*
**KELLER ROHRBACK L.L.P.**
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Telephone: (805) 456-1496
Facsimile: (805) 456-1497

*Attorneys for Plaintiff Camie Picha and the proposed class*

/s/ *Norman E. Siegel*
Norman E. Siegel (MO 44378) (*pro hac vice*)
*siegel@stuevesiegel.com*
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: 816-714-7100

---

[3] *Santana v. 23andMe, Inc.*, No. 3:23-CV-05147 (N.D. Cal.); *Mirza v. 23andMe, Inc.*, No. 3:23-CV-05259 (N.D. Cal.); *Hu v. 23andMe, Inc.*, No. 3:23-CV-17079 (N.D. Ill.); *Greenberg v. 23andMe, Inc.*, No. 3:23-CV-05302 (N.D. Cal.); *MacMillan v. 23andMe, Inc.*, No. 3:23-CV-0555 (N.D. Cal.); *Dube v. 23andMe, Inc.*, No. 3:23-CV-05768 (N.D. Cal.); *J.S. v. 23andMe, Inc.*, No. 3:23-CV-05234 (N.D. Cal.).

Facsimile: 816-714-7101

*Counsel for Plaintiffs Claire Paddy and Neil Haven and the proposed class*

/s/ *Sabita J. Soneji*
Sabita J. Soneji (State Bar No. 224262)
*ssoneji@tzlegal.com*
Em F. Cooper (State Bar No. 352951)
*ecooper@tzlegal.com*
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, CA 94612
Telephone: (510) 254-6808
Facsimile: (202) 973-0950

Hassan A. Zavareei (State Bar No. 181547)
*hzavareei@tzlegal.com*
Glenn E. Chappell (application for *pro hac vice* admission forthcoming)
*gchappell@tzlegal.com*
David W. Lawler (application for *pro hac vice* admission forthcoming)
*dlawler@tzlegal.com*
Leora N. Friedman (application for *pro hac vice* admission forthcoming)
*lfriedman@tzlegal.com*
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Avenue NW
Suite 1010
Washington, D.C. 20006
Telephone: (202) 973-0900
Facsimile: (202) 973-0950

*Counsel for Plaintiff Michele Bacus and the proposed class*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Cari Campen Laufenberg, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 25th day of April, 2024, at Seattle, Washington.

*/s/ Cari Campen Laufenberg*
Cari Campen Laufenberg

**CERTIFICATE OF SERVICE**

     I, Sarah Skaggs, hereby certify that on April 25, 2024, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

                                         /s/ *Sarah Skaggs*
                                         Sarah Skaggs