David S. Casey, Jr., SBN 060768
*dcasey@cglaw.com*
Gayle M. Blatt, SBN 122048
*gmb@cglaw.com*
P. Camille Guerra, SBN 326546
*camille@cglaw.com*
**CASEY GERRY SCHENK FRANCAVILLA**
  **BLATT & PENFIELD, LLP**
110 Laurel Street
San Diego, CA  92101
Telephone:  (619) 238-1811
Facsimile:   (619) 544-9232

M. Anderson Berry, SBN 262879
*aberry@justice4you.com*
Gregory Haroutunian, SBN 330263
*gharoutunian@justice4you.com*
Michelle Zhu, SBN 347741
*mzhu@justice4you.com*
**CLAYEO C. ARNOLD,**
**A PROFESSIONAL CORP.**
865 Howe Avenue
Sacramento, CA 95825
Tel.: 916.239.4778
Fax: 916.924.1829

*Proposed Interim Class Counsel*

[Additional counsel appear on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: 23ANDME, INC., CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>This Document relates to ALL ACTIONS | Case No.: 3:24-md-03098-EMC<br><br>MDL No. 3098<br><br>Hon. Edward M. Chen<br><br>**RESPONSE IN SUPPORT OF MOTION TO APPOINT M. ANDERSON BERRY AND GAYLE M. BLATT AS INTERIM CO-LEAD CLASS COUNSEL AND MELISSA R. EMERT AND MAUREEN K. BERG AS EXECUTIVE COMMITTEE MEMBERS FOR THE CLASS** |

At this point, the Court has received several applications for the appointment of lead and co-lead class counsel for this case. Suffice it to say, all the applicants are eminently qualified attorneys and any of the proposed firms or proposed co-leads —or some different combination if the Court so chooses— could lead this case to resolution in whatever form that takes.

Nevertheless, there are a few considerations that may suggest some appointments over others. One is length of involvement in the case. Here, familiarity with the litigation is critical given how this case has proceeded so far. And we—M. Anderson Berry and Gayle M. Blatt (proposed co-lead counsel) and Melissa R. Emert and Maureen K. Berg (proposed executive committee)—have been involved in the case since near the beginning. Indeed, Mr. Berry currently represents the first filer. And Ms. Blatt and Mr. Berry are two of only six attorneys that participated in the two pre-MDL mediations. So, we are ready to proceed as soon as the Court makes its decision.

Another important consideration is cooperation and transparency. We have good working relationships with many of the other attorneys involved in this litigation, including several who support our appointment, and have worked with them on data breach cases in the past. We have also insisted on transparency for the mediations here, which would not necessarily have been the case if we were not involved.

A final key factor is the need for precision and creativity. The allegations in this case are unquestionably troubling and serious. The data compromised here is highly sensitive, particularly given current world events and escalating tensions. The class members are rightly scared of what may happen, and a proper resolution will require some inventive thinking and perhaps some unorthodox solutions.

At the same time, this is not going to be sprawling litigation against a corporate behemoth with nearly unlimited financial resources. We have thoroughly researched the defendant here, including hiring and consulting with a business valuation expert, and the results show a company that, while certainly trying to remain viable, is not flush with assets. At present, 23andMe stock is trading at near record low levels, well under $1 per share. And 23andMe has represented that its total available insurance is limited compared the breadth and strength of the class members' claims, particularly the statutory claims which alone could easily bankrupt a much larger company. Most recently, as the Court is aware, 23andMe's founder has filed a notice of intent to take the company private.

The point being that this is a case of nuance rather than brute force. The goal of this litigation is to protect and serve the class members, not to lay waste to a defendant whose alleged actions and inactions have caused so much distress and harm to so many individuals. The class members will be best served by a skilled leadership team that can see the case to conclusion efficiently and with respect for the interests of the Plaintiffs and the class, whether resolution is through settlement or litigation.

We believe we are that team.

We offer substantial leadership experience in data breach and data privacy class actions, a diverse slate (three of our four proposed attorneys are women and we are all committed to giving important opportunities to our younger lawyers and those from traditionally underrepresented groups), efficient operation without big overhead and expenses, and a collaborative approach with the other attorneys involved.

**I. We Have the Skill and Experience Needed to Lead This Litigation**

Our initial motion lists many of the data breach and class actions cases we have been involved in, showcasing our broad experience. But it is worth highlighting a few specific cases that demonstrate we can lead this litigation both successfully and efficiently.

Members of our team played key roles in several groundbreaking data breach cases, including *In re: Yahoo! Inc. Customer Data Sec. Breach Litig.*, Case No. 16-MD-02752 (N.D. Cal.), *In Re: Ambry Genetics Data Breach Litig.,* No. 8:20-cv-00791-CJC (C.D. Cal.), *In re: Capital One Consumer Data Sec.y Breach Litig.*, No. 19-md-02915 (E.D. Va.), and *In re Morgan Stanley Data Sec. Litig.*, 1:20-cv-05914 (S.D.N.Y.).

*In re Yahoo!* was a case that presented similar issues to what will be at stake here. Although the number of individuals worldwide affected by the breach in the *Yahoo!* case was far larger than it is here—numbering well over a billion people—that case, like this one, involved the breach of a publicly traded tech company that was potentially on the decline and courting buyers. A part of the litigation involved exhaustive business valuation calculations and determining a feasible damage model for the class members that would align with those valuations. The *Yahoo!* case also posed several novel legal questions that required creativity and sophisticated research to resolve. A member of our team helped successfully resolve that case for value in excess of $100 million, despite the significant challenges.

The *Ambry Genetics Data Breach Litig.* case involved not only claims under California data privacy statutes similar to the ones at issue in this case, but also, like here, involved the theft of personal and private genetic health information. Members of our team helped reach a settlement for the class members in that case valued at over $20 million.

