**GREENBERG TRAURIG, LLP**
Ian C. Ballon (SBN 141819)
*Ballon@gtlaw.com*
1900 University Avenue, 5th Floor
East Palo Alto, California 94303
Telephone: 650-328-8500

Rebekah S. Guyon (SBN 291037)
*GuyonR@gtlaw.com*
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: 310-586-7700

Kristin O'Carroll (SBN 312902)
*ocarrollk@gtlaw.com*
101 Second Street, Suite 2200
San Francisco, California 94105-3668
Telephone: 415-655-1300

*Attorneys for Defendants 23andMe, Inc.,*
*23andMe Pharmacy Holdings, Inc., 23andMe Holding Co.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: 23ANDME, INC., CUSTOMER DATA SECURITY BREACH LITIGATION | Case No. 24-md-03098-EMC<br><br>**23ANDME'S STATEMENT REGARDING SELECTION OF PLAINTIFFS' LEAD COUNSEL HEARING ON MAY 30, 2024 AND IN SUPPORT OF ONGOING SETTLEMENT NEGOTIATIONS** |

In response to proposals advanced by some plaintiffs in motions for appointment of lead counsel, Defendants 23andMe, Inc., 23andMe Holding Co., and 23andMe Pharmacy Holdings, Inc. (collectively, "Defendants" or "23andMe") write in support of a continued 45-day stay of this litigation pending settlement negotiations following the initial conference and hearing on the selection of Plaintiffs' Lead Counsel and/or Steering Committee scheduled for May 30, 2024. *See* ECF No. 1.

23andMe takes no view on who should or should not be appointed Lead Counsel. 23andMe does, however, support continuing settlement negotiations, which it believes are in all parties' interests.

1  Plaintiffs' counsel in *Alperstein v. 23andMe, Inc.* (Case No. 3:23-cv-5541), *Brown v. 23andMe, Inc.* (Case
2  No. 3:24-cv-01662), *Gill v. 23andMe, Inc.* (Case No. 8:23−cv−02387), *Navarro v. 23andMe, Inc.*, (Case
3  No. 3:23-cv-05281), *Lamons v. 23andMe, Inc.* (Case No. 3:23-cv-05178), *Tulchinsky v. 23andMe, Inc.*
4  (Case No. 3:23-cv-05369), and *Paddy, et al. v. 23andMe, Inc.* (Case No. 3:23-cv-06698) have proposed a
5  45-day stay. *See* ECF Nos. 5, 22.

6        23andMe participated in two mediations with plaintiffs' counsel before Randall Wulff. All
7  plaintiffs were invited to the first mediation in late January 2024, and, to 23andMe's knowledge, only the
8  Edelson firm declined to participate. Following the first mediation, certain plaintiffs' counsel indicated to
9  23andMe that 23andMe's confidential mediation disclosures had been leaked outside of the mediation
10 confidentiality agreement and apparently to the press to undermine the first mediation session attended by
11 virtually all plaintiffs' counsel. *See e.g.*, Alison Frankel, *As 23andMe Goes to Mediation in Hacked DNA*
12 *Case, Plaintiffs' Firm Warns of Collusion*, REUTERS (Jan. 30, 2024),
13 https://www.reuters.com/legal/legalindustry/column-23andme-goes-mediation-hacked-dna-case-
14 plaintiffs-firm-warns-collusion-2024-01-30/ (counsel for Melvin Plaintiffs posturing that the mediation
15 efforts were "a race to the bottom" by "plaintiffs' firms without much experience in privacy cases [that]
16 will bite if 23andMe offers a 'quick and dirty' settlement"); Amanda Bronstad, *Plaintiffs' Lawyers Divided*
17 *Over Early Mediation of 23andMe Data Breach Cases*, LAW.COM (Jan. 31, 2024),
18 https://www.law.com/2024/01/31/plaintiffs-lawyers-divided-over-early-mediation-of-23andme-data-
19 breach-cases/ (arguing against the value of early mediation efforts and that "the court should stop this race
20 to the bottom and appoint strong leads who have a clear track record of delivering outstanding results in
21 novel privacy cases"). 23andMe did not select the participants for the second mediation, but deferred to
22 plaintiffs' counsel to self-organize. 23andMe continues to engage in settlement discussion with plaintiffs'
23 counsel, but no settlement has been reached.

24       23andMe believes early resolution may be the best path forward for the putative class, and a minor,
25 continued 45-day stay would further the settlement effort. Significant progress has been made in narrowing
26 positions, and 23andMe believes that a short 45-day additional stay would allow the parties the opportunity
27 to complete the current process and hopefully reach agreement. Among other reasons, such as those cited
28 by plaintiffs' counsel in the motions that additionally support this minor continued stay, 23andMe has a

wasting insurance policy that will be depleted if litigation commences. *See In re JPMorgan Chase LPI Hazard Litig.*, Case No.: C-11-03058 JCS, at *3-4 (N.D. Cal. July 23, 2013) (staying action and extending deadlines for 60 days because "stay will allow both parties to conserve their resources should a settlement in [related case] be finalized."); *Largan Precision Co. v. Motorola Mobility LLC.*, No. 21-CV-09138-JSW, 2022 WL 2954935, at *4 (N.D. Cal. July 26, 2022) ("An early stay may save the parties and the Court from unnecessarily expending significant resources. A stay later in the proceedings will likely produce less benefit and increase the possibility of prejudice."); *Annunziato v. eMachines Inc.,* 2006 WL 5014567, at *5 (C.D. Cal. July 24, 2006) (granting motion to stay class action where parallel state court case had settled because stay would save defendants from hundreds of hours spend on discovery and briefing).

      For the foregoing reasons, and without expressing a view on class leadership, 23andMe respectfully submits that a minor continued stay to allow for settlement negotiations is in the interests of all parties including the putative class.

Respectfully submitted,

Dated:  April 25, 2024

By: ___/s/___

Ian C. Ballon
GREENBERG TRAURIG, LLP
Ballon@gtlaw.com
1900 University Avenue, 5th Floor
East Palo Alto, California 94303
Tel: 650-289-7881; Fax: 650-462-7881
*Attorneys for Defendants 23andMe, Inc., 23andMe Pharmacy Holdings, Inc., 23andMe Holding Co.*