**COLE & VAN NOTE**
Laura Van Note (SBN 310160)
*lvn@colevannote.com*
555 12th Street, Suite 2100
Oakland, CA 94607
Tel: (510) 891-9800
Fax: (510) 891-7030

**REESE LLP**
Michael R. Reese (SBN 206773)
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, NY 10025
Tel: (212) 643-0500

**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
*rclarkson@clarksonlawfirm.com*
Yana Hart (SBN 306499)
*yhart@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: 23ANDME, INC. CUSTOMER DATA SECURITY BREACH LITIGATION | Case No. 3:24-md-3098-EMC<br><br>**COMBINED RESPONSE TO MOTIONS TO APPOINT INTERIM CO-LEAD CLASS COUNSEL** |

# INTRODUCTION

Although several firms are applying for leadership in this action, none have committed as much time and resources as Michael R. Reese of Reese LLP, Laura Van Note of Cole & Van Note, and Ryan J. Clarkson of Clarkson Law Firm, P.C. (collectively, the "RVC Group"). The RVC Group served as organizing counsel in two early mediations, navigating a web of complexities in one of the most serious breaches of personal information in history, on an expedited timeframe given the defendant's well-documented dire financial condition. Importantly, the RVC Group worked with counsel on <u>both</u> sides in an attempt to facilitate resolution, substantially bridging the gap between the parties during settlement discussions and obtaining necessary information and documents to facilitate these discussions. The RVC Group has demonstrated a commitment to the clients and proposed classes they represent through strong leadership, diligence, collaboration, and a deep understanding of the issues. The RVC Group respectfully requests the Court appoint Michael R. Reese, Laura Van Note, and Ryan J. Clarkson as co-lead interim class counsel.

# ARGUMENT

## I. The RVC Group Has No Conflict With the Proposed Class

The RVC Group does not have any conflicts with the proposed class. *See* Fed. R. Civ. P. 23(g)(1)(B) (stating the court may consider counsel's ability to fairly and adequately represent the interests of the class); 23(g)(4) (requiring counsel to fairly and adequately represent the interests of the class). This is an important consideration as the Court weighs competing applications. For example, a disqualifying conflict might exist where class counsel has other clients harmed by the defendant's wrongdoing but for which they intend to pursue claims individually via arbitration. *See Lou v. Ma Laboratories, Inc.*, case no. 12-cv-05409, 2014 WL 68605 at *2 (N.D. Cal. Jan 8, 2014) (class counsel inadequate where they represented "different plaintiffs in different actions proceeding at the same time with the same claims, same counsel, and same defendants" because "defendants have an incentive to settle all claims at once, if it settles at all, thereby creating opportunities for counsel to manipulate the allocation of settlement dollars.") While some firms

may be in this position, the RVC Group is not. Ensuring there is no such conflict impacting settlement incentives is especially important here given the dire financial health of 23andMe. The lack of this or any other conflict weighs in further favor of the RVC Group's leadership application. *Id.* ("A class in this case deserves to be championed by its counsel unencumbered by their duties to other clients.")

## II. The RVC Slate Is in the Best Position to Continue Leading This Case

While the RVC Group recognizes that many well-qualified attorneys are seeking to be appointed Interim Class Counsel, as detailed in their Motion, the RVC Group is uniquely positioned to continue leading this case. This group has already dedicated substantial time and resources to this case, and has moved the case forward effectively, even in the early stages and before consolidation. The RVC Group has successfully obtained the necessary informal confidential discovery from Defendant, to ensure that the parties' mediation efforts are fruitful. The RVC Group also collaborated with other counsel on both sides, in attempt to facilitate resolution – a number of whom are seeking appointment – in an attempt to reach a uniform outcome and brought the parties closer to a potential resolution.  In addition, while other individuals who have sought leadership are well qualified, the RVC Group meets the Court's direction that the leadership should be a team of diverse attorneys. The RVC Group is diverse both in background and in years of experience and has the bandwidth to devote the time and attention needed to effectively lead this case that others may lack due to competing appointments. The RVC Group also comprises three California-based attorneys, intimately familiar with the practices and local rules in this District, having handled dozens of cases before this court. Finally, the RVC Group represents all of the various interests of class members and various statutory damages claims, including a California CCPA claim (which has been perfected and may be added to the Consolidated Complaint at any time) and a GIPA claim for Illinois residents. The class would be well served and well represented by the RVC Group.

### III. Other Qualified Individuals Should Be Appointed to the Plaintiffs' Steering Committee

The RVC Group welcomes the participation of other attorneys in the effective prosecution of this case. The formation of a Plaintiffs' Steering Committee would allow lead counsel to distribute work among the various attorneys and harness the skills and knowledge of others. The RVC Group supports the Court appointing any of the following individuals to the Plaintiffs' Steering Committee: Maureen Brady, Anderson Berry, and Gayle Blatt. The RVC Group also supports the appointment of Carey Alexander as the State/Federal Liaison. The RVC Group has worked with each of these individuals in this case and/or as co-lead counsel in numerous other cases and is confident in their abilities to contribute to the successful and efficient prosecution of this case and work cooperatively together. The RVC Group is committed to serving the best interest of the class with any other counsel appointed by the Court.

### **CONCLUSION**

For the foregoing reasons, Plaintiffs Max Alperstein, Michael Blackwell, Tyrell Brown, Dhaman Gill, Kerry Lamons, Katianne Navarro, Arya Shoaee and David Tulchinsky respectfully request this Court enter an order appointing Michael R. Reese of Reese LLP, Laura Van Note of Cole & Van Note, and Ryan J. Clarkson of Clarkson Law Firm, P.C. Interim Co-Lead Class Counsel; appointing Maureen Brady, Anderson Berry, and Gayle Blatt to the Plaintiffs' Steering Committee; and appointing Carey Alexander as the State/Federal Liaison.

Date: April 25, 2024                    Respectfully submitted,

**COLE & VAN NOTE**
*/s/ Laura Van Note*
Laura Van Note
555 12th Street, Suite 2100
Oakland, CA 94607
Tel: (510) 891-9800
Fax: (510) 891-7030
lvn@colevannote.com

**REESE LLP**
Michael R. Reese (SBN 206773)
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
mreese@reesellp.com

**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson
Yana Hart
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070
rclarkson@clarksonlawfirm.com
yhart@clarksonlawfirm.com
*Attorneys for Plaintiffs and the Proposed Class*