Joseph W. Cotchett (SBN 36324)
Mark C. Molumphy (SBN 168009)
Tyson Redenbarger (SBN 294424)
Gia Jung (SBN 340160)
jcotchett@cpmlegal.com
mmolumphy@cpmlegal.com
tredenbarger@cpmlegal.com
gjung@cpmlegal.com
**COTCHETT, PITRE & MCCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel: (650) 697-6000
Fax: (650) 697-0577

Francis A. Bottini Jr. (SBN 175783)
Anne B. Beste (SBN 326881)
Albert Y. Chang (SBN 296065)
*fbottini@bottinilaw.com*
*abeste@bottinilaw.com*
*achang@bottinilaw.com*
**BOTTINI & BOTTINI, INC.**
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037
Tel: (858) 914-2001
Fax: (858) 914-2002

*Attorneys for Plaintiff Rudy K. Thompson*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| *IN RE: 23ANDME, INC. CUSTOMER DATA SECURITY BREACH LITIGATION*<br><br>This Document Relates To: All Actions | Case No. 3:24-md-03098-EMC<br><br>**RESPONSE TO MOTIONS TO APPOINT INTERIM CO-LEAD COUNSEL**<br><br>Date: May 30, 2024<br>Time: 1:30 p.m.<br>Judge: Hon. Edward M. Chen<br>Place: Courtroom 5, 17th Floor |

## I. Introduction

Proposed Interim Co-Lead Counsel Cotchett, Pitre & McCarthy LLP ("CPM") and Bottini & Bottini ("BB") (collectively the "CPM/BB Team") request to be appointed Interim Co-Lead Counsel in this consolidated action against 23andMe, Inc. ("23andMe" or the "Company"). Amongst a group of other, highly qualified applicants, the CPM/BB Team uniquely have the resources and diversity of experience necessary to lead this important case. Most importantly, unlike other applicants who chose to file complaints soon after 23andMe initially announced the data breach, or organized premature settlement discussions before the facts (let alone leadership) had been settled, the CPM/BB Team continued to investigate its claims and then filed the most comprehensive complaint.

In sum, the CPM/BB Team easily satisfies the requirements of Rule 23(g), and the Team's deep, particularized experience will allow it to achieve a successful and efficient recovery for the class.

## II. Argument

### A. The CPM/BB Complaint is Comprehensive, Following Extensive Investigation, and Carefully Considered All Legal Claims and Remedies

The work that counsel has done in identifying, investigating, and pleading potential claims in a complaint is an important factor in appointing interim lead counsel. *See* Fed. R. Civ. P. 23(g)(1)(A) (a court "must consider: (i) the work counsel has done in identifying or investigating potential claims in the action"). Indeed, in comparing the work performed at the early stages of a case, courts often weigh the quality of the pleadings "in favor of plaintiffs who had filed complaints that were more targeted, better researched, and more challenging for the defendants." *Berg v. Guthart*, 2014 WL 3749780, at *6 (N.D. Cal., July 30, 2014) (citations omitted).

Here, and in stark contrast to many of the complaints in this action that were hurriedly filed within days or weeks of the initial disclosure of the breach, the CPM/BB Team waited to file suit until its investigation was completed and after substantial additional information was revealed. As a result, the CPM/BB Team filed the most detailed and comprehensive complaint, with fourteen causes of action specifically tailored to the facts of this case. *See* Case No. 3:24-cv-01418, ECF No. 1.

Not surprisingly, the majority of complaints filed do not include facts concerning (1) 23andMe's changes to its terms of service that made it more difficult for users to bring suit; (2) specific allegations

that the plaintiff has opted out of Defendants' class action waiver, which Thompson has, thereby preserving his standing to bring these claims (*Id.* at ¶21); (3) the hacker's use of the DNA Relatives and Family Tree Features; (4) the hacker's posts targeting Jewish and Chinese users; and (5) the additional disclosure filed by 23andMe with the California Attorney General's Office, which describes a far more devastating breach than was originally disclosed in either 23andMe's initial October 2023 disclosures or its updated December 2023 disclosures. *See* Case No. 3:24-cv-01418, ECF No. 1 at ¶¶ 5-16, 21, 34-38, 41-56, 65-66, 72-74.

