# Exhibit 1

## EXHIBIT 1: PRIVACY SETTLEMENTS OF FIRMS SEEKING LEAD[1]

| **BARNOW AND ASSOCIATES, P.C.** | Class Size | Statutory Damages? | Settlement & per capita valuation | Reversionary/ Claims-Made/Cy Pres-Only | Claims rate | Fees as percentage of cash component |
|---|---|---|---|---|---|---|
| *In re Sony Gaming Networks and Customer Data Security Breach Litigation*, No. 11-md-02258-AJB (S.D. Cal.)[2] | 59,480,018 (Dkt. 204-4 at 3) | $100-$1,000 under FCRA (at least $594 million), and additional statutory damages to subclass | No fund. Limited subclass able to claim $9.99 in cash, otherwise only Sony's in-game-related benefits, including free PS3 and PSP games, free PS3 themes, free subscriptions to PlayStation Plus, and reimbursement for identity-theft related charges. (Dkt. 204-1 at 1–3.) At the time of final approval, only 191 cash-eligible claims and 109 identity theft reimbursement claims had been received. (Dkt. 208 at 9.) | Claims-made | 0.1% (Dkt. 208 at 9) | $2,750,000 in fees and expenses; fees exceed claims |
| *Cochran v. Kroger Co.*, No. 5:21-cv-01887-EJD (N.D. Cal.) | 3,788,622 (Dkt. 104-1 at 4) | $1,000 per violation for California subclass | $5,000,000 fund, from which claimants could elect: (1) two years of credit monitoring; (2) a payment for reimbursement of out-of-pocket losses up to $5,000, or (3) a pro rata cash payment after deducting the cost of credit monitoring and the documented loss payments (doubled for California residents) (Dkt. 104 at 1; dkt. 31 at 8–10.) $1.32 per capita. | Non-reversionary | 1.0% (Dkt. 104-1 at 10) | $1,231,628 (24.6%) in attorneys' fees; $18,372 in expenses |
| *Kostka v. Dickey's Barbecue Restaurants, Inc.*, No. 3:20-cv-3424 (N.D. Texas) | 725,000 (Dkt. 98 at 1) | N/A | $2,350,000 fund from which claimants could elect: (1) a payment for reimbursement of out-of-pocket losses up to $5,000, or (2) a pro rata cash payment after deducting the documented loss payments (doubled for California residents). (Dkt. 98 at 2–3; Dkt. 62-1 at 10.) $3.24 per capita. | Non-reversionary | 16.2% (Dkt. 98-2 at 10)[3] | $810,841.93 (34.5%) in attorneys' fees |
| *Perdue v. Hy-Vee, Inc.*, No. 1:19-cv-01330 (C.D. Ill.) | 493,202 (Dkt. 72 at 4) | N/A | No common fund. Class members could claim reimbursement of out-of-pocket expenses and lost time up to $225, and extraordinary expenses up to $5,000 per claim. (Dkt. 71 at 3.) The total amount of approved payments to Class Members was $301,837.45. (Dkt. 80 ¶ 3.) | Claims-made | 1.3% (Dkt. 80 ¶ 3) | $739,000 in fees and costs; fees exceed claims |

---

[1] This exhibit isn't exhaustive, and instead focuses primarily on the privacy settlements cited in the briefs (and not discussed in Edelson's brief).
[2] Robbins Geller was also on the Plaintiffs' Steering Committee with Barnow in this matter. Casey Gerry was one of the Liaison Counsel. (Dkt. 60.)
[3] Claims at final approval were unverified. (Dkt. 98-2 at 10.)

