BEN BARNOW (*admitted pro hac vice*)
b.barnow@barnowlaw.com
ANTHONY PARKHILL (*admitted pro hac vice*)
aparkhill@barnowlaw.com
**BARNOW AND ASSOCIATES, P.C.**
205 W. Randolph Street, Suite 1630
Chicago, IL 60606
Telephone: (312) 621-2000

Laurence D. King (SBN 206423)
lking@kaplanfox.com
Matthew B. George (SBN 239322)
mgeorge@kaplanfox.com
Blair E. Reed (SBN 316791)
breed@kaplanfox.com
**KAPLAN FOX & KILSHEIMER LLP**
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone: 415-772-4700

*Attorneys for Plaintiffs Michael Schutz, Cody Vogel, and Eileen Mullen*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: 23ANDME, INC., CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>This Document Relates to:<br><br>*Schutz, et al. v. v. 23andMe, Inc.*, No. 3:23-cv-05579-EMC | Case No. 3:24-md-03098-EMC<br><br>**MOTION TO APPOINT ANTHONY L. PARKHILL AS INTERIM CO-LEAD CLASS COUNSEL**<br><br>Judge: Hon. Edward M. Chen<br><br>**Hearing Date:** June 3, 2024<br>**Time:** 9:00 a.m.<br>**Judge:** Hon. Edward M. Chen<br>**Place:** Courtroom 5, 17th Floor, or other date as set by the Court |

MOTION TO APPOINT ANTHONY L. PARKHILL

**PLEASE TAKE NOTICE** that on June 3, 2024, at 9:00 AM, or as otherwise directed, in the courtroom of the Honorable Edward M. Chen of the United States District Court of the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiffs Michael Schutz, Cody Vogel, and Eileen Mullen will and hereby do move the Court, pursuant to Federal Rule of Civil Procedure 23(g), to appoint Anthony L. Parkhill of Barnow and Associates, P.C. to serve as one of interim co-lead class counsel

This Motion is based on this notice, the accompanying memorandum of law and declaration submitted in support, all records and papers on file in this action, and such other argument as may be presented before or at the hearing.

Plaintiffs Michael Schutz, Cody Vogel, and Eileen Mullen respectfully move the Court to appoint Anthony L. Parkhill of Barnow and Associates, P.C. to serve as one of interim co-lead class counsel, or to serve in another capacity the Court deems proper and best serving of the needs of plaintiffs and the putative class.

After graduating from The University of Chicago Law School in 2014, Anthony L. Parkhill's practice has focused almost exclusively on class action litigation. He has been appointed as one of class counsel in many data breach cases and brought each matter to a favorable resolution. His strong foundation of technical knowledge and unique ability to parse technical information will be an asset to any leadership team the Court appoints in this matter. At 35 years of age, he is one of the nation's most accomplished and experienced young data breach practitioners.

Pursuant to Rule 23(g)(1), courts consider the following four factors in appointing lead counsel: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A). Analysis of these factors demonstrates that Mr. Parkhill will well serve any leadership team appointed in this matter due to his extensive experience in this area of law and dedication to his work.

**A. Anthony L. Parkhill Has Performed Substantial Work in Investigating This Action.**

Anthony L. Parkhill and his firm have committed significant time and resources to organizing and working toward the advancement of the litigation. *See* Declaration of Anthony L. Parkhill, filed contemporaneously ("Parkhill Decl."), ¶ 18. Prior to filing *Schutz, et al. v. 23andMe, Inc.*, No. 3:23-cv-05579-EMC (N.D. Cal.), Mr. Parkhill and his firm investigated the facts and circumstances surrounding the data breach. *See* Parkhill Decl. ¶¶ 18–19. Mr. Parkhill and his firm researched the relevant law and applied their experience to prepare a detailed complaint. *See id.*

¶ 19. Mr. Parkhill and his firm worked with other plaintiffs' counsel to prepare a joint case management statement. *See id*. ¶ 20. His firm filed a response to the 28 U.S.C. § 1407 petition advocating for informal consolidation or, in the alternative, centralization in the Northern District of California. *See id*. ¶ 21. Mr. Parkhill will continue to zealously represent plaintiffs and the putative class.

**B. Mr. Parkhill is Highly Experienced and Has Extensive Knowledge of the Applicable Law.**

Anthony L. Parkhill has spent the last eight years prosecuting some of the nation's largest and most complex consumer fraud, automotive defect, and privacy class action cases. While his career is still in its early stages, he has heavily litigated, spearheaded discovery, briefed, argued, and settled essentially every aspect of privacy class cases. He has extensive experience litigating large data breach class actions in both federal and state courts, and has demonstrated a superior knowledge of the law in this area. *See* Parkhill Decl., Ex. 1.

He has successfully litigated issues of standing, jurisdiction, issues involving statutory and common law claims, class certification, and damages models, and has considerable experience crafting and obtaining approval of class-wide settlements which have secured injunctive and monetary benefits worth hundreds of millions of dollars for class members.

He has been appointed to leadership roles in multiple class action lawsuits that have resulted in settlements granted final approval. In *Cochran v. Kroger Co.*, No. 5:21-cv-01887-EJD (N.D. Cal.), he was appointed as one of Class Counsel in this data breach class action against Kroger, where he helped negotiate a settlement that resulted in a $5 million common fund settlement. He was appointed as one of class counsel in *Kesner v. UMass Memorial Health Care, Inc.*, No. 2185 CV 01210 (Super. Ct. Worcester Cnty., Mass.), a medical data breach class action, where he aided in negotiating a settlement creating a $1,200,000 fund for approximately 209,000 class members. In *Kostka v. Dickey's Barbecue Restaurants, Inc.*, No. 3:20-cv-3424 (N.D.

