| | |
|---|---|
| BEN BARNOW (*admitted pro hac vice*) <br> b.barnow@barnowlaw.com <br> ANTHONY PARKHILL (*admitted pro hac vice*) <br> aparkhill@barnowlaw.com <br> **BARNOW AND ASSOCIATES, P.C.** <br> 205 W. Randolph Street, Suite 1630 <br> Chicago, IL 60606 <br> Telephone: (312) 621-2000 | Laurence D. King (SBN 206423) <br> lking@kaplanfox.com <br> Matthew B. George (SBN 239322) <br> mgeorge@kaplanfox.com <br> Blair E. Reed (SBN 316791) <br> breed@kaplanfox.com <br> **KAPLAN FOX & KILSHEIMER LLP** <br> 1999 Harrison Street, Suite 1560 <br> Oakland, CA 94612 <br> Telephone: 415-772-4700 |

*Attorneys for Plaintiffs Michael Schutz, Cody Vogel, and Eileen Mullen*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: 23ANDME, INC., CUSTOMER DATA SECURITY BREACH LITIGATION <br><br> This Document Relates to: <br><br> *Schutz, et al. v. 23andMe, Inc.*, No. 3:23-cv-05579-EMC | Case No. 3:24-md-03098-EMC <br><br> **DECLARATION OF ANTHONY L. PARKHILL IN SUPPORT OF MOTION TO APPOINT ANTHONY L. PARKHILL AS INTERIM CO-LEAD CLASS COUNSEL** <br><br> Judge: Hon. Edward M. Chen |

DECLARATION OF ANTHONY L. PARKHILL

I, Anthony L. Parkhill, declare as follows:

1. I am an attorney admitted to practice law in the State of Illinois. I am an associate at Barnow and Associates, P.C. ("B&A"), and counsel for Plaintiffs Michael Schutz, Cody Vogel, and Eileen Mullen in this litigation. I have personal knowledge of the matters stated in this declaration except those stated on information and belief, and as to those, I believe them to be true. If called upon, I could and would competently testify to them.

2. I am one of Plaintiffs' counsel in *Schutz, et al. v. 23andMe, Inc.*, No. 3:23-cv-05579-EMC. I submit this declaration in support of Plaintiffs Motion to Appoint Anthony L. Parkhill as Interim Co-Lead Class Counsel, which moves the Court to appoint Anthony L. Parkhill of Barnow and Associates, P.C., as one of interim co-lead class counsel, or to serve in another capacity the Court deems proper and best serving of the needs of plaintiffs and the putative class.

## EXPERIENCE

3. At all times, I and my firm had the experience, expertise, and resources to effectively litigate any and all issues related to this litigation.

4. I graduated from DePaul University with a Bachelor's degree in Political Science in 2010. I received my Juris Doctor from the University of Chicago Law School in 2014. I am licensed to practice in the State of Illinois, and a member of the Illinois State Bar Association. I am admitted to practice before the United States Courts of Appeals for the Seventh Circuit, the United States District Court for the Northern District of Illinois, the United States District Court for the Central District of Illinois, the United States District Court for the District of Colorado, and the United States District Court for the Eastern District of Michigan.

5. I have served in leadership roles in multiple class action lawsuits, including *Cochran v. Kroger Co.*, No. 5:21-cv-01887-EJD (N.D. Cal.) (I was appointed as one of Class Counsel in this data breach class action against Kroger, where I helped negotiate a settlement that resulted in a $5 million common fund settlement); *Lozano*

*v. CodeMetro, Inc.*, No. 37-2020-00022701 (Super. Ct. San Diego, Cal.) (I served as one of settlement class counsel in this data breach class action and played an important role in achieving an $850,000 common fund settlement for the class of approximately 98,700 persons); *Rafofsky v. Nissan North America, Inc.*, No. 2:15-cv-01848 (C.D. Cal.) (I was appointed as one of class counsel where a class settlement was granted final approval).

6. I have also been appointed class counsel in many cases in which settlements were granted final approval, such as *Kesner v. UMass Memorial Health Care, Inc.*, No. 2185 CV 01210 (Mass. Super. Ct. – Worcester) (I aided in negotiating a settlement creating a $1,200,000 fund for approximately 209,000 class members in this medical data breach class action); *Kostka v. Dickey's Barbecue Restaurants, Inc.*, No. 3:20-cv-3424 (N.D. Texas) (I was appointed as one of class counsel in a payment card data breach case where I helped negotiate a settlement that will create a $2,350,000 fund for class members). I have also been appointed as one of class counsel in *Easter v. Sound Generations*, No. 21-2-16953-4 SEA (Sup. Ct., King County, WA) and in *McCullough v. True Health New Mexico, Inc.*, No. D-202-cv-2021-06816 (New Mexico Second Judicial District Court), two medical data breach class actions that were also granted final approval.

