1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LOFTUS & EISENBERG, LTD.
ROSS M. GOOD, ESQ.
161 N. Clark, Suite 1600
Chicago, Illinois 60601
T:  (312) 772-5396
ross@loftusandeisenberg.com
*Attorney for Plaintiffs*

## UNITED STATES DISTRICT COURT—NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: 23ANDME, INC. CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>This Document Relates to ALL ACTIONS | Case No. 3:24-md-03098-EMC<br><br>MDL No. 3098<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO APPOINT ROSS M. GOOD OF LOFTUS & EISENBERG, LTD. AS LEAD COUNSEL OR TO PLAINTIFFS' EXECUTIVE COMMITTEE** |

1

**MOTION AND NOTICE OF MOTION**

2 TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3

4 PLEASE TAKE NOTICE that on June 3, 2024 at 9:00 a.m. in Courtroom 5 of the 17th Floor of

5 the San Francisco Courthouse for the United States District Court of the Northern District of

6 California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiffs MELANIE

7 BERMAN, JULIA HAWKINS, LISA JONES, LYON LEIFER, AND KATHLEEN CANFIELD

8 LOFTUS will, and hereby does, move the Court to appoint Ross M. Good as Interim Co-Lead

9 Counsel in this consolidated litigation.

10

11 This re-filed motion from Berman v. 23andMe, Inc. (3:23-cv-05345) is based on this Notice of

12 Motion, the accompanying Memorandum of Law and supporting attachments, and such

13 argument as the Court may allow.

Dated:  May 31, 2024                              Respectfully submitted,

14

15                                                              LOFTUS & EISENBERG, LTD.

16                                              By:     /s/*Ross M. Good*
                                                          Ross M. Good
17                                                        Attorneys for Plaintiffs

18 Ross M. Good, Esq. (*admitted pro hac vice*)
   LOFTUS & EISENBERG, LTD.
19 161 N. Clark, Suite 1600
   Chicago, Illinois 60601
20 T:  (312) 889-6625
   ross@loftusandeisenberg.com
21

22 *Attorney for Plaintiffs*

23

24

25

26

27

28

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO
APPOINT ROSS M. GOOD OF LOFTUS & EISENBERG, LTD.
AS LEAD COUNSEL OR TO PLAINTIFFS' EXECUTIVE
COMMITTEE



1
2
3
4
5
6
7

LOFTUS & EISENBERG, LTD.
ROSS M. GOOD, ESQ.
161 N. Clark, Suite 1600
Chicago, Illinois 60601
T:  (312) 772-5396
ross@loftusandeisenberg.com
*Attorney for Plaintiffs*

8
9

**UNITED STATES DISTRICT COURT—NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

10
11
12
13
14
15
16

IN RE: 23ANDME, INC. CUSTOMER DATA
SECURITY BREACH LITIGATION

This Document Relates to ALL ACTIONS

Case No. 3:24-md-03098-EMC

MDL No. 3098

**PLAINTIFFS' MEMORANDUM IN
SUPPORT OF MOTION TO APPOINT
ROSS M. GOOD OF LOFTUS &
EISENBERG, LTD. AS LEAD COUNSEL
OR TO PLAINTIFFS' EXECUTIVE
COMMITTEE**

17
18
19
20
21
22
23
24
25
26
27
28

1      Based on the criteria set forth in the Court's February 26, 2024 Minute Order and Rule

2   23(g), I possess the experience and history of success in large class action cases to serve the

3   Plaintiffs and the Court as Co-Lead Counsel in this case.

4       **A.** **Professional Experience in This Type of Litigation**

5      I have been representing plaintiffs in complex class action litigation throughout the country

6   in state and federal courts for over a decade. I have served as lead counsel in several lengthy cases.

7   I am licensed to practice law in Illinois and Florida, and am admitted to practice in many Federal

8   Courts.

9      I represent clients in various other data breach cases throughout the Country relating to the

10  disclosure of both Personally Identifiable Information ("PII") and Protected Health Information

11  ("PHI"). PHI is information which is collected, created, stored and maintained by a covered entity

12  or business associate pursuant to the Health Insurance Portability and Accountability Act

13  ("HIPAA").  PHI is subject to defined regulations which are a complex weave of rules and

14  regulations for entities who handle PHI. All of the cases in which I have had a leadership role have

15  been specifically PHI cases, offering valuable experience for this case. For example, in *Jane Doe*

16  *v. US Fertility, LLC and Fertility Centers of Illinois, SC,* No. 1:21-cv-00579 (N.D. IL) I handled

17  complex discovery involving the same categories of information at issue in this case.

