UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE 23ANDME, INC. CUSTOMER DATA SECURITY BREACH LITIGATION. | Case No. 24-md-03098-EMC   (EMC)<br><br>**PRETRIAL ORDER NO. 2: ORDER APPOINTING COUNSEL; AND SETTING INITIAL DEADLINES** |

On June 3, 2024, the Court held a hearing on the motions for appointment of counsel in the above-referenced MDL. Having carefully considered the motions and the movants' oral statements at the hearing, the Court hereby issues the following order.

1. The Court appoints as Co-Lead Counsel the following individuals (listed in alphabetical order): Gayle M. Blatt (Casey Gerry Schenk Francavilla Blatt & Penfield, LLP); Cari Campen Laufenberg (Keller Rohrback L.L.P.); and Norman E. Siegel (Stueve Siegel Hanson LLP).

2. The Court has made the appointment above based on various factors, including but not limited to experience (*e.g.*, with multidistrict and/or class litigation, complex litigation, and data breach/privacy litigation); resources; the scope of the class; and the support of other attorneys. The Court deems it appropriate to appoint more than one Lead Counsel given that the data breach has impacted a large number of individuals, certain minority/ethnic groups have been targeted, and issues may arise related to 23andMe's financial condition which has prompted early settlement negotiations.

3. Given the appointment of Co-Lead Counsel, the Court does not appoint separate

Settlement Counsel or Liaison Counsel (to coordinate the federal suit with the few state suits).

4. The appointments made herein are personal to the individual attorney appointed. While the Court expects that the individual attorneys will draw upon their firms, including their firms' resources, to assist them with their duties, each individual attorney is personally responsible for his or her duties. The Court may add or replace individual attorneys, if and when circumstances warrant.

5. Appointment of Co-Lead Counsel does not preclude Co-Lead Counsel from reaching out to and working with attorneys from other firms not designated as Co-Lead Counsel. This may be necessary, *e.g.*, at the outset of the case as Co-Lead Counsel will need to communicate with the attorneys who represent the named plaintiffs in the member cases. Involving attorneys from different law firms may also be helpful if they have particular experience, *e.g.*, with certain statutory claims or privacy data breach cases. On the other hand, the Court does not expect the total number of billers in this case to be large; rather, as all or nearly all counsel confirmed, staffing on this case should be lean.

6. Co-Lead Counsel shall have the authority described below:

- To oversee case management and develop and implement a litigation plan;
- To sign and file all pleadings related to all actions;
- To sign and file motions or other requests for relief related to all actions, or to sign and file briefs in opposition to Defendant's motions or other requests for relief;
- To propound and/or respond to discovery (including the taking or defending of depositions);
- To conduct any investigation needed to support Plaintiffs' claims;
- To retain experts or consultants;
- To appear at status conferences and hearings;
- To enter into stipulations;
- To engage in settlement discussions with Defendant, interact with the settlement master (see *infra*), and enter into settlement;

2

- To create a trial team to try the case on the merits and to try the case on the merits;
- To establish and maintain a repository for litigation documents (preferably, electronic) and to make such documents available to class members or their representatives upon reasonable request;
- To prepare a protocol regarding attorneys' fees, expenses, and/or costs (for approval by the Court) and to bind attorneys to whom work is delegated to such Court-approved protocol;
- To retain the services of an attorney not part of a firm associated with Co-Lead Counsel to perform any common benefit work, provided that the attorney agrees to be bound by the Court-approved protocol regarding attorneys' fees, expenses, and/or costs[1];
- To carry out tasks ancillary and necessary to the above duties and any other duty as the Court may order.

