# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: 23ANDME, INC., CUSTOMER DATA SECURITY BREACH LITIGATION | Case No. 24-md-03098-EMC <br><br> [~~PROPOSED~~] ORDER RELATING TO PRESERVATION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION |

## SCOPE OF ORDER

1. This Order shall govern the preservation of documents and electronically stored information ("ESI") by 23andMe, Inc. (Collectively "Defendant" or "23andMe") and the plaintiffs named in the consolidated class action complaint filed in this action on June 26, 2024 (ECF No. 78) (the "Consolidated Complaint") (collectively, the "Parties").

2. This Order is designed and shall be interpreted to ensure that preservation of Potentially Relevant Information is both effective and proportionate, and that the Parties have greater clarity as to their respective preservation obligations under applicable law, including the Federal Rules of Civil Procedure, especially with respect to Electronically Stored Information ("ESI"), and the measures being undertaken to Preserve Potentially Relevant Information.

**DEFINITIONS**

3. "Document" and "Documents" are synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a)(1) (A) and shall include electronically stored information.

4. "Electronically Stored Information" and "ESI" are synonymous in meaning and equal in scope to the usage of the term "electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A).

5. "Incident" means the data security incident involving a threat actor's unauthorized access to certain 23andMe customer accounts and profile information, publicly reported on 23andMe's October 6, 2023 blog post, *Addressing Data Security Concerns*.

6. "Information" shall be interpreted broadly to include documents and ESI as those terms are used in Rule 34 of the Federal Rules of Civil Procedure.

7. "Potentially Relevant Information" is Information that a Party knows or has reason to believe is or may likely be relevant to the claims and defenses asserted in this action, and associated relief, including but not limited to:[1]

    a. The extent and nature of the information that was exfiltrated from 23andMe database(s), including how and when the Incident occurred;

    b. The demographics of affected class members;

    c. The total number of affected class members;

    d. Prior incidents of exfiltration of information from Defendant's database(s) to the extent any information exists;

    e. Defendant's risk assessments related to its database(s);

    f. Documentation of Defendant's data security systems, practices;

---

[1] The inclusion of these topics is not intended to suggest that every Party possesses Potentially Relevant Information concerning all topics in this Paragraph. Likewise, the inclusion of these topics is not intended to suggest that steps beyond those required by applicable law, including the Federal Rules of Civil Procedure, must be taken to Preserve any such Potentially Relevant Information.

  procedures, obligations, and protocols to safeguard personal information;

 g. Defendant's internal and external evaluations, analyses, investigations, and reports related to the Incident;

 h. Information, including materials or communications provided to, and requests or demands for information received from investigating federal and state agencies relating to the Incident;

 i. Information, including communications, provided by Defendant to customers and the public concerning safeguarding 23andMe customer data;

 j. Information, including materials or communications provided to and received from 23andMe customers regarding the Incident;

 k. Information concerning Board of Directors' meetings, minutes, oversight or communications relating to 23andMe's data security measures, vulnerabilities, staffing and budgeting devoted to safeguarding personal information;

 l. Information concerning communications with Board(s) of Directors, including meetings minutes and reports regarding the security breach, its nature, cause and extent, and remediation actions related to the Incident;

 m. Information concerning Defendant's practices in obtaining, retaining, purging, or deleting 23andMe customers' personal information;

 n. Remedial actions attempted and/or taken related to the Incident;

 o. Communications with hackers or threat actors, or anyone on their behalf related to the Incident;

 p. Dark Web investigations, postings, data retrieval and monitoring related to the Incident;

 q. 23andMe's Terms of Service and updates or revisions thereto.

8.      "Preserve(d)" shall mean to take good faith, reasonable and proportional steps to retain Potentially Relevant Information (including, where applicable, potentially relevant document metadata) in the Party's possession, custody or control. The steps should focus on retaining unique copies of Potentially Relevant Information.

