**GREENBERG TRAURIG, LLP**
Ian C. Ballon (SBN 141819)
*Ballon@gtlaw.com*
1900 University Avenue, 5th Floor
East Palo Alto, California 94303
Telephone: 650-328-8500

Stephen L. Saxl (*admitted pro hac vice*)
*saxls@gtlaw.com*
One Vanderbilt Avenue
New York, NY 10017
Telephone: (212) 801-8184

Rebekah S. Guyon (SBN 291037)
*GuyonR@gtlaw.com*
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: 310-586-7700

Kristin O'Carroll (SBN 312902)
*ocarrollk@gtlaw.com*
101 Second Street, Suite 2200
San Francisco, California 94105-3668
Telephone: 415-655-1300

*Attorneys for Defendant 23andMe, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: 23ANDME, INC., CUSTOMER DATA SECURITY BREACH LITIGATION | CASE NO.  3:24-md-03098-EMC<br><br>Hon. Edward M. Chen<br><br>**DEFENDANT 23ANDME, INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF 23ANDME, INC.'S MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

Pursuant to Civil Local Rules 7-11 and 79-5, Defendant 23andMe, Inc. ("23andMe") hereby moves the Court for administrative relief to file portions of the Unredacted Version of the Declaration Rebekah S. Guyon in Support of 23andMe's Memorandum in Support of Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement under seal. Plaintiffs do not oppose this motion. *See* Declaration of Rebekah S. Guyon in Support of Administrative Motion to Seal ("Guyon Decl."), ¶ 5.

## I.  LEGAL STANDARD

Despite the strong presumption in favor of public access to court records (*see Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002)), "access to judicial records is not absolute." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). It is well-settled in the Ninth Circuit that a party may overcome this common law presumption by demonstrating "compelling reasons" reasons justifying why the confidential information should be sealed at trial. *See id.* at 1178-1180; In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes[.]" *Id.* at 1179 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *Roberts v. Bloom Energy Corp.*, No. 19-CV-02935-HSG, 2020 WL 6162117, at *4 (N.D. Cal. Oct. 21, 2020) (granting an administrative motion to seal information related to an arbitration proceeding where public disclosure of the information could expose the defendant to potential liability); *ASUS Computer Int'l v. Round Rock Research, LLC*, No. 12-cv-02099 JST-NC, 2014 WL 2810193, at *1 (N.D. Cal., June 20, 2014) (recognizing the presumption can be overcome if the party presents "compelling reasons supported by factual findings that outweigh the general history of access and the public policies favoring disclosure") (internal quotations omitted).

District courts have "broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips*, 307 F.3d at 1211. Consistent therewith, California district courts have routinely found that preventing the release of confidential financial information is a "compelling reason" to seal court records. *See, e.g., San Diego Detox, LLC v. Detox Ctr. of San Diego, LLC*, No. 3:22-CV-01145-RBM-DDL, 2024 WL 3610965, at *2 (S.D. Cal. July 31, 2024) (compelling reasons existed to seal documents containing non-public sensitive financial information, including profit and loss information, and portions of a declaration that that included estimates of potential lost revenue

based on the information derived from such documents); *Day v. GEICO Cas. Co.*, No. 21-CV-02103-BLF, 2023 WL 6558404, at *2 (N.D. Cal. Sept. 21, 2023) (granting request to seal confidential business and financial information, finding the disclosure of which would cause competitive harm to a nationwide insurance company by allowing other insurers to obtain a unilateral advantage by learning about its business operations); *Munoz v. Phh Corp.*, No. 108CV00759DADBAM, 2016 WL 6778942, at *2 (E.D. Cal. Nov. 15, 2016) (finding that "compelling reasons" were present to seal confidential financial projections); *In re Hydroxycut Mktg. & Sales Pracs. Litig.*, No. 09MD2087 BTM AJB, 2011 WL 864897, at *2 (S.D. Cal. Mar. 11, 2011) (ordering non-public consolidated financial statements and detailed private financial documents sealed and finding that the information could cause competitive harm if publicly divulged).

## II. ARGUMENT

The Unredacted Version of the Declaration of Rebekah S. Guyon in Support of 23andMe's Memorandum in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("Sealed Guyon Declaration") (Sept. 12, 2024), which is attached as Exhibit A to the Guyon Decl., provides non-public financial information regarding numerous arbitrations that have been filed against 23andMe. Guyon Decl., ¶ 2, Ex. A at ¶¶ __. Specifically, the Sealed Guyon Declaration details non-public consumer arbitration proceedings that have been instituted against 23andMe in which claimants assert the same claims that are Released Claims in the Settlement Agreement on behalf of individuals who are members of the Settlement Class. The Sealed Guyon Declaration explains the filing fees that have been incurred, and may be incurred, in these non-public consumer arbitrations.

