**GREENBERG TRAURIG, LLP**
Ian C. Ballon (SBN 141819)
*Ballon@gtlaw.com*
1900 University Avenue, 5th Floor
East Palo Alto, California 94303
Telephone: 650-328-8500

Stephen L. Saxl (*admitted pro hac vice*)
*saxls@gtlaw.com*
One Vanderbilt Avenue
New York, NY 10017
Telephone: (212) 801-8184

Rebekah S. Guyon (SBN 291037)
*GuyonR@gtlaw.com*
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: 310-586-7700

Kristin O'Carroll (SBN 312902)
*ocarrollk@gtlaw.com*
101 Second Street, Suite 2200
San Francisco, California 94105-3668
Telephone: 415-655-1300

*Attorneys for Defendant 23andMe, Inc.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: 23ANDME, INC., CUSTOMER DATA SECURITY BREACH LITIGATION | CASE NO.  3:24-md-03098-EMC<br><br>Hon. Edward M. Chen<br><br>**DECLARATION OF REBEKAH S. GUYON IN SUPPORT OF DEFENDANT 23ANDME, INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

**DECLARATION OF REBEKAH S. GUYON**

I, Rebekah S. Guyon, declare as follows:

1. I am a shareholder with Greenberg Traurig, LLP, counsel of record for defendant 23andMe, Inc. ("23andMe"). I have personal knowledge of the facts set forth in this Declaration and, if called and sworn as a witness, I could and would testify competently with respect thereto. Pursuant to Civil Local Rules 7-11 and Civil L.R. 79-5, I submit this declaration in support of 23andMe's Administrative Motion to File Documents Under Seal.

2. 23andMe seeks to seal portions of the Declaration of Rebekah S. Guyon in Support of Defendant 23andMe, Inc.'s Memorandum in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. (ECF No. 103) ("Sealed Guyon Declaration"). In the Sealed Guyon Declaration, I provide details regarding non-public consumer arbitrations arising from the Incident that have been filed against 23andMe, which are confidential pursuant to 23andMe's terms and conditions. Further, the Sealed Guyon Declaration explains the non-public filing fees that 23andMe has incurred, and will incur, in these consumer arbitrations. An unredacted copy of the Sealed Guyon Declaration is attached hereto as **Exhibit A**.

3. The non-public and competitively sensitive business and financial information contained in the unredacted Sealed Guyon Declaration would cause 23andMe to suffer harm if publicly disclosed. This information could be used by 23andMe's competitors and third-party investors to exploit 23andMe's current financial position. Not only would public disclosure of the information harm 23andMe's shareholders, but it would also prejudice 23andMe's ability to fund the Settlement Agreement at final approval. The nationwide class members in this MDL that stand to benefit from the Settlement Agreement, therefore, would likewise be harmed if the information is publicly disclosed.

4. This request to seal is narrowly tailored as 23andMe seeks only to seal the non-public and competitively sensitive business and financial information contained in paragraphs 11 through 21 of the Sealed Guyon Declaration, which leaves the majority of my declaration public.

5. On September 12, 2024, counsel for 23andMe conferred with counsel for Plaintiffs regarding 23andMe's intent to file this administrative motion to seal. Counsel for Plaintiffs indicated that Plaintiffs did not oppose the motion. During this meet and confer discussion, counsel for 23andMe did not seek a stipulation from Plaintiffs' counsel for the filing of paragraphs 11 through 21 of the Sealed Guyon

Declaration under seal because Plaintiffs cannot stipulate to the confidential and sensitive nature of the non-public and sensitive business and financial information contained in my declaration.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on September 12, 2024 at Los Angeles, California.

　　　　　　　　　　　　　　　　　　　　  */s/ Rebekah S. Guyon*
　　　　　　　　　　　　　　　　　　　　　Rebekah S. Guyon