**GREENBERG TRAURIG, LLP**
Ian C. Ballon (SBN 141819)
*Ballon@gtlaw.com*
1900 University Avenue, 5th Floor
East Palo Alto, California 94303
Telephone: 650-328-8500

Stephen L. Saxl (Admitted *Pro Hac Vice*)
*SaxlS@gtlaw.com*
One Vanderbilt Avenue
New York, NY 10017
Telephone: 212-801-8184

Rebekah S. Guyon (SBN 291037)
*GuyonR@gtlaw.com*
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: 310-586-7700

Kristin O'Carroll (SBN 312902)
*ocarrollk@gtlaw.com*
101 Second Street, Suite 2200
San Francisco, California 94105-3668
Telephone: 415-655-1300

*Attorneys for Defendant 23andMe, Inc.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: 23ANDME, INC., CUSTOMER DATA SECURITY BREACH LITIGATION | CASE NO. 24-md-03098-EMC<br><br>Hon. Edward M. Chen<br><br>**DECLARATION OF REBEKAH S. GUYON IN SUPPORT OF 23ANDME, INC.'S MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

**DECLARATION OF REBEKAH S. GUYON**

I, Rebekah S. Guyon, declare as follows:

1. I am a shareholder with Greenberg Traurig, LLP, counsel of record for defendant 23andMe, Inc. ("23andMe"). I have personal knowledge of the facts set forth in this Declaration and, if called and sworn as a witness, I could and would testify competently with respect thereto. Pursuant to Civil L.R. 6-3(a) and Civil L.R. 7-11(a), I submit this declaration in support of the motion for preliminary approval of class action settlement, in conjunction with 23andMe's Memorandum in Support to further demonstrate the need for the preliminary injunctive relief provision in the proposed Preliminary Approval Order.

2. On October 31, 2023, *Vasquez v. 23andMe, Inc.*, Case No. 23CV424996, was filed in the Santa Clara Superior Court. A true and correct copy of the *Vasquez* Complaint is attached hereto as **Exhibit A**.

3. On December 4, 2023, *Morgenstern v. 23andMe, Inc.*, Case No. 23-610816, was filed in San Francisco Superior Court. A true and correct copy of the *Morgenstern* Complaint is attached hereto as **Exhibit B**.

4. On January 23, 2024, *Wilkus v. 23andMe, Inc.,* Case. No. 24CV429673, was filed in Santa Clara Superior Court. A true and correct copy of the *Wilkus* Complaint is attached hereto as **Exhibit C**.

5. On July 10, 2024, *Shaw v. 23andMe, Inc*., Case No. TC24-2263, was filed in Santa Clara Superior Court. A true and correct copy of the *Shaw* Complaint is attached hereto as **Exhibit D**. 23andMe has not been served with the *Shaw* Complaint.

6. On January 24, 2024, Morgenstern filed a Petition for Coordination with the Judicial Council of California that seeks to coordinate the *Morgenstern* and *Vasquez* cases. A true and correct copy of the Petition for Coordination is attached hereto as **Exhibit E**.

7. On March 5, 2024, the Honorable Charles Adams in Department 7 of the California Superior Court for the County of Santa Clara was assigned as the coordination motion judge for Judicial Council Coordination Proceeding No. 5315. A true and correct copy of the Coordination Order is attached hereto as **Exhibit F**.

8. 23andMe filed Notices of Potential Add-On Case to coordinate *Wilkus* and *Shaw* with *Morgenstern* and *Vasquez* in Judicial Council Coordination Proceeding No. 5315 on June 7, 2024 and July 12, 2024, respectively. True and correct copies of 23andMe's Notices of Potential Add-On Case are attached hereto as **Exhibit G**.

9. On June 10, 2024, the Honorable Evette Pennypacker reassigned *Wilkus* to the Honorable Charles Adams in Department 7 of the California Superior Court for the County of Santa Clara. The next day, on June 11, 2024, Judge Adams designated *Wilkus* as a complex case and stayed discovery and 23andMe's responsive pleading deadlines pending a case management conference set for July 18, 2024. True and correct copies of these orders are attached hereto as **Exhibit H**.

