Jonathan D. Waisnor (5137302)
Melissa H. Nafash (*pro hac vice forthcoming*)
Alexander F. Schlow (*pro hac vice forthcoming*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Fax: (212) 818-0477
jwaisnor@labaton.com
mnafash@labaton.com
aschlow@labaton.com
*Attorneys for Proposed Intervenors*
*Nancy Adame, Rebecca Adams, Josh Ades,*
*Heather Appleman, and Michael Atkinson-Leon*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: 23ANDME, INC., CUSTOMER DATA SECURITY BREACH LITIGATION | Case No. 24-md-03098-EMC<br><br>NOTICE OF MOTION AND MOTION SEEKING LEAVE TO INTERVENE AND FILE OPPOSITION TO MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT<br><br>Judge: Hon. Edward M. Chen<br>Courtroom: 5, 17th Floor<br>Hearing Date: October 24, 2024<br>Hearing Time: 1:30 p.m. |

To the Clerk of Court and all interested parties:

PLEASE TAKE NOTICE that on October 24, 2024, at 1:30 p.m., or on such other date or time as this matter may be heard, in the courtroom of the Honorable Judge Edward M. Chen, located at 450 Golden Gate Avenue, 17th Floor, Courtroom 5, San Francisco, California 94102, Proposed Intervenors Nancy Adame, Rebecca Adams, Josh Ades, Heather Appleman, and Michael Atkinson-Leon ("Proposed Intervenors") will and hereboy do move for an order allowing intervention under Federal Rule of Civil Procedure 24(a) as a matter of right, or, in the alternative, under Rule 24(b) for permission to intervene, seeking permission to file the attached objection to the parties' Motion for Preliminary Approval of Class Action Settlement filed by Plaintiffs' interim co-lead counsel on September 12, 2024 (the Settlement Motion). Intervention is proper here because the Settlement Motion threatens to impair Proposed Intervenors' interest in their claims, and their right to arbitrate

those claims, against defendant 23andMe, Inc. ("23andMe") and the existing parties will not adequately represent that interest.

## PRELIMINARY STATEMENT

Pursuant to Federal Rule of Civil Procedure 24, this Court must permit anyone to intervene who files a timely motion and (1) claims an interest relating to the subject matter of the action, (2) disposition of the action threatens to impair that interest, and (3) the existing parties fail to represent adequately that interest. Fed. R. Civ. P. 24(a). Proposed Intervenors easily satisfy this standard. First, Proposed Intervenors, as absent class members seeking arbitration of their claims against 23andMe, have a clear interest in the subject matter of this action. Second, the disposition of the Settlement Motion threatens to impair that interest by impeding or extinguishing Proposed Intervenors' claims without a sufficient basis and various additional, burdensome opt-out procedures. Indeed, the materials submitted in support of the Settlement Motion directly acknowledge that Proposed Intervenors pursuit of arbitration, during the pendency of this action is a driving force behind the timing and structure of this settlement. 23andMe's Memorandum in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 105, the "23andMe Memorandum" or "23andMe Mem.") at 1, 2, 9-11. Finally, the existing parties do not adequately represent the interests of Proposed Intervenors. Rather than accounting for Proposed Intervenors' asserted rights to individual arbitration, or simply excluding Proposed Intervenors from the settlement to respect their pending arbitrations, the proposed settlement treats the fact of 23andMe's contractual arbitration fee obligations as a threat to the settlement, and seeks to end Proposed Intervenors' arbitrations through an end-run around Proposed Intervenors' attorneys via direct contact with Proposed Intervenors and an unnecessarily onerous opt-out process.

As all elements for intervention as of right pursuant to Rule 24(a) are met, Proposed Intervenors respectfully request that this Court grant this motion and allow Proposed Intervenors to intervene in this action for the purpose of opposing the Settlement Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

The Proposed Intervenors are part of a group of 11,061 individuals represented by Labaton Keller Sucharow LLP ("Labaton") who retained counsel to seek individualized arbitration of their

2

NOTICE OF MOTION AND MOTION SEEKING LEAVE TO INTERVENE
CASE NO. 24-MD-03098-EMC

claims against 23andMe (as the 23andMe-drafted terms of service require) stemming from the same data breach at issue in this putative class action. As set forth below, the Proposed Intervenors and undersigned counsel's other clients have engaged in months of direct negotiation with 23andMe and its counsel, and have pursued individual arbitrations against 23andMe when they could not resolve their claims.

