Cari Campen Laufenberg (*pro hac vice*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101
Tel: (206) 623-1900
claufenberg@kellerrohrback.com

Gayle M. Blatt (SBN 122048)
CASEY GERRY SCHENK FRANCAVILLA
BLATT & PENFIELD LLP
110 Laurel Street
San Diego, CA 92101
Tel: (619) 238-1811
gmb@cglaw.com

Norman E. Siegel (*pro hac vice*)
STUEVE SIEGEL HANSON LLP
460 Nichols Road
Suite 200
Kansas City, MO 64112
Tel: 816 714-7100
siegel@stuevesiegel.com

*Interim Co-Lead Counsel*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: 23ANDME, INC. CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>This Document Relates to: ALL ACTIONS | No. 3:24-md-03098-EMC<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL RELATING TO THE SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**CIVIL L.R. 7-11 and 79-5(f)**<br><br>Judge: Hon. Edward M. Chen<br>Courtroom: 5, 17th Floor |

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiffs herby move the Court for administrative relief to file under seal: (1) portions of the Supplemental Brief in Support of Motion for Preliminary Approval of Settlement ("Supplemental Brief"); and (2) Verita's Settlement Administration Bid, Exhibit 3 to the Supplemental Brief. 23andMe does not oppose this motion. *See* Declaration of Cari C. Laufenberg in Support of the Administrative Motion to Seal ("Laufenberg Decl.").

## I.  LEGAL STANDARD

Despite the strong presumption in favor of public access to court records (*see Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002)), "access to judicial records is not absolute." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). It is well-settled in the Ninth Circuit that a party may overcome this common law presumption by demonstrating "compelling reasons" reasons justifying why the confidential information should be sealed at trial. *See id.* at 1178-1180; In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes[.]" *Id.* at 1179 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *ASUS Computer Int'l v. Round Rock Research, LLC*, No. 12-cv-02099 JST-NC, 2014 WL 2810193, at *1 (N.D. Cal., June 20, 2014) (recognizing the presumption can be overcome if the party presents "compelling reasons supported by factual findings that outweigh the general history of access and the public policies favoring disclosure") (internal quotations omitted).

District courts have "broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips*, 307 F.3d at 1211. Consistent therewith, the Supreme Court has recognized that "sources of business information that might harm a litigant's competitive standing" may be filed under seal notwithstanding the public's general right to inspect and copy judicial records. *Warner Commc'ns, Inc.*, 435 U.S. at 598–99; *see also MD Helicopters Inc. v. Boeing Co.*, No. CV-17-02598-PHX-JAT, 2019 WL 2184762, at *2 (D. Ariz. May 21, 2019).

District courts in the Northern District of California and within the Ninth Circuit have also agreed to seal similar types of financial and business information where, as here, public disclosure of the information had the potential to cause harm. *See VLSI Tech. LLC v. Intel Corp.*, No. 17-CV-05671-BLF, 2021 WL 6063965, at *2 (N.D. Cal. Dec. 22, 2021) (finding compelling reasons existed for sealing sensitive financial and business information where the disclosure of such non-public information could negatively impact the requesting party's ability to negotiate future licenses and settlements).

Here, Plaintiffs seek to file the detailed settlement administration bid Verita submitted as part of the Notice and Claims Administrator selection process under seal. While not a litigant, Verita's bid contains detailed information regarding its projected costs for administering this Settlement on a task-by-task basis which, if revealed, would cause harm to Verita's competitive standing. Additionally, because Verita's total projected cost for administration of the Settlement has been included in publicly filed documents with this Court (*see* Dkt. 103-1 at p. 39; Dkt. 103-6 at ¶ 49; Dkt. 111 at Section G); and is included in the proposed Class Notice, Plaintiffs believe the Settlement Class will have sufficient information to evaluate the cost of Verita's services in considering whether to participate in or object to the Settlement.

Plaintiffs likewise seek to file under seal limited references in the Supplemental Brief that would reveal the cost of Privacy Shield. CyEx is providing this monitoring product to Plaintiffs at, or close to, cost. As such, revealing publicly the cost of Privacy Shield could serve to undermine CyEx's competitive standing. CyEx advises that the Privacy Shield product, while not currently available on the retail market, would retail for approximately $375 per year per Settlement Class Member. *See* Dkt. 103-7, Thompson Decl., ¶ 8. Regardless, Plaintiffs believe the retail value of Privacy Shield provides a more useful measure by which Settlement Class Members can evaluate the benefit of this monitoring product than does the fixed cost which Plaintiffs negotiated with CyEx.

This sealing request is narrowly-tailored because there is no less restrictive alternative than to (1) file under seal, in its entirety, Exhibit 3 to protect Verita's competitive standing and (2) allow limited redactions in the Supplemental Brief to protect CyEx's competitive standing

from providing the at cost price of Privacy Shield. For the reasons set forth herein, the Court should find that compelling reasons exist to seal the non-public and competitively sensitive business information contained in Exhibit 3 and the limited redactions in the Supplemental Brief.

## II. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court grant Plaintiffs permission to file under seal the following:

|   | Document | Portions Sought to be Sealed | Reasons for Sealing |
|---|---|---|---|
| 1 | Supplemental Brief in Support of Motion for Preliminary Approval of Class Action Settlement | Limited references on pages 11, 13, 14, 15 | Contains references to the non-public cost of Privacy Shield which could serve to harm CyEx's competitive business dealings. |
| 2 | Exhibit 3 to Supplemental Brief in Support of Motion for Preliminary Approval of Class Action Settlement | Entire document. | Contains Verita's non-public and competitively sensitive business information. |

RESPECTFULLY SUBMITTED this 2nd day of October, 2024.

*/s/ Cari Campen Laufenberg*
Cari Campen Laufenberg (*pro hac vice*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101
Tel: (206) 623-1900
claufenberg@kellerrohrback.com

Gayle M. Blatt (SBN 122048)
CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD LLP
110 Laurel Street
San Diego, CA 92101
Tel: (619) 238-1811
gmb@cglaw.com

Norman E. Siegel (*pro hac vice*)
STUEVE SIEGEL HANSON LLP
460 Nichols Road
Suite 200
Kansas City, MO 64112
Tel: 816 714-7100
siegel@stuevesiegel.com

*Interim Co-Lead Counsel*

**CERTIFICATE OF SERVICE**

I, Sarah Skaggs, hereby certify that on October 2, 2024, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

/s/ *Sarah Skaggs*
Sarah Skaggs