# EXHIBIT 1

**Edelson PC**

350 North LaSalle Street, 14th Floor, Chicago, Illinois 60654
t 312.589.6370 | f 312.589.6378 | www.edelson.com

October 11, 2024

<u>VIA ELECTRONIC MAIL</u>

| | |
|---|---|
| Ian C. Ballon | Kristin O'Carroll |
| ballon@gtlaw.com | ocarrollk@gtlaw.com |
| GREENBERG TRAURIG, LLP | GREENBERG TRAURIG, LLP |
| 1900 University Avenue, 5th Floor | 101 Second Street, Suite 2200 |
| East Palo Alto, California 94303 | San Francisco, California 94105 |

Rebekah S. Guyon
guyonR@gtlaw.com
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067

Re:   *In Re: 23andMe, Inc. Customer Data Security Breach Litig*, No. 3:24-md-03098-EMC (N.D. Cal.) – Scope of Release in Proposed Settlement

Counsel:

We are writing regarding the scope of the release (the "Release") in the proposed *23andMe* settlement. (Dkt. 103-2.) While we trust you understand our position about the Settlement more generally—that it should not be approved for many, many reasons—we also are open to taking issues off of the table where we can.

The Release includes three nesting definitions (the "Released Claims," "Released Persons," and "Released Entities") which together significantly obscure the Release's scope. Potentially, these terms make the release broad enough to encompass many claims not directly at issue in the litigation, including particularly the Class's claims arising from 23andMe's "partnering" with third-party pharmaceutical companies—an issue that the *Melvin* Plaintiffs brought to the Court's attention months ago (*see Melvin, et al. v. 23andMe, Inc.*, No. 3:24-cv-00487, Dkt. 26 (N.D. Cal. Feb. 16, 2024)) and in their recent opposition to preliminary approval, (dkt. 112). We don't think those claims would properly be released by this Settlement, of course, nor do we think that should be controversial. The Court's view was that these claims were not part of the MDL. (Tr. of Proceedings at 32:4-9, *Santana v. 23andMe, Inc*., No. 3:23-cv-05147-EMC (Feb. 22, 2024) (those claims are "not, as currently stated, within the four corners of … the complaints").

We were pleased to see Interim Co-Lead Class Counsel's representation that the Release extends only to the claims underlying the consolidated *23andMe* action, and does not extend to claims arising from the "sale of data in 23andMe's possession," including the claims that the

**Edelson PC**

In Re: 23andMe, Inc.
October 11, 2024
Page 2 of 2

*Melvin* plaintiffs referenced. (*See* Dkt. 127 at 24 n.11.) That said, that representation doesn't fully answer the question. We need to know whether 23andMe agrees.

Does 23andMe agree that the Release *does not* encompass 23andMe's transfer of any customer data to third parties outside the breach that gave rise to this litigation? That would include any "sale[s]," as Interim Co-Lead Class Counsel put it, but also "research partnerships," disclosures, data-sharing agreements of any kind, or other breaches.

Assuming that you agree with that, it would follow that any arbitrations asserting such claims would not be enjoined even if the Parties' motion for a preliminary injunction (dkts. 103-1 at 39–40; 105) is granted.[1] Please advise if you agree with this.

Finally, whatever 23andMe's views are on the foregoing questions, will 23andMe agree, to the extent that the Court approves some form of Notice for some form of Settlement, that the scope of the Release will be made abundantly clear? In light of the ambiguity in the language and Notice as it stands, this would best serve the Class. Specifically, this would modify FAQ No. 12 in the web form notice to clarify what is meant by "Released Parties" and the "legal claims in this case."

We look forward to your response on these issues. If 23andMe agrees that these claims aren't released and to modify the Notice accordingly, we'll look forward to dropping these issues from the pending disputes.

Sincerely,

/s/ J. Eli Wade-Scott

J. Eli Wade-Scott
EDELSON PC

CC VIA ELECTRONIC MAIL:  Rafey S. Balabanian, rbalabanian@edelson.com
Jay Edelson, jedelson@edelson.com
Michael W. Ovca, movca@edelson.com
Emily Penkowski Perez, epenkowski@edelson.com
Hannah Hilligoss, hhilligoss@edelson.com

---

[1] The preliminary injunction you are seeking would enjoin any "proceeding based on the Released Claims, unless and until [that Settlement Class Member] personally submit[s] a timely request for individual exclusion pursuant to the Settlement Agreement after receiving Notice." (Dkt. 103-2 ¶ 73(f).)