# EXHIBIT 3



Michael Ovca <movca@edelson.com>

## 23andMe: Cost of Privacy Shield

**Cari Laufenberg** <claufenberg@kellerrohrback.com>  Mon, Oct 21, 2024 at 11:48 AM
To: Eli Wade-Scott <ewadescott@edelson.com>
Cc: Norm Siegel <siegel@stuevesiegel.com>, GMB <gmb@cglaw.com>, Jay Edelson <jedelson@edelson.com>, Rafey Balabanian <rbalabanian@edelson.com>, Hannah Hilligoss <hhilligoss@edelson.com>, Michael Ovca <movca@edelson.com>

Eli,

We're not in a position to share the cost with you. If the judge decides it should be public, you and others will have access to it.

Thank you,

Cari

---

**From:** Eli Wade-Scott <ewadescott@edelson.com>
**Sent:** Saturday, October 19, 2024 2:40 PM
**To:** Cari Laufenberg <claufenberg@KellerRohrback.com>
**Cc:** Norm Siegel <siegel@stuevesiegel.com>; GMB <gmb@cglaw.com>; Jay Edelson <jedelson@edelson.com>; Rafey Balabanian <rbalabanian@edelson.com>; Hannah Hilligoss <hhilligoss@edelson.com>; Michael Ovca <movca@edelson.com>
**Subject:** Re: [Ext] Re: [Ext] RE: 23andMe: Cost of Privacy Shield

Cari - as far as the hearing on the 29th, that's why we want to understand this - it would be our preference to limit the issues we have to present to the Court rather than multiply them.

I'm more confused than before, unfortunately. You've elided the distinction we made in our first email, but it seems to confirm our suspicions: that CyEx might well be offering the product "close to" cost, but you haven't responded to the problem that creates—"close to" cost tells the class nothing. And simply saying we're wrong when we asked why there would be competitive harm to disclosing the cost of a product that has no retail market doesn't advance the ball much. Why, exactly, are we wrong about that?

You also haven't addressed the main question at all: will you simply tell us this information, which we will keep confidential until the Court orders?

It seems we really haven't moved an inch here, but I'd prefer to have the conversation rather than just hit a brick wall. That's why we wrote. If your plan is not to talk to us about this, we can't stop you, but it would be better if you'd simply say so rather than engage in this sort of cryptic back-and-forth.

Eli

# Edelson PC

**J. Eli Wade-Scott**
350 N LaSalle St, 14th Floor, Chicago, IL 60654
d 312.242.0859 · t 312.589.6370 · edelson.com


On Sat, Oct 19, 2024 at 4:01 PM Cari Laufenberg <claufenberg@kellerrohrback.com> wrote:

> Hi Eli,
>
> I am happy to clarify. I was referring to your assumptions that the monitoring program is not being offered at cost or close to at cost, that CyEx would have no incentive to offer it at cost or close to at cost, and that there could be no competitive harm from the information's publication.
>
> We expect the issues you raise, and more, will be addressed <u>on October 29</u>, but please let us know if there are other issues you would like to discuss.
>
>
> Thanks,
> Cari
>
> ---
>
> **From:** Eli Wade-Scott <ewadescott@edelson.com>
> **Sent:** Friday, October 18, 2024 7:21 AM
> **To:** Cari Laufenberg <claufenberg@KellerRohrback.com>
> **Cc:** Norm Siegel <siegel@stuevesiegel.com>; GMB <gmb@cglaw.com>; Jay Edelson <jedelson@edelson.com>; Rafey Balabanian <rbalabanian@edelson.com>; Hannah Hilligoss <hhilligoss@edelson.com>; Michael Ovca <movca@edelson.com>
> **Subject:** Re: [Ext] RE: 23andMe: Cost of Privacy Shield
>
>
> Cari/all - following up on this email from Monday.
>
> # Edelson PC
>
> **J. Eli Wade-Scott**
> 350 N LaSalle St, 14th Floor, Chicago, IL 60654
> d 312.242.0859 · t 312.589.6370 · edelson.com
>
>
> On Mon, Oct 14, 2024 at 7:34 PM Eli Wade-Scott <ewadescott@edelson.com> wrote:
>
>> Cari -
>>
>> Thanks for the response. Which assumptions are you referring to? Since that's the only obstacle you've mentioned to justify not responding to us, hopefully I can quickly address whatever you mean by that and we can get the information.

Eli

# Edelson PC

**J. Eli Wade-Scott**
350 N LaSalle St, 14th Floor, Chicago, IL 60654
d 312.242.0859 · t 312.589.6370 · edelson.com

On Mon, Oct 14, 2024 at 7:28 PM Cari Laufenberg <claufenberg@kellerrohrback.com> wrote:

> Eli,
>
> Thank you for your email. Your assumptions below are incorrect. We do not intend to provide pricing information at this time; the issue is before the Court.
>
> Best regards,
>
> Cari, Gayle and Norm
>
> ---
>
> **From:** Eli Wade-Scott <ewadescott@edelson.com>
> **Sent:** Friday, October 11, 2024 3:35 PM
> **To:** Cari Laufenberg <claufenberg@KellerRohrback.com>; Norm Siegel <siegel@stuevesiegel.com>; GMB <gmb@cglaw.com>
> **Cc:** Jay Edelson <jedelson@edelson.com>; Rafey Balabanian <rbalabanian@edelson.com>; Hannah Hilligoss <hhilligoss@edelson.com>; Michael Ovca <movca@edelson.com>
> **Subject:** 23andMe: Cost of Privacy Shield
>
> Counsel -
>
> We're writing to follow up on the actual cost to the Settlement Class of Privacy Shield, which is redacted in your supplemental brief. (Dkt. 123 at 11.) While we obviously have many disagreements about the value and role of Privacy Shield in this Settlement, the question today is narrow: will you at least share with us the cost to the Class of Privacy Shield? We will keep that confidential until the Court rules on your motion (and then, of course, will follow whatever Order the Court issues).
>
> Frankly, your justification for keeping the cost confidential does not make a lot of sense to us. The Class is paying for it, and they have a right to know what they are spending their money on—redacting this number literally means the Class does not know how much monetary relief is being distributed to it. (*See* Dkt. 123 at 11.) And what you do say about cost is inconsistent: you claim (without a declaration) that the product is being offered to the Class "at, or close to, cost." (Dkt. 122 at 2.) But CyEx would have no incentive to offer a product at cost, so that can't be right. The product must be "close to" cost, then, but that is meaningless without some understanding of the underlying numbers.

You've consistently told the Class that they are benefitting from a product with a "retail value" of $375 (Dkt. 103–7), but you acknowledge that there is no retail market for the product. (Dkt. 122 at 2.) We'd like more explanation of how CyEx arrived at that number. Our guess is that it costs a small fraction of that, and if that's true, it's fairly misleading. The absence of the retail market also seriously undercuts the supposed competitive harms CyEx would suffer—its pricing can't be all that proprietary for purposes of the retail market if there is no retail market.

The best way to handle this in the interim is to provide us with the unredacted numbers on cost and the total monetary relief available to the Class. As I said above, we will keep that strictly confidential until the Court orders, at which point we will abide by the Order. This at least permits a couple members of the Class to evaluate the argument.

Best,

Eli

--

**Edelson** PC

**J. Eli Wade-Scott**
350 N LaSalle St, 14th Floor, Chicago, IL 60654
d 312.242.0859 · t 312.589.6370 · edelson.com

**~WRD0001.jpg**
1K