OFFICE OF THE CLERK

UNITED STATES DISTRICT COURT

Northern District of California

CIVIL MINUTES

**Date:** October 29, 2024   **Time:** 4:23-6:22   **Judge:** EDWARD M. CHEN
                              1 Hour, 59 minutes

**Case No.:** 24-md-03098   **Case Name:** IN RE: 23ANDME, Inc., Customer Data Security Breach Litigation

**Attorneys for Plaintiffs:** Gayle M. Blatt, Cari Laufenberg, Norman Siegel, Christopher Singer
**Attorneys for Defendants:** Rebekah S. Guyon, Stephen Saxl
**Attorneys for Intervenors:** Nicholas Porritt, Melissa Nafash, John Nelon

**Deputy Clerk:** Vicky Ayala   **Court Reporter:** Debra Pas

PROCEEDINGS

Motion for Settlement and Motion to Intervene – Held (In-Person).

SUMMARY

Parties stated appearances.

The Court held a hearing on the settling parties' motion for preliminary approval (including the question whether the Court should enjoin arbitration pending disposition of the approval motion) (Docket No. 103) and the motions to intervene (Docket Nos. 117, 119, and 120).

The motions to intervene are denied. Formal intervention is unnecessary given that there is a less disruptive process for the proposed intervenors to make their views known. The settling parties do not dispute that the proposed intervenors have the right to make their views known in conjunction with the preliminary approval motion. *Cf. Raquedan v. Centerplace of Del., Inc.*, 376 F. Supp. 3d 1038, 1041 (N.D. Cal. 2019) (Koh, J.) ("The Ninth Circuit recognizes in the class action settlement context, a putative intervenor's concerns may 'largely be addressed through the normal objection process'"). The arguments are largely legal and do not require a record which could be enhanced by proposed intervenors. The Court gave full and careful consideration to the arguments presented.

The motion to seal the arbitration-related information (Docket No. 104) is denied. The information was essentially disclosed at the public hearing. Thus, sealing is moot. 23andMe shall publicly file the information at issue within a week.

 The motion to seal the detailed Verita bid and the cost of Privacy Shield (Docket No. 122) is granted in part and denied in part. The motion to seal the detailed Verita bid is granted; however,

the motion to seal the cost of Privacy Shield is denied.  Plaintiffs shall publicly file the information related to the cost of Privacy Shield within a week.

The motion for preliminary approval of the class action settlement (and the request to enjoin arbitrations) is deferred.  The Court heard extensive arguments against preliminary approval and on the issue of the preliminary injunction request.  Plaintiffs shall promptly submit for in camera review a copy of the forensic accounting firm's report (*i.e.*, regarding 23andMe's financial condition).  The report may be emailed to EMCCRD@cand.uscourts.gov.

 In the meantime, the Court expects the settling parties to work on the issues below.  The settling parties shall report back within two weeks.

1. Clarifying that the release does not extend to the sale of customer information to GlaxoSmithKline (i.e., because the complaint was based on the alleged data breach, and not the sale of customer information).
2. Drafting a notice that is specific to the 1.3 million customers whose information is known to have been on the Dark Web at some point.
3. Modifying the short-form notice to provide more information about the benefits of Privacy Shield.
4. Drafting a non-bumbersome opt-out form (with no requirement of verification by email for those customers who opt out online) and extending the time to opt out, especially if mass opt-opts are not permitted.
5. Working on getting more specific and enforceable assurances from CyEx to ensure that Privacy Shield will yield concrete benefits to the settlement class members (including minimal staffing to assist callers).

In addition, the settling parties, the proposed intervenors, and the objecting plaintiffs may each file a 5-page brief addressing the issue whether the Court can or should exclude from the class persons/entities who are arbitrating or who have taken formal steps evidencing their intent to arbitrate.  The Court strongly prefers a joint brief from settling parties and a joint brief from the proposed intervenors.  The Court is interested, in particular, in authorities that discuss *why* or why not there should be exclusion – *i.e.*, the reasoning behind a court's decision as to exclude or not.  The briefs shall be filed within two weeks.

 After the Court reviews the materials submitted or filed, it shall determine whether another hearing is needed or take the matter under submission.