# EXHIBIT A

# UNREDACTED DECLARATION OF REBEKAH S. GUYON

1  **GREENBERG TRAURIG, LLP**
   Ian C. Ballon (SBN 141819)
2  *Ballon@gtlaw.com*
   1900 University Avenue, 5th Floor
3  East Palo Alto, California 94303
4  Telephone: 650-328-8500

5  Stephen L. Saxl (Admitted *Pro Hac Vice*)
   *SaxlS@gtlaw.com*
6  One Vanderbilt Avenue
   New York, NY 10017
7  Telephone: 212-801-8184

8  Rebekah S. Guyon (SBN 291037)
9  *GuyonR@gtlaw.com*
   1840 Century Park East, Suite 1900
10 Los Angeles, California 90067
   Telephone: 310-586-7700
11

12 Kristin O'Carroll (SBN 312902)
   *ocarrollk@gtlaw.com*
13 101 Second Street, Suite 2200
   San Francisco, California 94105-3668
14 Telephone: 415-655-1300

15

16 *Attorneys for Defendant 23andMe, Inc.*

17
                    **UNITED STATES DISTRICT COURT**
18
                    **NORTHERN DISTRICT OF CALIFORNIA**
19

20 | IN RE: 23ANDME, INC., CUSTOMER DATA | CASE NO. 24-md-03098-EMC |
21 | SECURITY BREACH LITIGATION | Hon. Edward M. Chen |

22 **DECLARATION OF REBEKAH S. GUYON IN SUPPORT OF 23ANDME, INC.'S MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

26
27 **UNREDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

28
                                                            Case No. 24-md-03098-EMC
   DECLARATION OF REBEKAH S. GUYON IN SUPPORT OF
   23ANDME, INC.'S MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR
   PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**DECLARATION OF REBEKAH S. GUYON**

I, Rebekah S. Guyon, declare as follows:

1. I am a shareholder with Greenberg Traurig, LLP, counsel of record for defendant 23andMe, Inc. ("23andMe"). I have personal knowledge of the facts set forth in this Declaration and, if called and sworn as a witness, I could and would testify competently with respect thereto. Pursuant to Civil L.R. 6-3(a) and Civil L.R. 7-11(a), I submit this declaration in support of the motion for preliminary approval of class action settlement, in conjunction with 23andMe's Memorandum in Support to further demonstrate the need for the preliminary injunctive relief provision in the proposed Preliminary Approval Order.

2. On October 31, 2023, *Vasquez v. 23andMe, Inc.*, Case No. 23CV424996, was filed in the Santa Clara Superior Court. A true and correct copy of the *Vasquez* Complaint is attached hereto as **Exhibit A**.

3. On December 4, 2023, *Morgenstern v. 23andMe, Inc.*, Case No. 23-610816, was filed in San Francisco Superior Court. A true and correct copy of the *Morgenstern* Complaint is attached hereto as **Exhibit B**.

4. On January 23, 2024, *Wilkus v. 23andMe, Inc.,* Case. No. 24CV429673, was filed in Santa Clara Superior Court. A true and correct copy of the *Wilkus* Complaint is attached hereto as **Exhibit C**.

5. On July 10, 2024, *Shaw v. 23andMe, Inc*., Case No. TC24-2263, was filed in Santa Clara Superior Court. A true and correct copy of the *Shaw* Complaint is attached hereto as **Exhibit D**. 23andMe has not been served with the *Shaw* Complaint.

6. On January 24, 2024, Morgenstern filed a Petition for Coordination with the Judicial Council of California that seeks to coordinate the *Morgenstern* and *Vasquez* cases. A true and correct copy of the Petition for Coordination is attached hereto as **Exhibit E**.

7. On March 5, 2024, the Honorable Charles Adams in Department 7 of the California Superior Court for the County of Santa Clara was assigned as the coordination motion judge for Judicial Council Coordination Proceeding No. 5315. A true and correct copy of the Coordination Order is attached hereto as **Exhibit F**.

8. 23andMe filed Notices of Potential Add-On Case to coordinate *Wilkus* and *Shaw* with *Morgenstern* and *Vasquez* in Judicial Council Coordination Proceeding No. 5315 on June 7, 2024 and July 12, 2024, respectively. True and correct copies of 23andMe's Notices of Potential Add-On Case are attached hereto as **Exhibit G**.

9. On June 10, 2024, the Honorable Evette Pennypacker reassigned *Wilkus* to the Honorable Charles Adams in Department 7 of the California Superior Court for the County of Santa Clara. The next day, on June 11, 2024, Judge Adams designated *Wilkus* as a complex case and stayed discovery and 23andMe's responsive pleading deadlines pending a case management conference set for July 18, 2024. True and correct copies of these orders are attached hereto as **Exhibit H**.

10. On July 12, 2024, Judge Adams continued the July 18 case management conference to October 31, 2024 and entered a stay of the *Morgenstern*, *Vasquez*, and *Wilkus* matters pending the case management conference set for October 31, 2024. A true and correct copy of Judge Adams' Order entering the stay is attached hereto as **Exhibit I**.

