Jonathan D. Waisnor (SBN 5137302)
Melissa H. Nafash (admitted *pro hac vice*)
Alexander F. Schlow (admitted *pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Fax: (212) 818-0477
jwaisnor@labaton.com
mnafash@labaton.com
aschlow@labaton.com

John J. Nelson (SBN 317598)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
402 W Broadway, Suite 1760
San Diego, California 92101
Tel.: (858) 209-6941
jnelson@milberg.com

Adam M. Apton (SBN 316506)
Nicholas I. Porritt (admitted *pro hac vice*)
**LEVI & KORSINSKY, LLP**
1160 Battery Street East, Suite 100 - #3425
San Francisco, CA 94111
Telephone: 415-373-1671
Facsimile: 415-484-1294
aapton@zlk.com
nporritt@zlk.com

*Attorneys for Arbitration Claimants*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: 23ANDME, INC., CUSTOMER DATA SECURITY BREACH LITIGATION | Case No. 24-md-03098-EMC |

**ARBITRATION CLAIMANTS' SUPPLEMENTAL MEMORANDUM OF LAW OBJECTING TO PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

**PRELIMINARY STATEMENT**

Rule 23(a) allows certification of a class only where the "claims or defenses of the representative parties are typical" of the entire class, and "the representative parties will fairly and adequately protect the interests of the class." These requirements are essential to protecting the due process rights of absent class members such as the arbitration claimant objectors here. The proposed settlement would impermissibly place 23andMe users who have actively pursued arbitration against the Defendant in the same class as users who either opted out of arbitration or are willing to waive their contractual right to arbitration, violating the typicality and adequacy of representation requirements of Rule 23(a).

**ARGUMENT**

Courts have routinely excluded from certified classes individual claimants with agreements to arbitrate with a defendant. Such courts have "found no typicality and adequacy where the named plaintiff was not subject to an arbitration agreement that other putative class members were bound by." *Conde v. Open Door Mktg., LLC*, 223 F. Supp. 3d 949, 959 (N.D. Cal. 2017) (collecting cases). Courts in this district have found it "[makes] no sense to certify a class/collective action that include[s] hundreds of plaintiffs who are contractually prohibited from participating in [the] action." *Campanelli v. Image First Healthcare Laundry Specialists, Inc.*, No. 15-cv-04456-PJH, 2018 U.S. Dist. LEXIS 215287, at *9 (N.D. Cal. Dec. 21, 2018); *see Tschudy v. J.C. Penney Corp., Inc.*, No. 11-CV-1011 JM (KSC), 2015 U.S. Dist. LEXIS 165897, at *11 (S.D. Cal. Dec. 9, 2015) ("Putative class members with arbitration provisions likely cannot be included in the class because they are uniquely subject to having their disputes resolved in a non-judicial forum.").

Courts in other districts agree. *See, e.g.*, *Eaton v. Ascent Res.-Utica, LLC*, No. 2:19-CV-03412, 2024 U.S. Dist. LEXIS 62182, at *15 (S.D. Ohio Apr. 4, 2024) ("the Court finds that good cause exists to modify the class definition to exclude members of the class whose leases included arbitration agreements"); *In re T-Mobile Customer Data Security Breach Litigation,* No. 4:21-MD-03019-BCW, 2023 U.S. Dist. LEXIS 240268, at *35-36 (W.D. Mo. June 29, 2023) (*rev'd in part on other grounds*, 111 F.4th 849 (8th Cir. June 11, 2024)) (certifying class excluding arbitration claimants); *Morangelli v. Chemed Corp.*, 2010 U.S. Dist. LEXIS 146149, at *13 (E.D.N.Y. June 15,

