POTTER HANDY, LLP
Mark Potter, Esq., SBN 166317
Barry M. Walker, SBN 195947
Jim Treglio, Esq., SBN 228077
Tehniat Zaman, SBN 321557
Mail: 100 Pine St., Ste. 1250
San Francisco, CA 94111
(858) 375-7385; (888) 422-5191 fax
serve@potterhandy.com

Attorneys for Moving Parties,
TRISHA WILKUS, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: 23ANDME, INC. CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>This Document Related to: ALL ACTIONS | CASE NO.: 3:24-md-03098-EMC<br><br>Assigned to the<br>Honorable Edward M. Chen<br><br>**MOTION TO INTERVENE AND OBJECTION TO FINAL APPROVAL OF SETTLEMENT AND PRELIMINARY INJUNCTION**<br><br>DATE: December 19, 2024<br>TIME: 1:30 p.m.<br>COURTROOM: 5, 17th Floor |

**PLEASE TAKE NOTICE** that on December 19, 2024, at 1:30 p.m., before the Honorable Edward M. Chen, Movants bring this motion to intervene for the purpose of asserting their objections to inclusion in the Settlement Class and to the Settling Parties' request for Preliminary Injunction. This motion is supported by the following memorandum of points and authorities, all pleadings and papers filed herein, arguments of counsel, and any other matters properly before the Court.

Dated: November 12, 2024        POTTER HANDY, LLP

By: /s/ Barry M. Walker
        Attorneys for Movants

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In February 2024, Movants, represented by Potter Handy LLP, filed a civil action in Santa Clara County Superior Court against 23&ME seeking damages for fourteen individual plaintiffs. Potter Handy LLP has now filed a total of seven separate lawsuits[1] against 23&ME, on behalf of 2,968 plaintiffs, (collectively "State Actions") each seeking damages in state court. These actions are pending before the Honorable Judge Charles F. Adams in Department 7 and were ordered stayed until January 30, 2025.

From the moment Plaintiffs in these cases filed their actions, they were aware of the pending class action, and had determined that they wanted to pursue their own individual actions. To that end, Plaintiffs and their counsel have incurred the time and expense of preparing and filing seven separate lawsuits encompassing 2,968 individual Plaintiffs, and had no intention of participating in, or interfering with the pending class action. Thus, when the Plaintiffs in the above-entitled action filed their motion for preliminary approval with a request that all pending cases be stayed, the Plaintiffs in the State Actions had reason to be concerned. Further, when other persons with individual claims pending in arbitration sought intervention, and the Court is entertaining removing them from the Class Definition, and statements made by counsel for Defendant at the most recent Status Conference alerted the Plaintiffs in State Actions of the need to seek intervention.

Moving Parties bring this motion to intervene and objection to apprise the Court of the pending state court actions and consider them when ruling on the issues addressed at the October 29th fairness hearing.

## II. BACKGROUND

**A.   Proposed Settlement Agreement & Request for Preliminary Injunction.**

---

[1] Wilkus v. 23andMe, Inc. (24CV429673), Diaz v. 23andMe, Inc. (24CV448217) filed on 9/26/2024, Cantu v. 23andMe, Inc. (24CV448825) filed on 9/26/2024, Powell v. 23andMe, Inc. (24CV448695) filed on 10/3/2024, Shaw v. 23andMe, Inc. (24CV449936) filed on 10/21/2024, Capstick v. 23andMe, Inc. (Pending) submitted for filing on 11/1/2024 and Velarde v. 23andMe, Inc. (Pending) submitted for filing on 11/1/2024.

### 1. The Instant Case.

On October 29, 2024, this Court heard arguments from Settling Parties and Proposed Intervenors, asserting objections to the terms of the proposed settlement agreement and to the proposed preliminary injunction. In consideration of the arguments, the Court invited the settling parties, proposed intervenors and objecting plaintiffs to brief the issue of "whether the Court can or should exclude from the class persons/entities who are arbitrating or who have taken formal steps evidencing their intent to arbitrate" and requested the parties address the reasoning behind a court's decision to do so or not. Moving Parties have indeed taken formal steps evidencing their intent, not to arbitrate, but to litigate their individual claims, effectively opting out of the class and now seek to be heard on these issues by filing this motion and objection.

### 2. 23&ME Data Breach Cases in State Court.

On January 23, 2024, the law firm of Potter Handy, LLP filed the first lawsuit alleging individual damages against 23&ME for the same data breach. That case was filed in Santa Clara Superior Court on behalf of fourteen individual plaintiffs, seeking damages against defendant. Potter Handy LLP currently represents 2,962 clients, in seven separate lawsuits against 23&ME seeking monetary relief for the claims at issue in this litigation. These cases, and their filing dates are as follows:

- Trichia Wilkus v. 23andMe, Inc. (24CV429673) filed on 1/23/2024
- John Diaz v. 23andMe, Inc. (24CV448217) filed on 9/26/2024
- Sarah Cantu v. 23andMe, Inc. (24CV448825) filed on 9/26/2024
- Antoinette Powell v. 23andMe, Inc. (24CV448695) filed on 10/3/2024
- Christina Shaw v. 23andMe, Inc. (24CV449936) filed on 10/21/2024
- Patrick Capstick v. 23andMe, Inc. (Pending) submitted for filing on 11/1/2024
- Alec Velarde v. 23andMe, Inc. (Pending) submitted for filing on 11/1/2024

All of these lawsuits are pending before the Honorable Charles F. Adams in the complex department of Santa Clara Superior Court, Department 7. On October 31, 2024, the parties appeared before Judge Adams for a case management conference. At the hearing, Judge Adams sought

information about the status of *this* action and ultimately continued the case management conference until January 30, 2025.