*In re: Capital One Consumer Data Sec. Breach Litig.*, was one of the largest data breach cases in history. A member of our team was an essential part of the small litigation group that led this case. She coordinated lead plaintiff discovery, defended over a dozen plaintiff depositions, argued motions related to class certification and expert qualification, and contributed to overall litigation strategy. This leadership helped secure a settlement for the class members valued in excess of $190 million.

Finally, a member of our team served on the Executive Committee in *In re Morgan Stanley Data Sec. Litig.*, a data breach case that resulted in a settlement for Class Members valued in excess of $68.2 million.

This is only a small sampling of the cases listed in our moving papers, but these cases reflect both the skill and style of leadership we bring to data breach class action litigation.

**II.  We Have Been Involved in This Case Since the Inception and Know All the Intricacies**

We do not wish to reiterate what is already set out in our motion, but it is worth highlighting a few points. We have been involved in this case since day one, doing everything from investigating the breach from the outset to researching Defendant's business and business practices and promoting contact and exchange of ideas with Plaintiffs' counsel by organizing Plaintiff counsel meetings early on.  We initiated contact, retained and have been collaborating closely with leaders in the areas of cyber-security and business valuation to more fully understand the nature, cause, and impact of the data breach and reach solutions that are feasible. We have done this while working harmoniously with other plaintiffs' counsel, sharing information and ideas.

Among other things, when we were notified by potential class members that Defendant was changing its Terms of Service in a way that could negatively impact the class, we immediately addressed that issue with the attorneys for Defendants. Further, we have consulted with experienced Settlement Administrators to determine how best to notify this class and reach as many impacted persons as possible.

This matter will require new and innovative ways to ensure a fulsome claims rate. We are the team that can help make that happen.

As mentioned above, Ms. Blatt and Mr. Berry are two of only six attorneys that participated in the two pre-MDL mediations. We also insisted, along with Norm Siegel, that the first mediation in this case not be held clandestinely. That mediation, as well as a later one, have advanced the exchange of information and negotiations considerably and have narrowed issues that remain for us to resolve.

### III.  We Have the Ability to Litigate This Case Aggressively but Also Efficiently

We recognize every class action involves some level of balancing efficiency with vigorous advocacy for the class. But in this case, that balance is paramount because there is potentially a limited fund from which the class can recover. So, while all the attorneys vying for leadership likely have more than enough resources to prosecute the case, they may not deploy those resources in the same way. And that variation will result in a significant difference in the class's recovery.

Each of the firms to which we belong prizes economy and efficiency. That's not to say we don't also fight tenaciously as needed, as our successes mentioned in our initial motion and above make clear. But a case of this sort, with highly sensitive and politically charged data being stolen and the Defendant's potential financial limitations, would benefit from a litigation strategy pursued with precision, creativity, and empathy. And our deep involvement in the case and the settlement negotiations to date, as well as our plan to avoid duplication of effort and our commitment to empowering our younger lawyers to assume significant responsibilities in the case—will contribute to our providing the best possible outcome for the class. We are indeed honored to have the support of so many other lawyers and firms who have filed cases in this MDL, as we outlined in our moving papers. And we would be pleased to combine forces with any other attorneys the Court may find appropriate.

### IV.  Conclusion

This Court has many proposed leaders and applicants to choose from. Any one of them would be excellent. But we believe we offer the unique combination of skill and size to lead litigation of this sort and to maximize recovery for the class. So, we ask that this Court appoint Gayle M. Blatt and M.

1  Anderson Berry as Interim Co-Lead Class Counsel and Melissa R. Emert and Maureen K. Berg as
2  members of Plaintiffs' Executive Committee.

3  Dated: April 25, 2024          Respectfully submitted,
4
5                                 By:    /s/ Gayle M. Blatt
                                         David S. Casey, Jr
                                         dcasey@cglaw.com
6                                        Gayle M. Blatt
                                         gmb@cglaw.com
7                                        P. Camille Guerra
                                         camille@cglaw.com
8                                        **CASEY GERRY SCHENK FRANCAVILLA**
                                           **BLATT & PENFIELD, LLP**
9                                        110 Laurel Street
                                         San Diego, CA  92101
10                                       Telephone:     (619) 238-1811
                                         Facsimile:     (619) 544-9232
11
                                         /s/ M. Anderson Berry
12                                       M. Anderson Berry, SBN 262879
                                         Gregory Haroutunian, SBN 330263
13                                       Brandon P. Jack, SBN 325584
                                         Michelle Zhu, SBN 347741
14                                       **CLAYEO C. ARNOLD,**
                                           **A PROFESSIONAL CORP.**
15                                       865 Howe Avenue
                                         Sacramento, CA 95825
16                                       Tel.: 916.239.4778
                                         Fax: 916.924.1829
17                                       aberry@justice4you.com
                                         gharoutunian@justice4you.com
18                                       bjack@justice4you.com
                                         mzhu@justice4you.com
19                                       mkberg@locklaw.com
                                         Minneapolis, MN 55401
20                                       Tel.: 612.339.6900
                                         Fax: 612.339.0981
21
                                         Maureen Kane Berg (*Pro Hac Vice*)
22                                       **LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
                                         100 Washington Avenue South, Suite 2200
23
24
25
26
27
28

Melissa R. Emert (*Pro Hac Vice*)
**Kantrowitz, Goldhamer & Graifman, P.C.**
135 Chestnut Ridge Road, Suite 200
Montvale, NJ 07645
Tel.: 845.356.2570; Fax: 845.356.4335
memert@kgglaw.com

*Attorneys for Plaintiffs Santana, Kleynburd, Eden, Pinho, Seawright, Zager-Maya, Sorensen, Farmer, and Velez and the Proposed Class*