Nonetheless, several firms now tout the fact that they began discussing mediation with Defendants in December 2023, well *before* the extent of the problems had emerged. *See* Case No. 3:24-md-03098-EMC, ECF No. 5. Indeed, the Company's belated disclosure to the California Attorney General's office was not filed until January 21, 2024 and described, for the first time, that 23andMe had been attacked from April 2023 through September 2023 and that hackers were able to access users' raw genotype data and other highly sensitive health care information like health predisposition reports and carrier-status reports. Case No. 3:24-cv-01418, ECF No. 1 at ¶¶50-52.

A mere week after this disclosure, on January 31, 2024, over 25 plaintiff's attorneys, including a majority of the attorneys requesting to be Lead Counsel here, participated in a premature mediation. At the time, the CPM/BB Team was investigating the still-developing facts of this case to ensure that the Team's Complaint was both targeted and comprehensive. The CPM/BB Team filed its Complaint on March 8, 2024, containing fourteen causes of action and two subclasses. On March 20, 2024, without informing the CPM/BB Team now on file, these firms conducted a second mediation.

**B.    The CPM/BB Team is Local, Which Increases Efficiency**

Before this Court are motions for lead from counsel from various states, as well as several motions for lead where an out-of-state firm has paired up with a California firm. *See Id.,* ECF Nos. 3, 18, 22; Case No. 3:23-cv-05345-EMC, ECF No. 21, and Case No. 3:23-cv-05147-EMC, ECF No. 85. While the involvement of out-of-state counsel is to be expected, interests of judicial economy and efficiency are best served by California-based lead counsel familiar with the Court and physically close to the primary defendant, 23andMe. Here, the CPM/BB Team is located solely in California, and CPM has been based in the Bay Area since 1967. 23andMe's principal headquarters are in South San

Francisco, and the lion's share of discovery and depositions will therefore likely take place in San Mateo or San Francisco counties. As the entirety of CPM's attorneys working on this case are located in this District, travel expenses for out-of-state counsel will be completely eliminated. Further, in collaborating with any counsel that may be assigned as part of any Steering Committee, CPM's office in Burlingame, a 5-minute drive from SFO, makes it an ideal and efficient base of operations. Further, the CPM/BB Team has litigated numerous class actions in the Northern District and is intimately familiar with the Court and its processes.

### C. The CPM/BB Team is Diverse

The majority of motions for leadership included one representative attorney who would serve as the sole or co-lead counsel. Since the identified attorney is generally a senior partner at his or her firm, these applicants presumably also propose their firms (or less senior attorneys and staff) to be appointed to perform much of the work to ensure cost efficiencies.

The CPM/BB team, on the other hand, recognizes that a team of diverse attorneys is both encouraged by the Court and beneficial to the class. Therefore, the CPM/BB Team identified all of their proposed slate of attorneys, each of whom will apply their particular skills and backgrounds to represent the class. The CPM/BB Team spans five generations and includes attorneys diverse in age, gender, racial/ethnic identity, national origin, and sexuality.

| **Attorney** | **Years of Practice** | **Background** |
|---|---|---|
| **Joseph W. Cotchett** | **60** | Cotchett has tried more than 100 cases to verdict. In one of the earliest multidistrict litigation mass tort cases in the country for improperly tested Swine Flu vaccinations, Cotchett was appointed lead counsel. Cotchett is considered one of the best trial strategists in California. |
| **Mark C. Molumphy** | **31** | Molumphy's background includes a string of historic results in data security and privacy cases, as well as issues of first impression relating to privacy and security, including *In re Apple Inc. Device Performance Litigation* and *In re Zoom Communications, Inc. Privacy Litigation*. |
| **Tyson C. Redenbarger** | **11** | Redenbarger started his legal career in tenants' rights law, representing tenants who were wrongfully evicted or living in unhabitable conditions. Since then, he has practiced in a wide range of complex civil litigation, including privacy class actions and large multidistrict litigation such as *Zoom* and *Apple*. |