1

| **CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD LLP** | Class Size | Statutory Damages? | Settlement & per capita valuation | Reversionary/ Claims-Made/Cy Pres-Only | Claims rate | Fees as percentage of cash component |
|---|---|---|---|---|---|---|
| *James v. Davaco, Inc.*, No. 3:21-cv-02318-M (N.D. Tex.) | 14,192 (Dkt. 48-2 at 14) | California subclass seeking $100-$750 for CCPA claims | $540,000 fund, allocated between awards capped at $185 or 36 months of credit monitoring, reimbursement of documented losses, and payment for time spent addressed the breach. (Dkt. 48-1 at 3–4.) California claimants could submit claims for up to $175. (*Id.*) $38.04 per capita. | Non-reversionary | 19.1% (Dkt. 48-2 at 16) | $180,000 (33.33%) in attorneys' fees; $12,045.26 in expenses |
| *Pfeiffer et al. v. RadNet, Inc.*, No. 2:20-cv-09553-RGK-SK (C.D. Cal.)[4] | 22,970 (Dkt. 67-1 at 4) | California subclass seeking $100-$750 | $2,600,000.00 fund, first gave claiming class members five years of credit monitoring and identity restoration relief, reimbursement of out-of-pocket expenses, and payment for time spent addressing the breach, up to certain limits. (Dkt. 67-1 at 4–5.) Alternatively, class members could claim $125 in cash instead of credit monitoring protection. (*Id.* at 5.) $113.19 per capita. | Non-reversionary | 7.8% (Dkt. 67-1 at 8) | $650,000 (25%) in attorneys' fees; $49,489.39 in expenses |
| *In re Citrix Data Breach Litigation*, No. 19-cv-61350-RKA (S.D. Fla.) | 23,908 (Dkt. 64 at 5) | N/A | $2,275,000 non-reversionary fund, claimants could claim out-of-pocket losses stemming from the breach, payment for time spent addressing the breach, credit monitoring and identity restoration services, and enhanced security measures designed to prevent another data breach. Class members could opt for alternative cash payments (pro rata of funds remaining after payments of the above). (Dkt. 64 at 5–9.) $95 per capita. | Non-reversionary | 6.9% (Dkt. 64 at 11) | $750,000 (27.27%) in attorneys' fees; $18,494.16 in expenses |

---

[4] Clayeo C. Arnold was co-counsel in this matter.

| CLAYEO C. ARNOLD, PC | Class Size | Statutory Damages? | Settlement & per capita valuation | Reversionary/ Claims Made/Cy Pres-Only | Claims rate | Fees as a percentage of cash component |
|---|---|---|---|---|---|---|
| *In re Morgan Stanley Data Security Litigation*, No. 1:20-cv-05914-AT (S.D.N.Y.) | More than 15 million (Dkt. 134 at 3) | N/A | $60,000,000, paid for identity theft monitoring services (no claim form) and reimbursement of out-of-pocket expenses and lost time (with claim form), up to certain limits. (Dkt. 134 at 4.) No alternative cash option. (*Id.*) Counting credit monitoring, less than $4 per capita. | Non-reversionary | 0.79% (Dkt. 134 at 3, 6) | $13,640,000 (22.7%) in attorneys' fees |
| *Aguallo, et al. v. Kemper Corporation, et al.*, No. 1:21-cv-01883 (N.D. Ill.) | 6.14 million (Dkt. 51 ¶ 6) | N/A | No fund, paid for identity theft monitoring services (no claim form), and reimbursement for out-of-pocket expenses and lost time. (Dkt. 45-1 at 4–6.) California class members could get an additional cash payment of $50. (*Id.* at 5.) | Claims-made | 0.18% (Dkt. 50 at 1–2) | $2,500,00 in attorneys' fees; fees exceeded claims |