- 3 -

Texas), the court appointed him as one of class counsel in this payment card data breach case where he helped negotiate a settlement that will create a $2,350,000 fund for class members.

He was also appointed as one of class counsel in a number of other data breach cases including, *inter alia*, *Easter v. Sound Generations*, No. 21-2-16953-4 SEA (Sup. Ct. King Cnty., WA), *McCullough v. True Health New Mexico, Inc.*, No. D-202-cv-2021-06816 (N.M. Second Jud. Dist. Ct.), *Lukens v. Utah Imaging Associates, Inc.*, Case No. 210906618 (Salt Lake City, Utah Third Dist. Ct.), *Lozano v. CodeMetro, Inc.*, No. 37-2020-00022701 (Super. Ct. San Diego, Cal.), *Perdue v. Hy-Vee, Inc.*, No. 1:19-cv-01330 (C.D. Ill.), and *LaFratta v. Medical Healthcare Solutions, Inc.*, No. 2277CV00106 (Super. Ct. Essex Cnty., Mass.).

Anthony L. Parkhill has played an active role in litigating many other class actions that have successfully resolved, including the following: *Gann v. Nissan North America, Inc.*, No. 3:18-cv-00966 (M.D. Tenn.) (reaching a settlement in a case regarding defective transmissions collectively valued at over $444 million); *Warner v. Toyota Motor Sales, U.S.A., Inc.*, No. 2:15-cv-02171 (C.D. Cal.) (settling a case regarding allegations of excessive frame rust in certain vehicles and providing benefits valued at in excess of $3.4 billion to Settlement Class members); *Hestrup, et al. v. DuPage Medical Group, Ltd.*, No. 2021L937 (Cir. Ct. DuPage Cnty., Ill.) (settling a medical data breach and establishing a common fund of $3 million); *In re BJC Healthcare Data Breach Litig.*, No. 2022-CC09492 (St. Louis Cir. Ct., Mo.) (achieving a settlement allowing a class of over 280,000 persons to claim reimbursements for certain expenses incurred as a result of a medical data breach); *Winstead v. ComplyRight, Inc.*, No. 1:18-cv-4990 (N.D. Ill.) (reaching a settlement in a data breach case providing a $3.025 million fund to approximately 665,000 class members); and more. These are not situations where he was merely listed among other counsel. He was involved in the day-to-day prosecution of these cases, making strategic decisions, and in most cases participated directly in negotiating settlement.

### C. Mr. Parkhill is Committed to Representing and Expending the Resources Necessary to Protect the Putative Class's Interests.

In the many class actions that Barnow and Associates, P.C. has led, including cases against Toyota, Microsoft, TJX, McDonald's, AOL, and others, it has never relied on external litigation funding. Barnow and Associates possesses the resources and manpower required to vigorously prosecute this litigation. They are committed to pursuing the best interests of plaintiffs and the putative class in an effective and efficient manner. Efficiency in this matter will be furthered through the use of a timekeeping protocol and regular submission of time from attorneys who are authorized to perform work on behalf of the putative class. Assignments of work to unappointed counsel will be based on their unique capabilities and willingness.

Mr. Parkhill will be able to devote appropriate time and attention to this complex matter. In contrast to other applicants before the Court, Mr. Parkhill only has a handful of concurrent appointments or requested appointments in pending complex cases. While it is likely that all applicants will claim that they will devote appropriate time to this matter, several other likely applicants have dozens of concurrent leadership appointments—including in other large data breach MDLs.

### D. Case Plan

The interests of the class will be best served by moving this matter forward rapidly. As such, Mr. Parkhill suggests that a consolidated complaint, an ESI protocol, and proposed protective order be filed within thirty days following leadership appointment in this matter. Full merits discovery should commence immediately upon the filing of the consolidated complaint and is likely to require approximately twelve months.

Efficiency in this matter will be guided by the use of a timekeeping protocol and regular submission of time from attorneys who are authorized to perform work on behalf of the putative class. Assignments of work to unappointed counsel will be

made sparingly to avoid increased coordination costs and on the basis of unique capabilities or skill.

    For the foregoing reasons, Plaintiffs Michael Schutz, Cody Vogel, and Eileen Mullen respectfully request the Court appoint Anthony L. Parkhill of Barnow and Associates, P.C. as one of interim co-lead class counsel, or to serve in another capacity the Court deems proper and best serving the needs of plaintiffs and the putative class.

Dated: April 18, 2024

Respectfully submitted,

/s/ Anthony L. Parkhill
Ben Barnow*
Anthony L. Parkhill*
**BARNOW AND ASSOCIATES, P.C.**
205 West Randolph Street, Suite 1630
Chicago, IL 60606
Tel: 312-621-2000
Fax: 312-641-5504
*b.barnow@barnowlaw.com*
*aparkhill@barnowlaw.com*

*admitted pro hac vice

*Attorneys for Plaintiffs Michael Schutz, Cody Vogel, and Eileen Mullen*

Laurence D. King (SBN 206423)
lking@kaplanfox.com
Matthew B. George (SBN 239322)
mgeorge@kaplanfox.com
Blair E. Reed (SBN 316791)
breed@kaplanfox.com
**KAPLAN FOX & KILSHEIMER LLP**
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone: 415-772-4700

*Local counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2024, I caused a true and correct copy of the foregoing to be filed with the Clerk of the Court via the Court's CM/ECF system, which will cause a copy to be electronically served upon all counsel of record.

/s/ Anthony L. Parkhill