7. I have also played an active role in the litigation and settlement of the following class actions:

8. *Gann v. Nissan North America, Inc.* (M.D. Tenn.) (settlement reached in case regarding defective transmissions providing reimbursement for out-of-pocket costs for prior transmission replacements and a warranty extension, collectively valued at over $444 million).

9. *Warner v. Toyota Motor Sales, U.S.A., Inc.* (C.D. Cal.) (settlement reached regarding allegations of excessive frame rust to certain vehicles providing benefits valued at in excess of $3.4 billion to Settlement Class members).

10. *Hestrup, et al. v. DuPage Medical Group, Ltd.* (DuPage Cty. Circ. Ct., Illinois) (settlement establishing a common fund of $3 million relating to a medical data breach).

11. *In re BJC Healthcare Data Breach Litig.* (St. Louis Circ. Ct., Missouri) (settlement allowing a class of over 280,000 persons to claim reimbursements for certain expenses that arose as a result of a medical data breach).

12. *Winstead v. ComplyRight, Inc. (N.D. Ill.)* (settlement reached relating to a data breach providing a $3.025 million fund to approximately 665,000 class members).

13. *Perdue v. Hy-Vee, Inc.* (C.D. Ill.) (settlement reached relating to a payment card data breach, allowing for class members to receive reimbursements for damages resulting from the breach).

14. *Orr v. InterContinental Hotels Group, PLC.*, No. 1:17-cv-01622 (N.D. Ga.) (settlement reached in payment card breach case providing certain expenses or fraudulent and unauthorized charges resulting from the data breach, subject to an aggregate cap of $1.55 million).

15. *Fond Du Lac Bumper Exchange, Inc. v. Jui Li Enterprise Co., Ltd.* (E.D. Wis.) (settlements reached with four of six defendants in this ongoing international antitrust action providing for the payment of $9,850,000).

16. *Campos v. Calumet Transload R.R., LLC* (N.D. Ill.) (settlements reached providing for payment of $1,455,000 for the benefit of the Settlement Class in action relating to the alleged negligent storage and handling of petroleum coke and coal at certain industrial storage facilities).

17. *In re: Zappos.com Inc. Customer Data Security Breach Litigation*, (D. Nev.) (helped reach a settlement providing). I played an important part in this data breach litigation, including an appeal which resulted in a landmark Ninth Circuit ruling recognizing the Article III standing of consumers harmed by data breaches. I was also heavily involved in successfully opposing Zappos' petition for writ of certiorari to the Supreme Court of the United States. After many years of litigation, a settlement was

reached that was granted final approval. The settlement provided class members with CAFA-compliant coupons that were redeemed for over $7 million.

### PRE-SUIT INVESTIGATION

18. I, and the other attorneys at Barnow and Associates, P.C., have dedicated extensive time and resources to organizing and advancing this litigation. My firm and I investigated all aspects of this case, including the details of the data breach, Defendant 23andMe, Inc., and relevant law and causes of action before filing this action.

19. In the course of investigating this case, my firm and I researched: the causes of the data breach, the number and location of persons affected by the breach, the nature of the information included in the breach, details of Defendant's business and activities, Defendant's public statements regarding the data breach, the notices sent to persons affected by the breach, media and expert commentary on the breach, and consumer experiences concerning the data breach. I then used this research to prepare a detailed complaint.

20. My firm and I, together with counsel for plaintiffs in other related cases and counsel for 23andMe, prepared and submitted a joint case management statement in *Santana, et al. v. 23andMe, Inc.*, No. 3:23-cv-05147-EMC.

21. My firm and I filed a response to 23andMe's 28 U.S.C. § 1407 transfer motion. That response argued that the related actions could be consolidated informally, or in the alternative that the litigation should be centralized in the Northern District of California.

22. My firm and I are prepared and able to spend all the necessary time and resources to ensure the best representation for Plaintiffs and the putative class.

23. I believe that the appointment of myself as co-lead class counsel, or to serve in any other capacity the Court deems proper, will lead to the most efficient and organized litigation of these cases as possible.

24. A copy of my firm's resume is attached hereto as Exhibit A.

DECLARATION OF ANTHONY L. PARKHILL

I declare under penalty of perjury that the foregoing is true and correct. Executed this 18th day of April, 2024, at Chicago, Illinois.

<u>/s/ Anthony L. Parkhill</u>
Anthony L. Parkhill

DECLARATION OF ANTHONY L. PARKHILL