18      My experience in class action litigation and in data breach cases allow me to serve  in a

19  leadership role in this case.

20       **B.** **Ability to Work Cooperatively with Others**

21      I am committed to representing this class. In this particular case, with approximately 40

22  related lawsuits filed, a strong leadership structure is absolutely necessary. There are many highly

23  qualified attorneys available, but if I am chosen for a leadership role, I will foster cooperation,

24  making certain that everyone has a voice and a place at the table.

25      I have experience working closely with Sharon Zinns. *Santana v. 23andMe, Inc.* (3:23-cv-

26  05147) (Doc. 90). I have no deals with her nor any other applicant before this Court, I suggest that

27  she be appointed as either Lead Counsel or to Plaintiffs' Executive Committee.

28



PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION
TO APPOINT ROSS M. GOOD OF LOFTUS & EISENBERG,
LTD. AS LEAD COUNSEL OR TO PLAINTIFFS' EXECUTIVE
COMMITTEE                                                    1



### C. **Capacity of my Firm to Commit the Necessary Resources to Pursue This Matter**

If chosen for a leadership role, I will fully dedicate my skills and resources to this case, collaborating with staff and co-counsel to manage workloads efficiently using time management tools. My firm has the financial capacity and staff to commit to this case, and, though I do not believe it will be necessary, can hire more associates if needed. Loftus & Eisenberg's Firm Resume is attached as Exhibit A to the Declaration of Ross M. Good ("Good Decl.") in Support of this Motion.

### D. **Proposed Case Plan and How Work Will Be Allocated Among Counsel**

I would propose a case plan that schedules in relatively quick succession from the appointment of leadership the following:

| Event | Proposed Deadline |
|---|---|
| Opening of fact discovery | 21 days after entry of order appointing Plaintiffs' leadership |
| Rule 26(a) initial disclosures due | 21 days after entry of order appointing Plaintiffs' leadership |
| Deadline to file proposed protective order and ESI protocol | 21 days after entry of order appointing Plaintiffs' leadership |
| Deadline to file consolidated amended complaint | 60 days after entry of order appointing Plaintiffs' leadership |
| Deadline to file answer or motion to dismiss | 30 days after deadline to file consolidated amended complaint |
| Deadline to file Plaintiffs' response to motion to dismiss | 30 days after deadline for Motion to Dismiss |
| Deadline to file Defendants' Reply in Support of motion to dismiss | 30 days after deadline for Plaintiffs' response to motion to dismiss |
| Hearing on motion to dismiss | To be determined by the Court, as necessary |
| Deadline to file motion for class certification (including disclosure of experts related to class certification) | 270 days after entry of order ruling on motion to dismiss |

PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION
TO APPOINT ROSS M. GOOD OF LOFTUS & EISENBERG,
LTD. AS LEAD COUNSEL OR TO PLAINTIFFS' EXECUTIVE
COMMITTEE                                                    2



| Deadline for Defendant to file opposition to motion for class certification | 30 days after deadline to file motion for class certification |
|---|---|
| Deadline to file Plaintiffs' Reply in Support of motion to dismiss | 30 days after deadline for Defendant's response to Plaintiffs' motion for class certification |
| Hearing on class certification | To be determined by the Court, as necessary |

I would first work with leadership and then with Defendant's Counsel to try to put forward an agreed proposed schedule to this Court before presenting a competing proposal from Defendant's, however, I would insist on a complete schedule being proposed and not merely allowing further delay pending ruling on an anticipated Motion to Dismiss to a consolidated amended complaint.

If selected for leadership, I will work with opposing counsel to provide the Court with a proposed scheduling order for consideration.

To avoid duplication of efforts, the leadership team will set out for the rest of the plaintiffs' counsels the expectations for work assignments and billings.[1] I plan to create a minimal number of committees comprised of lawyers who wish to do work and provide direct guidance on each assignment. It is important that counsel preserve class resources and maintain cost efficiency in prosecuting the case as well as maintain transparency.[2]

Leadership should guide plaintiffs' counsel to align their billing practices with work that benefits the class and has been sanctioned by class counsel. By ensuring that all attorneys have the chance to contribute meaningfully, I anticipate that maintaining reasonable billing levels will be accepted going forward.

**E. Work Done in this Matter**

---

[1] Though undeniably beautiful, there will be no further billable trips to Napa California in this matter. (Doc. 18).