7. Within two weeks of the date of this order, Co-Lead Counsel shall file a protocol for attorneys' fees, expenses, and/or costs for the Court's approval. The purpose of the protocol is to ensure that the fees, expenses, and/or costs incurred are reasonable and necessary to the litigation. The protocol shall address, *e.g.*, the exercise of billing judgment; the maintenance of contemporaneous, detailed time records; the periodic reporting of fees, expenses, and/or costs to Co-Lead Counsel and/or the Court; staffing; and Court hearings. Co-Lead Counsel is encouraged to review the guidelines approved by the Court in *In re CarrierIQ*, No. 12-md-2330 EMC (N.D. Cal.) (Docket Nos. 108, 110), and *In re FCA*, No. 17-md-2777 EMC (N.D. Cal.) (Docket No. 181).

8. Plaintiffs' Co-Lead Counsel and Defense Counsel shall meet and confer to discuss adoption of a hearing transcript protocol. The Court's main goal here is to ensure that hearing

---

[1] The Court recognizes the needs of the litigation may expand or exceed that estimated by the Court and that Co-Lead Counsel is in a good position to determine those needs. The Court further recognizes there is a wealth of talent, experience, and expertise among the applicants who because of manageability and efficiency concerns were not named Co-Lead Counsel.

3

1    transcripts are promptly paid for and made accessible to the public. The parties may obtain some
2    guidance from the protocols adopted in *In re Volkswagen "Clean Diesel" Marketing, Sales*
3    *Practices, and Products Liability Litigation*, No. 15-md-2672 CRB (JSC) (Docket No. 1333); and
4    *In re FCA*, No. 17-md-2777 EMC (N.D. Cal.) (Docket No. 180). However, the parties should
5    discuss how hearing transcripts can be made publicly available without publication on the District
6    website. The parties shall file a stipulation and proposed order on the hearing transcript protocol
7    within two weeks of the date of this order.

8        9.    Immediately upon appointment, Plaintiffs' Co-Lead Counsel and Defense Counsel
9    shall meet and confer and arrangement for further mediation with Randy Wulf who is designated
10   as mediator in this case and who shall be retained by the parties on terms to which they may agree.
11   Mr. Wulf is authorized to discuss with the Court the status of the mediation and coordination with
12   this litigation, but shall not, without the consent of the parties, discuss the specific terms and
13   details of the parties' negotiations. Co-Lead Counsel and Defense Counsel shall also meet and
14   confer and agree upon exchange of information (and the form thereof) necessary to facilitate
15   further settlement negotiations. The parties shall agree to a preservation order. If necessary, the
16   parties shall bring to the Court's attention by joint letter brief any dispute in respect the matters in
17   this paragraph for expedited resolution.

18       10.   Plaintiffs' Lead Counsel shall file a consolidated amended complaint within
19   twenty-one (21) days of the date of this order.

20       11.   Defense Counsel shall have thirty-five (35) days to file a response to the
21   consolidated complaint once it is filed. If Defense Counsel files a motion to dismiss, the briefing
22   and hearing schedule shall comply with the Civil Local Rules absent stipulation by the parties and
23   approval by the Court. The Court reserves the right to temporarily vacate the hearing on any
24   motion to dismiss if necessary (*e.g.*, because of settlement discussions).

25       12.   On July 16, 2024, at 1:00 p.m., the Court shall hold a case management conference
26   (by Zoom) **solely** to get an update from the parties regarding settlement discussions. The parties
27   shall file a joint case management conference statement one week in advance.

28       13.   On August 13, 2024, at 3:30 pm, the Court shall hold a case management

conference to address Rule 26(f) matters.  Co-Lead Counsel and Defense Counsel shall attend in person.  The conference will be broadcast by Zoom so that concerned parties and other counsel may attend remotely.  The parties shall hold their Rule 26(f) conference prior thereto; they shall also file a joint status case management conference one week in advance.  Matters to be discussed at the Rule 26(f) conference include a discovery plan (including initial disclosures pursuant to Rule 26(a)(1) within 14 days of the Rule 26(f) conference), an electronically stored information ("ESI") order, a protective order, and the scheduling of anticipated motions and trial.

This order disposes of Docket Nos. 3, 5, 12, 14, 17-20, 22, 36, 54, and 60.

**IT IS SO ORDERED**.

Dated: June 5, 2024

_____
EDWARD M. CHEN
United States District Judge