### REQUIREMENTS

9.      This Order applies to Potentially Relevant Information as defined in Paragraph 6. Nothing herein shall be construed as impacting, changing, altering, or obviating the Parties' obligation to preserve tangible items other than Information, nor shall anything in this Order be construed as impacting or obviating the Parties' obligation to comply with orders or duties relating to the preservation of evidence in other cases or investigations. Additionally, nothing herein shall be construed to expand the preservation obligations of the Parties beyond the requirements of applicable law, including the Federal Rules of Civil Procedure.

10.     The Parties have met and conferred, and will continue to meet and confer, regarding preservation issues consistent with their obligations under the Federal Rules of Civil Procedure and the Northern District of California's Guidelines for the Discovery of Electronically Stored Information.

11.     Given the varying approaches used by the Parties to manage Information (including the management of ESI), it is not practical at this point to delineate a single detailed process that all Parties must follow to Preserve Potentially Relevant Information. The Court will permit a Party to select and use its own method to Preserve Potentially Relevant Information, so long as the method enables the Party to meet its obligations under applicable law, including the Federal Rules of Civil Procedure. In the event that questions arise among the Parties as to whether or how Information should be Preserved under this Order, counsel for the Parties shall meet and confer. If the Parties are unable to agree, they may apply to this Court for clarification or relief from this Order upon reasonable notice. Before any Party files any motion regarding the terms of this Order or compliance with this Order, counsel for that Party shall meet and confer in a good faith attempt to resolve the

dispute.

12. During the pendency of the Parties' discussions pursuant to Paragraph 10, no Party shall be relieved from retaining Potentially Relevant Information segregated or otherwise preserved pursuant to preservation measures that it implemented pursuant to applicable law.

13. Potential sources of reasonably accessible ESI shall be preserved, such as:

   a. Data stored in a backup system for the purposes of system recovery or information restoration, including but not limited to, disaster recovery backup tapes, continuity of operations systems, and data or system mirrors or shadows, if such data are routinely deleted or written over in accordance with an established routine system maintenance practice;
   b. Voicemail messages;
   c. Electronic mail sent to or from a personal digital assistant ("PDA"), smartphone (e.g. Blackberry, iPhone), or tablet (e.g. iPad), provided that a copy of such email is routinely saved elsewhere;
   d. Other electronic data stored on a PDA, smartphone, or tablet, such as calendar or contact data notes, provided that a copy of such information is routinely saved elsewhere;
   e. Logs of calls made from cellular phones;
   f. Deleted computer files, whether fragmented or whole (nothing in this order authorizes the intentional deletion of ESI after the duty arose to preserve such ESI);
   g. Data stored on photocopiers, scanners, and fax machines;
   h. Server, system, or network logs;
   i. Instant messages, such as messages sent on AOL Instant Messenger, Microsoft Teams, Google Chat, or Slack; and
   j. Text messages, such as cell phone to cell phone SMS messages.

All Parties reserve their rights as to whether any sources of ESI, including but not limited to ESI listed in subparagraphs 13.a. through 13.j., should be preserved.

14. By Preserving Potentially Relevant Information, no Party concedes that such material is discoverable in this matter, nor does any Party waive any claim of privilege or other protection by so Preserving.

15. Nothing in this Order shall preclude the Parties from seeking relief from the Preservation obligations imposed by this Order, nor shall anything in this Order preclude or require the Parties to seek clarification of any Preservation obligations imposed by this Order; however, prior to seeking any such relief from the Court, counsel shall meet and confer among themselves in a good-faith effort to reach agreement.

16. Nothing in this Order shall affect any other obligations of the Parties to Preserve Potentially Relevant Information for purposes other than claims brought or defenses asserted in this MDL, such as pursuant to court order, administrative order, subpoena, statute, or in response to other anticipated litigation.

**IT IS SO ORDERED.**

Dated: July 14, 2024

THE HONORABLE EDWARD M. CHEN
United States District Judge