Public disclosure of the non-public and sensitive business financial information contained in the Sealed Guyon Declaration would cause 23andMe to suffer harm. The financial condition of 23andMe is well documented. *See* ECF No. 103-1 at 2:14-3:14, 11:12-12:3. If publicly disclosed, the non-public information could be used by competitors and third-party investors to exploit 23andMe's position. *See* Guyon Decl., ¶ 3. This would not only harm 23andMe's remaining shareholders, but it would also prejudice 23andMe's ability to fund the Settlement Agreement at final approval. *Id.* Accordingly, the

nationwide class members in this MDL that stand to benefit from the Settlement Agreement would likewise be harmed if 23andMe's confidential information is publicly disclosed.[1] *Id.*

Here, sealing is warranted because 23andMe's terms of service and the applicable arbitration rules require that the non-public consumer arbitration proceedings remain confidential. Under these circumstances, California district courts have agreed to seal non-public information about confidential arbitration proceedings. *See, e.g.*, *Mastronardi Int'l Ltd. v. Sunselect Produce (California), Inc.*, No. 118CV00737AWIJLT, 2020 WL 469351, at *2 (E.D. Cal. Jan. 29, 2020) (sealing information related to an arbitration proceeding where the governing arbitration rules required confidentiality); *Martinez v. Agoda Co. Pte. Ltd*, No. 3:20-CV-01289-JAH-MSB, 2024 WL 3823810, at *1 (S.D. Cal. Aug. 14, 2024) (granting unopposed motion to seal portions of a declaration that discussed the substance of an arbitration proceeding in light of a "confidentiality covenant" between the parties); *Roberts*, 2020 WL 6162117, at *4 (granting administrative motion to seal portions of declarations that contained information related to an arbitration proceeding that the defendant was obligated to keep confidential under the terms of a settlement agreement).

District courts in the Northern District of California and within the Ninth Circuit have also agreed to seal similar types of financial and business information where, as here, public disclosure of the information had the potential to cause harm. *See VLSI Tech. LLC v. Intel Corp.*, No. 17-CV-05671-BLF, 2021 WL 6063965, at *2 (N.D. Cal. Dec. 22, 2021) (finding compelling reasons existed for sealing sensitive financial and business information where the disclosure of such non-public information could negatively impact the requesting party's ability to negotiate future settlements); *DNA Genotek Inc. v. Spectrum Sols. L.L.C.,* No. 21-CV-516-RSH-DDL, 2022 WL 16700668, at *3 (S.D. Cal. Nov. 3, 2022) (granting tailored request to seal non-public revenue and financial data); *BBK Tobacco & Foods LLP v. Central Coast Agric. Inc.,* No. CV-19-05216-PHX-MTL, 2021 WL 5578864, at *2 (D. Ariz. Nov. 29, 2021) (granting narrow request to seal "revenue and sales figures [and] marketing expenditures").

---

[1] *See In re Joint E. & S. Dist. Asbestos Litig.*, 134 F.R.D. 32, 38 (E.D.N.Y. 1990) (enjoining all state proceedings and reasoning that a "stay of all proceedings must be entered now to protect Eagle–Picher's assets during these hearings—assets the settlement assumes will be available—and to ensure an equitable result for all present and future persons injured by asbestos-containing products.").

This sealing request is narrowly tailored because 23andMe only seeks to seal the non-public and competitively sensitive business and financial information contained in paragraphs 11 through 21 of the Sealed Guyon Declaration, and most of the declaration will otherwise remain public. *See* Guyon Decl., ¶ 4. There is no less restrictive alternative other than to seal this information to protect 23andMe's financial position and ability to fund the Settlement Agreement at final approval for the benefit of the nationwide class members in this MDL.

For the reasons set forth herein, the Court should find that compelling reasons exist to seal the non-public and competitively sensitive business and financial information contained in paragraphs 11 through 21 of the Sealed Guyon Declaration.

## III. CONCLUSION

For the foregoing reasons, 23andMe respectfully requests the Court grant 23andMe permission to file the following portions of the Declaration of Rebekah S. Guyon in Support of Defendant 23andMe, Inc.'s Memorandum in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement:

| Exhibit | Document Description | Portions to Seal | Reasons for Sealing |
|---|---|---|---|
| A | Unredacted Declaration of Declaration of Rebekah S. Guyon in Support of Defendant 23andMe, Inc.'s Memorandum in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement | Portions of ¶¶ 11-21 | Contains 23andMe's non-public and competitively sensitive business and financial information and non-public and confidential consumer arbitration information. *See* Guyon Decl., ¶ 2. |

Dated: September 12, 2024

**GREENBERG TRAURIG LLP**

<u>/s/ Rebekah S. Guyon</u>
Rebekah S. Guyon (SBN 291037)
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: 310-586-7700
*Rebekah.guyon@gtlaw.com*

*Attorneys for Defendant 23andMe, Inc.*