10. On July 12, 2024, Judge Adams continued the July 18 case management conference to October 31, 2024 and entered a stay of the *Morgenstern*, *Vasquez*, and *Wilkus* matters pending the case management conference set for October 31, 2024. A true and correct copy of Judge Adams' Order entering the stay is attached hereto as **Exhibit I**.

11. To date, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ have been filed against 23andMe by ▬▬ class action law firms asserting claims arising from the Security Incident.

12. On February 14, 2024, the law firm ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *See Arbitration Schedule of Fees and Costs*, JAMSADR.org, https://www.jamsadr.com/arbitration-fees, last accessed Sept. 12, 2024. These demands assert claims on behalf of California and Illinois residents for negligence, negligence *per se*, breach of implied contract, unjust enrichment, and invasion of privacy. California claimants further assert alleged violations of California's Unfair Competition Law, California Consumer Privacy Act, and California Customer Records Act.

13. On July 10, 2024, while settlement negotiations in this MDL were ongoing, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. These additional demands assert claims on behalf of

DECLARATION OF REBEKAH S. GUYON IN SUPPORT OF
23ANDME, INC.'S MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1  residents of California and Illinois as described above. ▋ additional demands also include claims
2  on behalf of residents of D.C. and all other states for negligence, negligence *per se*, breach of implied
3  contract, unjust enrichment, and invasion of privacy as well as alleged violations of state consumer
4  protection statutes, including the California Consumer Privacy Act, California Consumer Legal Remedies
5  Act, California Unfair Competition Law, Delaware Consumer Fraud Act, Florida Deceptive and Unfair
6  Trade Practices Act, Georgia Fair Business Practices Act, Massachusetts Consumer Protection Act,
7  Maryland Consumer Protection Act, Missouri Merchandising Practices Act, New Jersey Consumer Fraud
8  Act, Pennsylvania Unfair Trade Practices and Consumer Protection Law, Texas Deceptive Trade Practices
9  – Consumer Protection Act, Washington Consumer Protection Act, and the Wisconsin Deceptive Trade
10 Practices Act.

11        14.    To date, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
12 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Defendant would be further responsible for
13 respondent's share of non-refundable filing fees ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
14 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

15        15.    ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
16 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ pursuant to the
17 JPMDL's Transfer Order, including representation of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
18 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

19        16.    On August 27, 2024, I informed ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
20 ▇▇▇▇▇▇▇▇▇▇▇ that 23andMe had executed a Term Sheet that would result in a settlement agreement
21 releasing all claims on behalf of U.S. residents affected in the Incident. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇
22 would immediately file its arbitration demands in response to learning that a Term Sheet had been executed.

23        17.    The next day, on August 28, 2024, ▇▇▇▇▇▇▇▇ arbitration demands against 23andMe
24 with JAMS. On August 29, 2024, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ individual arbitration demands against
25 23andMe with JAMS, ▇▇▇▇▇▇▇▇▇▇▇▇▇.

18. ███ has requested that JAMS ███████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ ██████████████████████████ in filing fees for 23andMe if it is required to pay.

19. On February 5, 2024, the law firm ████████████████████████ submitted a demand notice to Defendant ██████████████████. On or around August 29, 2024, ████████ notified me of their intent to initiate arbitrations on behalf of ████████████████████. In the event that ██████ files such demands with JAMS, Defendant faces the potential of further filing fees of ████████ ████████████████████████████.

20. ██████████ is also counsel of record in state proceedings arising out of the Incident under ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ███.

21. The foregoing demands ████████████████████████████████████████████ ████████████████████████████████ These filing fees do not account for the neutral arbitrators' retainer fees, which Defendant would ordinarily be responsible for, and ongoing administrative expenses. Furthermore, these fees do not account for those pre-arbitration demands and notices of intent to initiate arbitration that other law firms have served on behalf of ████████████ putative claimants who were allegedly impacted by the Incident.

22. 23andMe disputes that the initiation of arbitration for many of these claimants was, or is, proper for numerous substantive and procedural reasons.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on September 12, 2024 in Los Angeles, California.

/s/ Rebekah S. Guyon
Rebekah S. Guyon