Between February 8 and August 29, 2024, counsel for the Proposed Intervenors engaged in extensive discussions with 23andMe's counsel in an effort to resolve the Proposed Intervenors' disputes. These discussions are set forth in detail in the accompanying Declaration of Melissa H. Nafash, but briefly put, the negotiations concerned both the substance of Claimants' claims and possible procedures for resolving them, and included both numerous letters and multiple videoconference and telephonic meet-and-confer sessions between May and August, 2024. Ultimately, however, negotiations were unsuccessful and the Proposed Intervenors filed individual arbitrations against 23andMe before JAMS on August 29 and 30, 2024. Thus, 23andMe has been directly aware that Proposed Intervenors were represented by individual counsel with respect to the data breach at issue here since early this year, and negotiated potential resolution of the Proposed Intervenors claims with their counsel throughout 2024. 23andMe's attempt to extinguish those claims through a class settlement demonstrates that Proposed Intervenors interests will not be adequately protected without intervention.

Simultaneous with these direct negotiations with the Proposed Intervenors' counsel, 23andMe and class counsel have negotiated settlement of this action without including Proposed Intervenors in their discussions. The 23andMe Memorandum directly acknowledges as much, noting that 23andMe "faces parallel litigation in . . . private arbitration forums on behalf of tens of thousands of [putative] Settlement Class members." 23andMe Mem. at 1. 23andMe further directly acknowledges that funds it might pay out as part of the proposed settlement might jeopardize its ability to pay the arbitration fees it promised its users it would pay. *Id.* at 1-2. (noting arbitration "filing fees that will nearly eclipse the Qualified Settlement Fund").

Thus, rather than acknowledging that the Proposed Intervenors and thousands of others have, and have asserted, a contractual right to arbitrate their claims *under a contract 23andMe drafted*, a

contract that grants jurisdiction to the arbitral forum to decide the merits of their claims, 23andMe now asks this Court to stay the arbitration proceedings Proposed Intervenors have started, and to assert jurisdiction over issues the parties already agreed belong before arbitrators, all without the Proposed Intervenors' input or consent. This Court should not enable such hypocrisy. At a minimum, the Court should grant Proposed Intervenors the right to intervene, deny the injunction of arbitration proceedings requested by the parties, and permit Proposed Intervenors to collectively opt out of any approved settlement through a single communication from counsel.

## ARGUMENT

### A.  Applicable Standard

Pursuant to Fed. R. Civ. P. 24(a)(2), the Court "must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or imped the movant's ability to protect its interest, unless existing parties adequately represent that interest." Courts "apply a four-part test under Rule 24(a): (1) the application for intervention must be timely; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit." *Southwest Ctr. For Biological Diversity v. Berg*, 268 F.3d 810, 817 (2001) (citations omitted).

"In the class action context, the second and third prongs . . . are satisfied by the very nature of Rule 23 representative litigation. Therefore, when absent class members seek intervention as a matter of right, the gravamen of a court's analysis must be on the timeliness of the motion to intervene and on the adequacy of representation." *In re Community Bank of Northern Virginia*, 418 F.3d 277, 314 (3d Cir. 2005); *see also, e.g.*, *Kamakahi v. Am. Soc'y for Repod. Medicine*, 2015 U.S. Dist. LEXIS 54842 at *9 (N.D. Cal. Apr. 27, 2015) (Rule 24(a) "provides an absent class member with a right to intervene 'if he can show the inadequacy of the representation of his interest by the representative parties before the court'") (quoting Fed. R. Civ. P. 24 advisory committee's note (1966 amendment)).

"The [inadequate representation] requirement of [Rule 24(a)] is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. UMW*, 404 U.S. 528, 538 n.10 (1972). Courts assess "three factors in determining the adequacy of representation: (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003).

"An applicant who seeks permissive intervention" under Fed. R. Civ. P. 24(b) "must prove that it meets three threshold requirements: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998).