11. To date, nearly 16,000 individual arbitrations have been filed against 23andMe by two class action law firms asserting claims arising from the Security Incident.

12. On February 14, 2024, the law firm Milberg Coleman Bryson Phillips Grossman, PLLC ("Milberg")—which is also counsel of record for the named Plaintiff Alexandra Hoffman in this MDL—filed 100 individual arbitration demands with JAMS against 23andMe asserting claims arising from the Incident, which are proceeding to the commencement stage. As respondent, Defendant has paid its share of non-refundable filing fees in the amount of $175,000.00, which is $1,750 per case for the company in consumer arbitrations. *See Arbitration Schedule of Fees and Costs*, JAMSADR.org, https://www.jamsadr.com/arbitration-fees, last accessed Sept. 12, 2024. These demands assert claims on behalf of California and Illinois residents for negligence, negligence *per se*, breach of implied contract, unjust enrichment, and invasion of privacy. California claimants further assert alleged violations of California's Unfair Competition Law, California Consumer Privacy Act, and California Customer Records Act.

13. On July 10, 2024, while settlement negotiations in this MDL were ongoing, Milberg filed an additional 4,766 arbitration demands with JAMS. These additional demands assert claims on behalf of

residents of California and Illinois as described above. Milberg's additional demands also include claims on behalf of residents of D.C. and all other states for negligence, negligence *per se*, breach of implied contract, unjust enrichment, and invasion of privacy as well as alleged violations of state consumer protection statutes, including the California Consumer Privacy Act, California Consumer Legal Remedies Act, California Unfair Competition Law, Delaware Consumer Fraud Act, Florida Deceptive and Unfair Trade Practices Act, Georgia Fair Business Practices Act, Massachusetts Consumer Protection Act, Maryland Consumer Protection Act, Missouri Merchandising Practices Act, New Jersey Consumer Fraud Act, Pennsylvania Unfair Trade Practices and Consumer Protection Law, Texas Deceptive Trade Practices – Consumer Protection Act, Washington Consumer Protection Act, and the Wisconsin Deceptive Trade Practices Act.

14. To date, Milberg has not paid the filing fees for the additional 4,766 arbitration demands filed with JAMS. In the event that Milberg makes payment, Defendant would be further responsible for respondent's share of non-refundable filing fees in the amount of more than eight million dollars (approximately $8,340,500.00).

15. Milberg is also counsel of record in three actions pending before this Court, titled *Dube et al. v. 23andMe, Inc.*, *Greenberg et al. v. 23andMe, Inc.,* and *Hoffman et al. v. 23andMe, Inc.*, pursuant to the JPMDL's Transfer Order, including representation of named Plaintiff Alexandra Hoffman in the Consolidated Class Action Complaint filed on June 26, 2024. *See* ECF No. 78.

16. On August 27, 2024, I informed Melissa Nafash, counsel at the law firm Labaton Keller Sucharow ("Labaton"), that 23andMe had executed a Term Sheet that would result in a settlement agreement releasing all claims on behalf of U.S. residents affected in the Incident. Ms. Nafash informed me that Labaton would immediately file its arbitration demands in response to learning that a Term Sheet had been executed.

17. The next day, on August 28, 2024, Labaton filed 8,241 arbitration demands against 23andMe with JAMS. On August 29, 2024, Labaton filed an additional 2,820 individual arbitration demands against 23andMe with JAMS, for a total of 11,061 arbitrations.

18. Labaton has requested that JAMS issue an invoice for *all* 11,061 individual arbitration demands, which, if Labaton pays its filing fees, would amount to more than nineteen million dollars (approximately $19,356,750.00) in filing fees for 23andMe if it is required to pay.

19. On February 5, 2024, the law firm Potter Handy, LLP ("Potter Handy") submitted a demand notice to Defendant on behalf of 1,116 claimants. On or around August 29, 2024, Potter Handy notified me of their intent to initiate arbitrations on behalf of approximately 2,000 claimants. In the event that Potter Handy files such demands with JAMS, Defendant faces the potential of further filing fees of more than three million dollars (approximately $3,500,000.00).

20. Potter Handy is also counsel of record in state proceedings arising out of the Incident under *Wilkus v. 23andMe, Inc.*, 24-cv-429673, which has been added and included in coordinated proceedings before the Superior Court of California, County of Santa Clara (Judicial Council Coordinated Proceeding No. 5315).

21. The foregoing demands amount to over $31 Million in just the JAMS filing fees, which already *exceed* the negotiated class settlement amount. These filing fees do not account for the neutral arbitrators' retainer fees, which Defendant would ordinarily be responsible for, and ongoing administrative expenses. Furthermore, these fees do not account for those pre-arbitration demands and notices of intent to initiate arbitration that other law firms have served on behalf of thousands of additional putative claimants who were allegedly impacted by the Incident.

22. 23andMe disputes that the initiation of arbitration for many of these claimants was, or is, proper for numerous substantive and procedural reasons.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on September 12, 2024 in Los Angeles, California.

    /s/ Rebekah S. Guyon
Rebekah S. Guyon