1  2010) ("It would be a disservice to judicial efficiency to certify all technicians, when those with
2  arbitration agreements are subject to additional, prolonging [sic] motion practice which will likely
3  disqualify them from the class.").
4        Review of these decisions makes their application to this case obvious. In *Morganelli*, the
5  district court specifically noted that claims subject to arbitration "are subject to unique defenses that
6  cannot be bifurcated or subclassed away." 2010 U.S. Dist. LEXIS 146149, at *13 (citing *Barnett v.*
7  *Countrywide Credit Indus.*, No. 03-CV-I 182, 2002 U.S. Dist. LEXIS 9099 (N.D. Tex. May 21,
8  2002)). "Opt-in plaintiffs who cannot bring suit in federal court are simply not similarly situated with
9  those who can." *Id.* at *13-14. 23andMe here is similarly contractually obliged to *defend* Arbitration
10 Claimants' claims in arbitration rather than federal court, creating unique conditions unsuitable for
11 class treatment. The court in *Eaton* noted that "the presence of arbitration clauses in the leases of a
12 significant number of potential class members, but not the representative Plaintiffs, threatens the
13 typicality and adequacy requirements of Rule 23(a)." 2024 U.S. Dist. LEXIS 62182, at *15
14 (collecting cases). Similarly, in *Campanelli*, the district court noted that a class or collective action
15 waiver, like the one in 23andMe's terms here, applicable to some putative class members precluded
16 certification of a class that included arbitral claimants. A claimant who was "neither subject to an
17 arbitration clause nor a class/collective action waiver" was "not an adequate representative and his
18 claims lack typicality with respect to putative Rule 23 plaintiffs who have signed the" arbitration
19 agreement.
20       Ninth Circuit precedent supports the conclusion that adequacy and typicality are lacking for
21 arbitration claimants here. Certification was properly denied where the proposed class representative
22 was "one of just two individuals in California to opt out of the class action waiver provisions,"
23 because such an individual's "[Plaintiff's] claims are not typical of the putative class members, nor
24 can he adequately represent the interests of those members who are potentially bound by the
25 arbitration and class action waiver provisions." *Tan v. Grubhub, Inc.*, No. 15-CV-05128-JSC, 2016
26 U.S. Dist. LEXIS 186342, at *7-8 (N.D. Cal. July 19, 2016). The Ninth Circuit affirmed, agreeing
27 that the plaintiff "could not satisfy the requirements in Rule 23(a) because he is neither typical of the
28 class nor an adequate representative . . . ." *Lawson v. Grubhub, Inc.*, 13 F.4th 908, 913 (9th Cir. 2021);

2

*see also Avilez v. Pinkerton Gov't Servs., Inc.*, 596 F. App'x 579 (9th Cir. 2015) (concluding that plaintiff, whose arbitration agreement did not include a class action waiver, was not a typical or adequate representative of employees whose arbitration agreements did include class action waivers). For these reasons, most courts have "found typicality and adequacy of representation to be lacking where the lead plaintiff was not subject to the same arbitration provisions as unnamed plaintiffs." *Tan*, 2016 U.S. Dist. LEXIS 186342, at *9.

Here, as in those cases, Arbitration Claimants' *unwaived* arbitration rights defeat typicality and adequacy unless they are excluded. Though they are pursuing similar underlying claims, there is a fundamental difference between the proposed class representatives, on the one hand, and the 23andMe users who have actively pursued arbitration against the company, on the other. Specifically, all of the proposed class representatives either allege they "opted out of the arbitration provisions of 23andMe's Terms and Conditions," (Consolidated Class Action Complaint, ECF No. 78, ¶¶15, 115, 127, 139, 151, 185, 197, 220, 232, 244, 256, 268, 290, 324, 336, 348, 382, 394), or waived the right to enforce those provisions by filing this action.

Where a party that might otherwise be included in a class asserts their intent to enforce an individual arbitration agreement rather than litigate, courts should respect that decision and the right to arbitration and exclude such individuals from the class. To be sure, it is typically a class defendant, rather than absent putative class plaintiffs, who seek to enforce such a right, but this has no bearing on the conclusion, because a contractual arbitration right can only be waived if *both parties* agree. The Arbitration Claimants here and thousands more like them have expressly refused to waive their arbitration rights, and put 23andMe on notice of their intent to arbitrate many months ago. 23andMe's desire to quickly and cheaply settle their claims cannot unilaterally extinguish their rights, and a class cannot be certified that includes claimants whose claims are unambiguously bound for arbitration.[1]

---

[1] This is true even where a settling defendant claims financial hardship. *Cf. In re Trans Union Corp. Privacy Litig.,* No. 00 C 4729, 2009 WL 4799954, at *2 (N.D. Il. Dec. 9, 2009), modified and remanded, 629 F.3d 741 (7th Cir. 2011), (approving settlement which allowed two years for class members to bring individual claims even though limited funds were available and potential liability dwarfed defendants' ability to pay.)

Thus, the settlement does not differentiate between 23andMe customers with no right (or a willingly waived right) to arbitrate and claimants who have actively sought to enforce their contractual right to arbitration. As detailed in Arbitration Claimants' prior briefing, this difference creates a significant and irreconcilable difference between Arbitration Claimants and the proposed class representatives, because each set of 23andMe customers is faced with economic and practical concerns at odds with the other. Under such circumstances, class certification to effect "a global compromise with no structural assurance of fair and adequate representation for the diverse groups and individuals affected" is inappropriate. *Amchem Prods. v. Windsor*, 521 U.S. 591, 627 (1997).