### III.
### ARGUMENT

**A. The Court Should Grant the Motion to Intervene under Rule 24(b)(1)(b) for the Purpose of Permitting Moving Parties to Assert their Rights to Pursue State Court Litigation.**

Moving Parties should be permitted to intervene under the permissible intervention rule of Rule 24(b). Rule 24(b) provides that a court may allow a party to intervene if they have a claim that shares a common question of law and fact and if their intervention will not cause undue delay or prejudice to the existing parties. Jones v. Blinziner, 536 F. Sup. 1181 (N.D. Ind. 1982).

**1. The Court Should Modify the Certified Class to Exclude Those Class Members That Have Taken Formal Steps Demonstrating Their Intent to Opt Out of Any Class Settlement**

Modifying the Certified Class description to expressly exclude Moving Parties does not threaten the efficacy of the settlement in any way and does not prejudice the defendant or any other party. When reviewing a class settlement agreement in this context, the courts evaluate whether the proposed change to the settlement class alters "the reasoning underlying its earlier decision to grant class certification pursuant to Rule 23(b)(2)." *See, e.g., Youth Justice Coalitions v. City of Los Angeles,* Case No. 2:16-cv-07932, 2020 WL 9312377 at *2 (C.D. Cal. Nov. 17, 2020) citing *Allen v. Similasan Corp.,* No. 12-CV-00376-BAS-JLBx, 2017 WL 1346404, at *3 (S.D. Cal. Apr. 12, 2017) (approving expansion of settlement class where expansion did not change the court's previous class certification analysis).

Here, a modification to the class definition excluding all settlement class members who have taken formal steps to evidence their intent to opt out of the Settlement Agreement does not alter the reasoning behind this Court's grant of class certification. There is no substantive change to the class definition. Instead, the exclusion simply carves out those class members who have indeed already opted out by taking affirmative, formal and decisive action by filing lawsuits for 23&ME's conduct in allowing their data to be stolen.

There is no question that Moving Parties have substantive, constitutional rights in this action that cannot be subverted or usurped by class representatives or class counsel. The Ninth Circuit emphasized the importance of all class members rights in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1024 (9th Cir., 1998) *overruled on other grounds by Wal-Mart,* 564 U.S. 338 (2011), stating: "The procedural due process rights of these members include the opportunity to be excluded from the action. The right to participate, or to opt-out, is an individual one and should not be made by the class representative or the class counsel", adding that to usurp class rights *en masse* "would infringe on the due process rights of the individual class members, who have the right to intelligently and individually choose whether to continue in a suit as class members." *Id.*, citing *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 173-77 (1974).

Moving parties have already effectively opted out of this class by hiring separate counsel and filing their individual claims in state court. Settling Parties' attempts to create burdensome additional opt-out procedures, or their refusal to recognize these class members' intentional and formal acts in contradiction to the class action is a perfect example of subverting and usurping the class members' due process rights described in *Hanlon*. In addition, as stated in the Advisory Committee's Note for Rule 23, "the rule was intended to insure that the judgement, whether favorable or not, would bind all class members who did not request exclusion from the suit." *Eisen,* at 176. Moving parties have made their election clear, they want out of the class action to pursue their individual claims.

**2.    The Court Should Not Enjoin Moving Parties' State Court Actions.**

"To determine whether preliminary approval is appropriate, the settlement need only be *potentially* fair, as the Court will make a determination of its adequacy at the hearing on final approval, after such time as any party has had a chance to object and/or op out." *Victorino v. FCA US LLC,* Case No. 16cv1617-GPC(JLB) 2023 WL 3296155 *5 (S.D. Cal., May 5, 2023). Further, where there are actions with the same claims pending in different courts, both courts have a duty to ensure fair treatment to the parties. *Berg v. MTC Techs.,* 61 Cal. App. 4th 349, 356 (1998). Here, Settling Parties seek to stymie the state actions when doing so serves no legitimate purpose. Instead, an injunction preventing Moving Parties from pursuing their claims, for even one more day, only

serves the interests of defendant 23&ME. It is no secret that the primary basis for the current settlement agreement is defendant's apparent and very public financial condition. As a result, Settling Parties have agreed to a very modest payout to the class members through the proposed settlement. Moving Parties have not, and do not now, object to that decision. But, they do not want to be bound by it, and as a result, have taken action to pursue their own individual claims. The Court should allow them this right.

Moving Parties recognize that this Court has the authority to issue an injunction under the All Writs Act, but the exercise of that power requires courts to exercise extreme caution, only enjoining "state court proceedings that interfere, derogate or conflict with federal judgments, orders or settlements." *Hanlon,* at 1025; *see also: Signal Properties, Inc. v. Farha,* C.A.5 (Tex.) 1973 (requiring strict construction of the Anti-Injunction Act); *See also: Burr & Forman v. Blair,* C.A.11 (Ala.) 2006. Here, granting Settling Parties' extraordinary request for injunctive relief does not satisfy the statutory requirements of the All Writs Act. If approved on its substantive terms, the settlement will resolve the claims of millions of class members. Moving Parties' state actions will do nothing to interfere, derogate or conflict with any term of that agreement. An injunction will only delay the inevitable, while defendant's resources are depleted to the detriment of Moving Parties; when the Court could simply carve out all class members that have taken formal steps to evidence their intent to opt out of the Settlement Agreement with a one-line exclusion.

### IV.
### CONCLUSION

For the foregoing reasons, Movants respectfully request that this Court grant their motion to intervene for limited purpose of asserting their objections to the request for preliminary injunction and permit them to move forward with their State Actions.

Dated:   November 12, 2024

                POTTER HANDY, LLP

                By:  /s/ Barry M. Walker
                    Barry M. Walker
                    Attorneys for Movants