| Name | | Description |
|---|---|---|
| **Gia Jung** | 3 | After graduating from UC Berkeley School of Law with a certificate in IP & Technology Law, Jung worked at a large firm representing clients in technology-based commercial litigation and trade secret matters. Since joining the plaintiff's bar, Jung has served as counsel in complex consumer, privacy, and securities class actions. Jung has published works and speaks at conferences concerning artificial intelligence and the law. |
| **Francis A. Bottini** | 30 | Bottini has achieved numerous multi-million dollar recoveries in securities, consumer, privacy, and antitrust class actions across the country. Recently, the *In re Yahoo! Inc. Shareholder Litigation*, settled for $29 million under his leadership, the largest recovery ever in a shareholder derivative action involving a data breach. Bottini has also led other prominent cases involving significant remedial relief, including as Co-Lead Counsel in *In re Alphabet Inc. Shareholder Derivative Litig.*, which obtained a groundbreaking settlement resulting in several major DEI commitments and reforms by Google. |
| **Albert Y. Chang** | 23 | Chang was born in China and came to America as a teenager to pursue the American dream. Chang has extensive experience in federal privacy litigation and served as a judicial law clerk to United States District Judge Suzanne B. Conlon for the Northern District of Illinois and to United States District Judge Roger T. Benitez for the Southern District of California. Chang has been involved in several high-stakes litigations involving technology companies and recently served on the Executive Committee in the *Tiktok Consumer Privacy Litigation* and the Steering Committee in *Zoom*. |
| **Anne B. Beste** | 32 | Beste's practice includes employment, environmental, and trade secret litigation in multiple states, including California, Washington D.C., Missouri, and Illinois. Since joining Bottini & Bottini, Beste primarily practices complex class action litigation, including consumer, privacy, and securities class actions. |

**D.     The CPM/BB Team's Trial and Class Action Experience Will Efficiently and Expediently Move this Case Towards Resolution**

The CPM/BB Team has highly relevant experience with complex privacy litigation and large multi-district litigation. For example, Bottini & Bottini was appointed to Plaintiffs' Steering Committee by the Hon. John Z. Lee *In re Tik Tok, Inc. Consumer Privacy Litigation*, MDL No. 2948 (N.D. Ill.). In that consumer privacy class action, the plaintiffs alleged that Defendants, through the TikTok app, collected, captured, obtained, stored and disclosed Illinois resident TikTok users' biometric information in violation of Illinois' Biometric Information Privacy Act ("BIPA"), 740 ILCS

§14/1, et seq. Similar to the present case, *TikTok* involved technical as well as privacy issues, which impacted a large number of consumers. Ultimately, *TikTok* successfully settled for $92 million.

Similarly, CPM successfully served as co-lead counsel in *In re Zoom Video Communications, Inc. Privacy Litigation*. In *Zoom*, class plaintiffs alleged Zoom failed to protect users' privacy and misrepresented the capabilities of its service. The class of 150 million users included individuals who had been subjected to cruel and obscene "Zoombombings" and users whose personal data had been shared without consent. After years of discovery, the case settled for $85 million and over a dozen major changes to Zoom's practices, designed to improve meeting security, bolster privacy disclosures, and safeguard consumer data, which the court found to be a "significant" additional value to the class. *In re Zoom Video Commc'ns, Inc. Priv. Litig.*, 2022 WL 1593389, at *6 (N.D. Cal. Apr. 21, 2022).

Additionally, the CPM/BB Team both have extensive experience leading contentious and high-stakes multi-district ligation, including *In re Apple Inc. Device Performance Litigation*. In *Apple*, CPM served as co-lead counsel for the massive, nationwide class action alleging that Apple caused iPhone customers to install an operating system software update that secretly slowed down or "throttled" the performance of their iPhones. Molumphy coordinated the review of millions of highly technical Apple documents and depositions of Apple executives and engineers. Ultimately, Apple agreed to pay up to $500 million to iPhone users. CPM and B&B are also currently serving on the Executive Committee in *In re Google RTB Consumer Privacy Litig.,* Case No. 4:21-cv-02155-YGR (N.D. Cal.)—a consumer privacy class action alleging that Google misappropriated consumers' personally identifiable information for its own profit in connection with the operation of its "real time bidding" network with advertisers. *See In re Google RTB Consumer Priv. Litig.*, 606 F. Supp. 3d 935 (2022) (denying motion to dismiss).