3

| **COTCHETT, PITRE & MCCARTHY LLP/BOTTINI & BOTTINI** | **Class Size** | **Statutory Damages?** | **Settlement & per capita valuation** | **Reversionary/ Claims Made/Cy Pres- Only** | **Claims rate** | **Fees as percentage of cash component** |
|---|---|---|---|---|---|---|
| *In re Zoom Video Communications, Inc. Privacy Litigation*, No. 3:20-cv-02155-LB (N.D. Cal.) (Cotchett) | 158 million (Dkt. 249 at 7) | N/A | $85,000,000 fund, paying non-subscriber claimants up to $15 and subscriber claimants up to $25 or 15% of subscription. (Dkt. 249 at 5.) $0.54 per class member. | Non-reversionary | 0.92%. (Dkt. 231 at 7) | $21,250,000 (25%) in attorneys' fees; $130,842.24 in expenses |
| *In re Vizio Inc. Consumer Privacy Litigation*, No. 8:16-ml-02693-JLS (C.D. Cal.) (Cotchett) | 16 million (Dkt. 311-1 at 7) | $2,500 under VPPA; $10,000 under Wiretap Act (at least $40 billion) | $17,000,000 fund, $0.94 per class member. (Dkt. 282-1 at 10.) | Non-reversionary | 3.8% (Dkt. 311-1 at 13) | $5,610,000 (33%) in attorneys' fees; $181.808.59 in expenses |
| *In re Lenovo Adware Litigation*, No. 4:15-md-02624-HSG (N.D. Cal.) (Cotchett) | 500,000 (Dkt. 230 at 1) | $5,000 under California Penal Code § 637.2 (at least $2.5 billion) | $8,300,000 fund, $16.60 per class member. (Dkt. 230 at 1.) | Non-reversionary | 17.5% (Dkt. 248 at 5) | $2,490,000 (30%) in attorneys' fees; $340,798.70 in expenses |
| *In re TikTok Consumer Privacy Litigation*, No. 1:20-cv-04699 (N.D. Ill.) (Bottini) | 89,000,000 Nationwide Class, 1,400,000 Illinois Subclass (Dkt. 261 at 20) | $1,000 to $5,000 under VPPA and BIPA (at least $89 billion) | $92,000,000 fund from which claimants could receive a pro rata share based on class or subclass membership. (Dkt. 195 at 13.) $1.03 per class member. | Non-reversionary | 1.4% of nationwide class (Dkt. 195 at 22) | $29,279,203.4 (33.33%) in attorneys' fees |

| **KELLER ROHRBACK LLP** | Class Size | Statutory Damages? | Settlement & per capita valuation | Reversionary/ Claims Made/Cy Pres-Only | Claims rate | Fees as percentage of cash component |
|---|---|---|---|---|---|---|
| *In Re: 21st Century Oncology Customer Data Security Breach Litigation*, No. 8:16-md-2737-MSS-AEP (M.D. Fla.) | 2,157,574 (Dkt. 253 at 12) | N/A | $7,850,000 fund, $3.64 per capita. (Dkt. 253 at 12.) | Non-reversionary | 1.6% (Dkt. 253 at 16) | $3,443,535.54 (43.8% of fund) in attorneys' fees; $306,464.46 in expenses[5] |
| *Fox v. Iowa Health System*, No. 3:18-cv-00327-JDP (W.D. Wis.) | 1,400,000 (Dkt. 115 at 3) | N/A | Claims-made settlement providing claimants with credit monitoring and out-of-pocket expenses. (Dkt. 115 at 7.) Approved claims at time of final approval totaled less than $1 million. (*See* dkt. 106 at 5–6.) | Claims-made | 1.2% at time of final approval (*See* dkt. 106 at 5) | $1,575,000 in fees and expenses; fees exceeded approved claims |
| *In re T-Mobile Customer Data Security Breach Litigation*, No. 4:21-MD-03019-BCW, MDL No. 3019 (W.D. Mo.)[6] | 76.6 million (Dkt. 235 at 7) | $5,000 per violation (totaling at least $490 billion) | $350,000,000 non-reversionary fund first provided credit monitoring, out-of-pocket repayments, reimbursement for lost time, or an "alternative" of $25 ($100 if a California resident) that did not require documented loss. (Dkt. 235 at 30.) $4.57 per capita. | Non-reversionary | 2.8% (Dkt. 227 ¶ 3) | $78,750,000 (22.5%) in attorneys' fees |