[2] All filings I am apart of are automatically made public via the CourtListener.com system.

PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION
TO APPOINT ROSS M. GOOD OF LOFTUS & EISENBERG,
LTD. AS LEAD COUNSEL OR TO PLAINTIFFS' EXECUTIVE
COMMITTEE                                                    3



As soon as I received notice from a potential client about the data breach, I began investigating the breach and filed one of the first cases against 23andMe. At the time of the filing of the operative complaint, I represented clients in Illinois and Wisconsin. (Good Decl. at ¶ 2). As of this filing, my firm represents clients in states all across the country.

More importantly that where I am geographically located, I opposed a mediation arranged by other counsel as it contained no leadership structure and would inevitably collapse or become a reverse auction. Neither scenario would benefit the Class and I notified the Court. *Berman v. 23andMe, Inc.* 3:23-cv-05345 (N.D. CA) at ECF. No. 18. See *Am. Bar Ass'n, Ethical Guidelines for Settlement Negotiations* § 4.2.2 (2002) ("When an attorney's fee is a subject of settlement negotiations, a lawyer may not subordinate the client's interest in a favorable settlement to the lawyer's interest  in the fee.").

Behavior such as this is unfortunately not new to me. I am currently class counsel in *Cin-Q Automobiles, Inc. v. Buccaneers Ltd. Partnership*, No. 8:13-cv-1592-AEP (M.D. Fla.). During the course of my litigation, those defendants opted to attempt to orchestrate a reverse auction and settle with competing plaintiffs that lacked standing to even bring a claim; though they initially persisted and obtained preliminary approval of a class-wide settlement, the Eleventh Circuit Court of Appeals granted my clients' petition for interlocutory review and determined that "the record appears to show that the [competing plaintiffs' firm] deliberately underbid the movants in an effort to collect attorney's fees while doing a fraction of the work that the movants' counsel did. If, as it appears, [the competing plaintiffs' firm] was indeed motivated by a desire to grab attorney's fees instead of a desire to secure the best settlement possible for the class, it violated its ethical duty to the class." *Technology Training Associates v. Buccaneers Ltd. Partnership*, 874 F.3d 692, 697, (11th Cir. 2017). It is vigilance and experience such as this that distinguishes me in this field of experienced litigators. This case has been pending for fifteen years and will not end for at least one more. I have no intention of abandoning that case nor this one if I am appointed as either Lead Counsel or to Plaintiffs' Executive Committee

My experience handling reverse auctions has benefited the entire Federal Bar. Specifically, in 2015, upon my first direct encounter with serial objectors to class actions seeking to extort money



from class action settlements while providing no benefit, I set up a website from scratch to centralize documentation of individuals engaged in such conduct so they could not hide their activities due to the limitations imposed by a mere PACER search. *IN RE: TAKATA AIRBAG PRODUCT LIABILITY LITIGATION*, MDL No. 2599 (S.D. Fla. Mar. 4, 2016) at Doc. 2127. The serial objector at issue in that case delayed approval for multiple years but did not deprive class members of a dime. Subsequently, this serial objector would be sued for his conduct and my website would be cited in support. *Edelson Professional Corp. v. Bandas Law Firm Professional Corp.*, No. 16-C-11057 (N.D. Ill.). Ultimately changes were made to Fed. R. Civ. P. 23(e)(5) to stymie attempts to engage in this type of behavior that was detrimental to the interest of the class members that Class Counsel is selected to protect.

If appointed to leadership, I would attempt to continue such resolution efforts in a more transparent and inclusive manner.

## <u>CONCLUSION</u>

Plaintiffs respectfully request the appointment of Ross M. Good of Loftus & Eisenberg, Ltd. as interim lead counsel.

Dated:  May 31, 2024                                   Respectfully submitted,

                                                      **LOFTUS & EISENBERG, LTD.**
                                                      By:      /s/*Ross M. Good*
                                                               Ross M. Good
                                                               Attorney for Plaintiffs

ROSS M. GOOD, ESQ.  (*admitted pro hac vice*)
LOFTUS & EISENBERG, LTD.
161 N. Clark, Suite 1600
Chicago, Illinois 60601
T:  (312) 772-5396
ross@loftusandeisenberg.com

ARON LAW FIRM
WILLIAM ARON, ESQ. (#234408)
15 W Carrillo St, Suite 217
Santa Barbara, CA 93101
T: (805) 618-1768
bill@aronlawfirm.com
*Attorneys for Plaintiffs*