With respect to timeliness under either Rule 24(a) or 24(b), "Courts weigh three factors . . . (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004) (citations and quotation marks omitted). "Timeliness is a flexible concept," and so long as the three factors above are considered, "its determination is left to the district court's discretion." *Id.* "[T]he mere lapse of time, without more, is not necessarily a bar to intervention," and "a party's interest in a specific phase of a proceeding may support intervention at that particular stage of the lawsuit." *Id.*

B.  **The Proposed Intervenors Have The Right To Intervene Under Fed. R. Civ. P. 24(a)**

As set forth above, "the very nature of Rule 23 representative litigation" satisfies the second and third prongs of the four-part Rule 24(a) test – the Proposed Intervenors have a protectable interest in their claims against 23andMe, and settlement of this action would necessarily impair that interest. *In re Community Bank*, 418 F.3d at 314. Accordingly, Proposed Intervenors may intervene as of right provided that their motion is timely and that the current parties may not adequately represent their rights. Both elements are easily satisfied.

As to timeliness, Proposed Intervenors seek a limited modification of the procedural aspects of the settlement approval process to avoid prejudice to their interests by: (1) contesting the requested injunction against pursuing their arbitrations against 23andMe during the settlement objection and approval process; and (2) *increasing* efficiency and reducing claims administration overhead and cost, which as the Court noted could exceed $1 million, by securing a common-sense right to opt out of the proposed settlement through combined notices from their attorney, rather than thousands of cumbersome opt-out forms. Thus, the "proposed intervention does not meaningfully implicate any stage of this case before" the now-pending Settlement Motion. *Kamakahi*, 2015 U.S. Dist. LEXIS 54842 at *11. Thus, Proposed Intervenors' "interest in [this] specific phase of" this action "support[s] intervention at that particular stage of the lawsuit," notwithstanding that they did not intervene earlier. *Alisal Water*, 370 F.3d at 921.

Similarly, there is no meaningful prejudice to the parties in allowing intervention now. "In the context of a timeliness analysis, prejudice is evaluated based on the difference between timely and untimely intervention—not based on the work [the parties] would need to do regardless of when [the intervenors] sought to intervene." *Kamakahi*, 2015 U.S. Dist. LEXIS 54842 at *11-12 (citing *Day v. Apolonia*, 505 F.3d 963, 965 (9th Cir. 2007)). Here, adjudication of Proposed Intervenors' issues at this stage will not require the other parties to do anything that they would not have had to do had intervention occurred at an earlier phase, and will not require the parties or the Court to reopen any decided issues. "[T]he practical result of . . . intervention . . . would have occurred whenever [Proposed Intervenors] joined the proceedings," and accordingly no prejudice has been suffered based on the timing of intervention. *Day*, 505 F.3d at 965.

Finally, there is a clear explanation for any "delay" in moving to intervene. "Delay is measured from the date the proposed intervenor should have been aware that its interests would no longer be protected adequately by the parties, not the date it learned of the litigation." *United States v. Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996). Here, though Proposed Intervenors were aware of this litigation for some time, it was not until the Settlement Motion was filed that Proposed Intervenors learned of the parties' requests that this Court stay Proposed Intervenors' arbitrations and impose an unnecessarily onerous opt-out process on them. Once Proposed Intervenors did learn of

those requests, they promptly took action to defend their interests, bringing this motion prior to the final hearing on the Settlement Motion and within the time to object to the proposed settlement. Accordingly, there has been no unexplained delay.

As to adequacy, the parties' submissions in support of the Settlement Motion make it clear that not only is there a chance that the parties "may not" protect Proposed Intervenors' interests, they are actively seeking to undermine those interests by requesting that the Court approve a settlement that would delay progress on Proposed Intervenors' noticed and pending arbitrations, require Proposed Intervenors to communicate their decision to opt out through unnecessarily individualized direct communications rather than through counsel, and, potentially, divert resources that would otherwise be used to fulfil 23andMe's contractual obligations to pay arbitral fees into the settlement fund.  *See, e.g.,* 23andMe Mem. at 1 (seeking preliminary injunction of arbitration claims); 2 (suggesting that, "[i]n light of 23andMe's financial condition," the company might not have sufficient funds to both pay the proposed settlement and fulfil its contractual obligation to pay arbitral fees); 9 (indicating tension between the interests of arbitration claimants including Proposed Intervenors and the Settlement Agreement); 10-11 (suggesting that "the threat of ongoing . . . arbitration proceedings undermines . . . this Court's jurisdiction to oversee and enforce the settlement").  This substantial, overt misalignment of interests between Proposed Intervenors on the one hand and class counsel and 23andMe on the other clearly satisfies the "minimal" burden of showing that the current parties "may be" inadequate to protect Proposed Intervenors' interests. *Trbovich*, 404 U.S. at 538 n.10.