This concern extends beyond class divisions caused by arbitration agreements, and courts throughout the nation have rejected class definitions and settlements where analogous split interests exist. *In re Joint E. & S. Dist. Asbestos Litig.*, 982 F.2d 721 (2d Cir. 1992) *opinion modified on reh'g*, 993 F.2d 7 (2d Cir. 1993), is instructive. There, a class settlement treated individuals injured by asbestos and co-defendant manufacturing companies as part of the same class with respect to recovery from a common fund. The Second Circuit found that this arrangement "violates the typicality and adequacy requirements of Rule 23(a)(3) and (4)," because of the clearly differing interests. 982 F.2d at 739. A court commits reversible error when it "alter[s]" "the rights of a plaintiff class [where] consent to the resulting settlement [was] given by representatives who purport to represent the undifferentiated class of plaintiffs as a whole, rather than the interests of each of the subclasses whose rights are being altered." *Id.*

In a second, related appeal, the Second Circuit went further. There, it addressed the objections of a category of claimants who held judgments against the defendant prior to the class action settlement. The court specifically noted, "[i]t may well be . . . that [judgment-holding] claimants should never have been included within the class in the first place." *In re Joint E. & S. Dist. Asbestos Litig.*, 14 F.3d 151, 156 (2d Cir. 1994) ("*E & S II*") (citing *Piambino v. Bailey*, 610 F.2d 1306, 1329 (5th Cir. 1980)). Indeed, in *Piambino*, the Fifth Circuit reached the same conclusion regarding judgment-holder class members: "it would seem that those . . . people never should have been included in the class." 610 F.2d at 1330.

The arbitration rights actively asserted by Arbitration Claimants are also a divergent interest from non-arbitrating members of the class. As prior opinions in this district have recognized, the right to arbitrate, particularly in the context of mass or coordinated filings, is an extant, certain, valuable right, that can make it "economically irrational for arbitration claimants with legitimate claims to participate in the proposed settlement." *Arena v. Intuit, Inc.*, No. 19-cv-02546-CRB, 2021 U.S. Dist. LEXIS 41944, at *27 (N.D. Cal. Mar. 5, 2021). Individuals who possess and have pursued such a valuable right, particularly prior to settlement of the class action, cannot be adequately represented by the proposed plaintiffs here, and "should never have been included within the class in the first place."[2] *E&S II*, 14 F.3d at 156.

It is likely for all of these reasons that counsel for the proposed class representatives here, when seeking approval of a class settlement in at least one other putative class action, specifically excluded "[a]ll individuals who . . . have either (1) filed or served a written arbitration demand or petition [to Defendant] . . . or (2) provided written notice to [Defendant] of their intent to pursue arbitration" from the definition of the class. *In re T-Mobile Customer Data Security Breach Litigation,* No. 4:21-MD-03019-BCW, 2023 U.S. Dist. LEXIS 240268, at *35-36 (W.D. Mo. June 29, 2023) (*rev'd in part on other grounds*, 111 F.4th 849 (8th Cir. June 11, 2024)). Though the Court there did not analyze this exclusion, the purpose was clear: to avoid the typicality and adequacy problems encountered by proposed class representatives in the cases discussed above, and provide individuals who had affirmatively asserted their arbitration rights to pursue arbitration according to the applicable contract. Under such circumstances, Arbitration Claimants and those similarly situated must be excluded from the class.

---

[2] At an absolute minimum, the Arbitration Claimants' notices of intent to arbitrate should be treated as sufficient for purposes of opting out. *Cf. In re MyFord Touch Consumer Litig.*, No. 13-CV-03072-EMC, 2018 WL 10539267, at *2 (N.D. Cal. June 7, 2018) (suggesting that in proposed settlement under review, "the process" should be "streamlined for . . . 'known' eligible claims by relaxing the documentation requirements for them").

| | |
|---|---|
| Dated: November 12, 2024 | Respectfully submitted,<br><br>**LABATON KELLER SUCHAROW LLP**<br><br>By: <u>*s/ Melissa H. Nafash*</u><br>Melissa H. Nafash (Admitted *pro hac vice*)<br>Alexander F. Schlow (Admitted *pro hac vice*)<br>Jonathan Waisnor (SBN 5137302)<br>140 Broadway<br>New York, NY 10005<br>Telephone: (212) 907-0700<br>Fax: (212) 818-0477<br>mnafash@labaton.com<br>aschlow@labaton.com<br>jwaisnor@labaton.com<br><br>John J. Nelson (SBN 317598)<br>**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**<br>402 W Broadway, Suite 1760<br>San Diego, California 92101<br>Tel.: (858) 209-6941<br>jnelson@milberg.com<br><br>Adam M. Apton (SBN 316506)<br>Nicholas I. Porritt (admitted *pro hac vice*)<br>**LEVI & KORSINSKY, LLP**<br>1160 Battery Street East, Suite 100 - #3425<br>San Francisco, CA 94111<br>Telephone: 415-373-1671<br>Facsimile: 415-484-1294<br>aapton@zlk.com<br>nporritt@zlk.com<br><br>*Attorneys for Arbitration Claimants* |