This experience will also benefit the class in resolution discussions. While early settlement discussions may be in the best interests of the class, the CPM Team will make that determination only after ensuring that Lead Counsel are on an equal playing field as 23andMe, with access to the same material evidence. In contrast, there are several proposed lead counsel who, if appointed, have indicated that they would move this Court to stay or otherwise postpone litigation in this case to try to settle this case early. *See e.g.,* Case No. 3:24-md-03098-EMC, ECF Nos. 5, 19, 22. The CPM/BB

Team staunchly opposes any delays in litigating this case, and will instead pursue an aggressive discovery schedule that will best inform any potential settlement or allow for the class to expeditiously proceed toward trial.  Mediation efforts can be undertaken in parallel with the litigation, but not at the expense of an expedited case schedule or full discovery into the damages alleged in this case.  Below is a proposed schedule reflecting this approach:

| | |
|---|---|
| **Consolidated Complaint**: | **June 30, 2024** |
| **Class Certification Motion Due**: | **September 26, 2024** |
|     **Opposition**: | **October 24, 2024** |
|     **Reply**: | **November 21, 2024** |
| **Fact Discovery Cut Off**: | **January 31, 2025** |
| **Deadline to Amend Pleadings**: | **February 21, 2025** |
| **Expert Disclosures**: | **February 21, 2025** |
| **Rebuttal Expert Disclosures**: | **March 7, 2025** |
| **Expert Discovery Cut Off**: | **March 21, 2025** |
| **Last Day to File Dispositive and Daubert Motions**: | **April 11, 2025** |
|     **Opposition**: | **May 9, 2025** |
|     **Reply**: | **May 23, 2025** |
| **Final Pretrial Conference**: | **June 16, 2025** |
| **Jury Trial**: | **June 30, 2025** |

The CPM/BB Team will also strive to preserve class resources by avoiding needless expert reports or untimely class surveys, particularly those designed to benefit and self-promote counsel and not the class members.  The CPM/BB Team will further endeavor to keep costs low to maximize the recovery for the class, including by carefully considering experts and needed depositions, utilizing modern discovery and ESI technologies under the supervision of IT experts, and keeping this case on an aggressive trial schedule to minimize waste.

## III. Conclusion

For these reasons discussed herein, the Court should appoint the CPM/BB Team as Interim Co-Lead Counsel.

Dated: April 25, 2024

Respectfully submitted,
COTCHETT, PITRE & MCCARTHY, LLP

*/s/ Mark C. Molumphy*
MARK C. MOLUMPHY

Gia Jung (SBN 340160)
Joseph W. Cotchett (SBN 36324)
Mark C. Molumphy (SBN 168009)
Tyson C. Redenbarger (SBN 294424)
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone: (650) 697-6000
Email:   *gjung@cpmlegal.com*
         *jcotchett@cpmlegal.com*
         *mmolumphy@cpmlegal.com*
         *tredenbarger@cpmlegal.com*

BOTTINI & BOTTINI, INC.

*/s/ Francis A. Bottini, Jr.*
FRANCIS A. BOTTINI, JR.

Francis A. Bottini, Jr. (SBN 175783)
Anne B. Beste (SBN 326881)
Albert Y. Chang (SBN 296065)
7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone: (858) 914-2001
Email:   *fbottini@bottinilaw.com*
         *abeste@bottinilaw.com*
         *achang@bottinilaw.com*

*Counsel for Plaintiff Rudy K. Thompson*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Mark C. Molumphy, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 25th day of April 2024, at Burlingame, California.

By  */s/ Mark C. Molumphy*
Mark C. Molumphy