---

[5]    Counsel relied on the "retail value" of the credit monitoring to increase the "sticker price" of the fund. (Dkt. 256 at 11.)
[6]    Stueve Siegel Hanson LLP also relies on *T-Mobile*.

| **Lieff Cabraser Heimann & Bernstein** | **Class Size** | **Sought Statutory Damages?** | **Settlement & per capita valuation** | **Reversionary/ Claims Made/Cy Pres-Only** | **Claims rate** | **Fees as percentage of cash component** |
|---|---|---|---|---|---|---|
| *In re Google LLC Street View Electronic Communications Litigation*, No. 3:10-md-02184-CRB (N.D. Cal.) | Unknown, but "tens of millions" (Dkt. 166 at 1) | Statutory relief and punitive damages amounting to "billions" (Dkt. 188 at 1) | *Cy pres*-only settlement of $13 million. (Dkt. 188 at 1.) | *Cy pres*-only | N/A, no money returned to class | $3,039,625 in attorneys' fees; $750,000 in expenses with no money to the class |
| *In re Google Location History Litigation*, No. 18-cv-5062 (N.D. Cal.) | 247.7 million (Dkt. 356 at 7) | N/A | *Cy pres*-only settlement of $62,000,000. (Dkt. 356 at 1.) | C*y pres*-only | N/A, no money returned to class. | Requested $18,600,000, awaiting review (Dkt. 351) |
| *In re Plaid Privacy Litigation*, No. 20-cv-3056 (N.D. Cal.) | 98 million (Dkt. 184 at 6) | $5,000 per violation (totaling at least $490 billion) | $58,000,000 fund, $0.59 per capita. (*See* Dkt. 184 at 4.) | Non-reversionary | 1.28% (Dkt. 184 at 8) | $11,000,000 (18.9%) in attorneys' fees |
| *Fiorentino v. FloSports, Inc.*, No. 1:22-cv-11502-AK (D. Mass.) | 785,000 (Dkt. 71 ¶ 14) | $2,500 per violation (or at least $1.9 billion) | $2,625,000 fund, $3.34 per capita. (*See* Dkt. 68 at 5.) | Non-reversionary | 2.3% (Dkt. 73 at 7) | $875,000 (33.3%) in attorneys' fees |
| *Vela, et al v. AMC Networks, Inc.*, No. 1:23-cv-02524-ALC (S.D.N.Y.) | 7.3 million (Dkt. 55 at 9) | $2,500 per violation (or at least $18.2 billion) | $8,300,000 fund, coupon for AMC+, $1.13 per capita. (Dkt 55 at 6–7.) | Non-reversionary | 7.15% (Dkt. 56 ¶ 18) | Requested $2,766,666 (33.3%) in attorneys' fees, awaiting review. (Dkt. 52) |

| ROBBINS GELLER RUDMAN AND DOWD LLP | Class Size | Sought Statutory Damages? | Settlement & per capita valuation | Reversionary/ Claims Made/Cy Pres | Claims rate | Fees as percentage of cash component |
|---|---|---|---|---|---|---|
| *Kehoe v. Fidelity Services*, No. 03-cv-80593 (S.D. Fla.) | 482,490 (Dkt. 226 at 3) | N/A | $10 million in fees, with each submitting class member to receive $160. Approved claims at the time of final approval totaled $5.4 million (33,750 claims). (Dkt. 226 at 5.) | Claims-made | 5.9% approved claims (Dkt. 226 at 5)[7] | Fees exceeded approved claims |
| *In re Solara Med. Supplies Customer Data Breach Litigation*, No. 3:19-cv-02284-H-KSC (S.D. Cal.) | 106,559 (Dkt. 147-1 at 11) | N/A | $5,060,000 fund, $47 per capita. (*See* dkt. 147-1 at 1.) | Non-reversionary | 4.9% (Dkt. 147-1 at 11) | $2,300,000 (45.4%) in attorneys' fees; $278,020.35 in expenses |
| *Desue v. 20/20 Eye Care Network, Inc.*, No. 21-cv-61275-RAR (S.D. Fla.) | 3,976,023 (Dkt. 100 at 4) | N/A | $3,000,000 fund, first provided class members 36 months of credit monitoring relief or an alternative payment of up to $50, reimbursement of out-of-pocket expenses, and payment for time spent addressing the breach, up to certain limits. (Dkt. 100 at 4–6.) Counting credit monitoring, the settlement's pro rata relief was $0.75 per person. (*See id.*) | Non-reversionary | 0.66% (Dkt. 100 at 7) | $750,000 (25%) in attorneys' fees; $10,754.15 in expenses |