Thus, Proposed Intervenors have an unqualified right, under Rule 24(a), to intervene in this action, and their motion should be granted.

    **C.**    **Alternatively, The Proposed Intervenors Should Be Permitted To Intervene Under Fed. R. Civ. P. 24(b).**

Even if this Court does not accept that Proposed Intervenors may intervene in this action as of right, they should still be granted permissive intervention under Fed. R. Civ. P. 24(b).  Each of the three requirements for permissive intervention – common questions of law or fact, a timely motion, and an independent basis for jurisdiction – are present here.

1    The existence of "common questions of law or fact," *Donnelly*, 159 F.3d at 412, is beyond meaningful dispute. As 23andMe repeatedly notes in its Memorandum, Proposed Intervenors' arbitration demands "assert[] claims based on the identical factual predicate as the Released Claims under the Settlement Agreement." 23andMe Mem. at 9; *see also id.* at 5-6 (noting that the claims pursued by arbitral claimants are "nearly identical . . . to those that are alleged in the Complaint here").

Nor is there any question that Proposed Intervenors' motion is timely. The standard for assessing timeliness for a motion for permissive intervention is the same as for intervention as of right, and Proposed Intervenors satisfy it for the same reasons set forth in Section B, *supra*. Finally, this Court has independent jurisdiction over Proposed Intervenors' claims for the same reasons it has jurisdiction over the claims asserted in this MDL proceeding.

Accordingly, even if Proposed Intervenors could not intervene in this action as of right (which they can), permission to intervene should be granted here. Indeed, another judge of this Court granted an application by arbitration claimants to intervene and object to a motion for preliminary approval of a class action settlement under Rule 24(b) in significantly similar circumstances, without reaching the issue of whether intervention as of right was required under Rule 24(a). <u>Arena v. Intuit Inc.</u>, No. 19-CV-02546-CRB, 2020 WL 7342716, at *1 (N.D. Cal. Dec. 14, 2020) (finding permissive intervention by arbitration claimants appropriate where there was no dispute that the claims shared common law or fact questions, there would be no undue delay or prejudice, and proposed interventors perspectives would help the Court make an informed decision at preliminary approval).

**D.    Intervention In Addition To Objection To The Settlement Is Necessary To Adequately Protect Proposed Intervenors' Interests**

The parties opposing this action may argue that the settlement objection process provides Proposed Intervenors with an adequate process to address their concerns with the Settlement Motion. This is incorrect, because Proposed Intervenors' primary concerns specifically implicate two core aspects of that very objection and opt-out process – the unnecessary stay of *all* arbitrations while the process continues, even for claimants like Proposed Intervenors whose arbitrations are ongoing, and the application of the same unnecessarily burdensome individual opt-out process intended for unrepresented absent class members to represented individuals with pending arbitral claims like

Proposed Intervenors. Because these issues implicate the settlement process from the beginning, including both challenges to the proposed settlement and the requested interim court order, intervention is the appropriate mechanism to address Proposed Intervenors' opposition to the settlement.

## CONCLUSION

For the foregoing reasons, Proposed Intervenors respectfully request that this Court enter an Order:

(i) Allowing Proposed Intervenors to intervene in this action for the limited purpose of opposing those portions of the Settlement Motion that seek an unnecessary stay of arbitrations for individuals who have pending arbitrations and intend to opt out of the settlement, and opposing those portions of the Settlement Motion that unduly burden the ability of represented individuals to opt out of the settlement; and

(ii) Granting such other and further relief as the Court deems just and proper.

Dated: October 2, 2024

Respectfully submitted,

**LABATON KELLER SUCHAROW LLP**

By: /s/ Jonathan D. Waisnor
Jonathan D. Waisnor (SBN 5137302)
Melissa H. Nafash (*pro hac vice forthcoming*)
Alexander F. Schlow (*pro hac vice forthcoming*)
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Fax: (212) 818-0477
jwaisnor@labaton.com
mnafash@labaton.com
aschlow@labaton.com

*Attorneys for Proposed Intervenors*