---

[7]   Whether additional claims (and how many) were actually honored was not included in the record, because the supporting declaration relied on an inflated number of claims (and accordingly, an inflated rate) that hadn't yet been vetted. (*Id.*)

| RVC SLATE[8] | Class Size | Statutory Damages? | Settlement & per capita valuation | Reversionary/ Claims Made/Cy Pres-Only | Claims rate | Fees as percentage of cash component |
|---|---|---|---|---|---|---|
| *Hinds v. Community Medical Centers, Inc.*, No. CV-2021-0010404 (San Joaquin Super. Ct.) | 660,898 (Second Supplemental Declaration of Carole Thompson ¶ 3, *Hinds v. Comty. Med. Ctr.*, No. CV-2021-0010404 (San Joaquin Super. Ct. Jan. 18, 2024) ("Thompson Decl.") | N/A | $1,925,000 fund from which claimants can elect 36 months of identity-theft protection and fraud resolution services or a pro-rata cash payment from the fund after subtracting the cost of identity-theft protection and fraud resolution services. (Settlement Agreement at 6–9.) $2.91 per capita.<br><br>Of the 13,934 claimants, 93% elected cash relief. (Thompson Decl. ¶ 6.) | Non-reversionary | 2% (Thompson Decl. ¶ 6) | $641,666.67 (33.3%) in attorneys' fees; $42,563.18 in expenses |

---

[8] The RVC slate consists of Reese LLP, Cole & Van Note, and Clarkson Law Firm, P.C. These firms have cited a number of different privacy actions in their brief, but virtually none of them have proceeded to a class-wide settlement. Either they are still pending or, in the case of *Stephenson v. Rackspace Technology, Inc.*, 22-cv-01296-XR (W.D. Tex.), were compelled to arbitration.

| STUEVE SIEGEL HANSON LLP | Class Size | Statutory Damages? | Settlement & per capita valuation | Reversionary/ Claims Made/Cy Pres-Only | Claims rate | Fees as percentage of cash component |
|---|---|---|---|---|---|---|
| *In re Target Corporation Customer Data Security Breach Litigation*, No. 14-md-02522 (D. Minn.) | 110 million (Dkt. 357 at 14) | N/A | $10 million non-reversionary fund, to be used to pay claims for losses or reimbursement for lost time, with those with no documented proof of loss to receive the remainder. (Dkt. 612 at 2–3.) $0.09 per capita. A separate fund was earmarked for fees, a total of $6.75 million. (Dkt. 645 at 8.) | Non-reversionary | 0.2%. (*See* dkt. 615 ¶ 14) | $6,750,000 (40.3%) in attorneys' fees, inclusive of fees and certain expenses |
| *Hutton v. National Board of Examiners in Optometry, Inc.*, No. 16-cv-03025 (D. Md.) | 61,013 (Dkt. 48 at 27) | N/A | $3,250,000 settlement fund, credit monitoring and identity restoration services (no claim form), out of pocket expenses, loss and lost time (claim form). (Dkt. 48 at 8–12.) $53.27 per capita. | Non-reversionary | 8% (Dkt. 48 at 15) | $975,000 (30%) in attorneys' fees; $64,375.16 in expenses |
| *In re The Home Depot, Inc., Customer Data Security Breach Litigation*, No. 14-md-02583 (N.D. Ga.) | At least 61 million (*see* dkt. 226–3 at 2) | N/A | $13,000,000 settlement fund reimbursed out-of-pocket losses, unreimbursed charges, and time spent remedying issues relating to the breach. (Dkt. 226-1 at 2.) Defendant separately paid up to $6,500,000 for credit monitoring. (*Id.* at 10.) $0.31 per capita. | Non-reversionary; credit monitoring portion reversionary | 0.2% (Dkt. 245-1 ¶ 3) | $7,536,497.80 (58%) in attorneys' fees; $166,925.19 in expenses |
| *In re Capital One Customer Data Security Breach Litigation*, No. 19-md-02915 (E.D. Va.) | 97,988,220 (Dkt. 2251 at 4) | $50 for New York Subclass | $190,000,000 fund, reimbursement of out-of-pocket expenses, payment for time spent addressing the breach, up to certain limits, and identity theft monitoring. (Dkt. 2251 at 3.) $1.94 per capita. | Non-reversionary | <1%, less than 1 million class members filed claims (Dkt. 2251 at 1) | $53,200,000 (28%) in attorneys' fees; $2,345,821.98 in expenses |

9

| **TYCKO & ZAVAREEI LLP** | **Class Size** | **Damages Specified?** | **Settlement & per capita valuation** | **Reversionary/ Claims Made/Cy Pres-Only** | **Claims rate** | **Fees as percentage of cash component** |
|---|---|---|---|---|---|---|
| *In re Idaho Central Credit Union Data Breach Litigation*, No. CV03-20-00831 (Idaho 4th Dist. Ct., Ada Cnty.) | 17,815 (Final Approval Br. at 5)[9] | N/A | Final approval brief claimed $3,333,100, inclusive of credit monitoring. (Final Approval Br. at 1.) Reported in lead brief as $1,550,000, the non-reversionary portion of the fund from which settlement class members could claim reimbursement of out-of-pocket expenses, losses from fraud or identify theft resulting from the breach, and payment for time spent addressing the breach, up to certain limits. (*Id.*) $87.01 per capita. | Non-reversionary | 4.3% (Final Approval Br. at 2) | $1,000,000 (64.5%); fee brief relied on value of "enhanced credit monitoring services," an identity theft insurance policy, and identity restoration services (Fee Br. at 8) |
| *Gupta v. Aeries Software, Inc.*, No. 8:20-cv-00995 (C.D. Cal.) | 98,199 (Dkt. 110 at 3) | N/A | $1,750,000 fund from which settlement class members could claim reimbursement of out-of-pocket expenses, losses from fraud or identify theft resulting from the breach, and payment for time spent addressing the breach, up to certain limit. (Dkt. 95 at 8–11.) $17.82 per capita. | Non-reversionary | 2.3% (Dkt. 95 at 2) | $437,500.00 (25%) in attorneys' fees; $15,780.88 in expenses |
| *Lundy et al. v. Meta Platforms, Inc.*, No. 3:18-CV-06793-JD (N.D. Cal.) | 70 million (Dkt. 188 at 1) | N/A | $37,500,000 non-reversionary fund, or $0.53 per capita. (Dkt. 188 at 5–6.) | Non-reversionary | <2% (Dkt. 222 at 1) | $7,131,789.60 (19%) in attorneys' fees; $309,524.79 in expenses[10] |

---

[9]  The settlement documents are available on the settlement website, https://iccudatabreachsettlement.com/important-documents.php.

[10] The Court reduced the fee request based on the "bloated lodestar" and "rather paltry result," removing any multiplier. (Dkt. 222 at 1–2.)