Cari Campen Laufenberg (*pro hac vice*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101
Tel: (206) 623-1900
claufenberg@kellerrohrback.com

Gayle M. Blatt (SBN 122048)
CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD LLP
110 Laurel Street
San Diego, CA 92101
Tel: (619) 238-1811
gmb@cglaw.com

Norman E. Siegel (*pro hac vice*)
STUEVE SIEGEL HANSON LLP
460 Nichols Road
Suite 200
Kansas City, MO 64112
Tel: 816 714-7100
siegel@stuevesiegel.com

*Interim Co-Lead Counsel*

Rebekah S. Guyon, SBN 291037
GREENBERG TRAURIG LLP
Rebekah.guyon@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: 310-586-7700

Ian Ballon (SBN 141819)
ballon@gtlaw.com
1900 University Avenue, 5th Floor
East Palo Alto, CA 94303
Telephone (650) 328-8500
Fax: (650) 328-8508

Stephen L. Saxl (*pro hac vice*)
saxls@gtlaw.com
One Vanderbilt Avenue
New York, NY 10017
Telephone: (212) 801-8184

Kristin O'Carroll, SBN 312902
ocarrollk@gtlaw.com
101 Second Street, Suite 2200
San Francisco, CA 94105-3668
Telephone: 415-655-1300

*Attorneys for Defendant 23andMe, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: 23ANDME, INC. CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>This Document Related to: ALL ACTIONS | No. 3:24-md-03098-EMC<br><br>**JOINT REPORT IN RESPONSE TO MINUTE ORDER ON HEARING FOR PRELIMINARY APPROVAL**<br><br>Courtroom: 5, 17th Floor<br>Judge: Hon. Edward M. Chen |

On October 29, 2024, the Court held a hearing on the Parties' Motion for Preliminary Approval (Dkt. 103) and Motions to Intervene (Dkt. 117, 119, 120). Following the hearing, the Court issued an Order requesting that the Settling Parties report back on the following issues within two weeks (Dkt. 147):

1. **Clarifying that the Release does not extend to the sale of customer information to GlaxoSmithKline (i.e., because the complaint was based on the alleged data breach, and not the sale of customer information).**

The Parties confirm that the Released Claims, as defined in the Settlement Agreement (Dkt. 103-2), do not extend to the sale of customer information to GlaxoSmithKline. *See also* Dkt. 127 at 24, n. 11 (confirming that "the Settlement Agreement provides that the claims released are those 'based on, relating to, or arising out of the same factual predicate as the allegations in the Litigation.'").[1]

2. **Drafting a notice that is specific to the 1.3 million customers whose information is known to have been on the Dark Web at some point.**

The Parties have revised the proposed Email Notice (short-form notice) to include a specific reference to the exposure of Settlement Class Members' information on the dark web. Attached as Exhibit A is a revised Email Notice intended for the 1.3 million Settlement Class Members of Ashkenazi Jewish and Chinese descent whose information is known to have been exposed on the dark web (a redlined version showing all proposed revisions is attached as Exhibit B). Attached as Exhibit C is a revised Email Notice intended for all other Settlement Class Members, indicating that their information may have been exposed on the dark web (a redlined version showing all proposed revisions is attached at Exhibit D). The revised Email Notices also include revisions which reflect the Court's other requests and are addressed further below.

---

[1] Unrelated to the scope of the release, 23andMe notes that it disagrees with the Melvin Objectors' characterization of its relationship with GlaxoSmithKline as a "sale of customer information" and disagrees that it would give rise to any claim. As set forth in 23andMe's Form 8-K dated October 27, 2023, pursuant to an amended agreement, for research purposes 23andMe was to provide GlaxoSmithKline with "de-identified, summary data from global genome- and phenome-wide analysis of the 23andMe database," which is composed of data collected from customers who consented to participate in research.

**3. Modifying the short-form notice to provide some information about the benefits of Privacy Shield.**

The Parties have revised the Email Notice to include additional examples of the benefits of Privacy Shield and have provided a link to the Settlement Website for comprehensive information on this service. The revisions also include providing Settlement Class Members with a Privacy Shield enrollment code and allowing them to pre-enroll in Privacy Shield through the Claims process. The revisions to the Email Notice are reflected in Exhibits A-D. The Parties have likewise updated the Class Notice (long-form notice), provided as Exhibit E (and a redlined version showing all proposed revisions at Exhibit F), and Claim Form, provided as Exhibit G (and a redlined version at Exhibit H), to reflect these revisions.

**4. Drafting a non-cumbersome opt-out form (with no requirement of verification by email for those customers who opt out online) and extending the time to opt out, especially if mass opt-outs are not permitted.**

The Parties have revised the Opt-Out form in compliance with the Court's Order and instructions at the hearing and have agreed to remove the requirement in paragraph 82 of the Settlement Agreement that online Opt-Out requests "must verify the Opt-Out no later than three (3) business days following the Opt-Out Deadline using the link sent to the email address of the Settlement Class Member." The revised version is attached as Exhibit I and a redlined version showing all proposed revisions as Exhibit J. The Parties have proposed extending the Opt-Out Deadline by 10 days and have provided a revised Settlement schedule, at Exhibit K and a redlined version at Exhibit L. The proposed revised schedule correspondingly extends Plaintiffs' deadline to file their Motion for Final Approval of the Settlement in order to allow Defendant 15 days following the Opt-Out Deadline to exercise its right to terminate the Settlement should Opt-Outs exceed those allowed for under the Settlement Agreement.

**5. Working on getting more specific and enforceable assurances from CyEx to ensure that Privacy Shield will yield concrete benefits to the settlement class members (including minimal staffing to assist callers).**

Interim Co Lead Counsel have addressed with CyEx the issues discussed with the Court and we have executed an addendum to the to the existing contract with CyEx. This addendum includes that the call center available to all enrollees will be staffed as appropriate to promptly handle the volume of calls, beginning with 20-40 agents, and overflow agents as CyEx

determines needed, for the initial sixty days of service with 24/7 coverage and continuing for the remainder of the service period with 24/7 staffing at levels appropriate to ensure the quality of service to which CyEx has committed.

It also includes confirmation that CyEx's assistance to Settlement Class Members will include actual engagement with the Settlement Class Members, and their insurance companies, medical providers, financial institutions or others to assist in taking measures to avoid or discontinue fraudulent use of the Settlement Class Members' PHI or PII.  The addendum further specifies that as agreed, CyEx will work directly with the Settlement Class Members involved and will keep a case file open for 60 days on each call that involves an alert or a Settlement Class Member notification of an event that triggered the call.

Interim Co-Lead Counsel remain committed to ensure that the Settlement Class Members are provided the services contracted for and will be available to address Settlement Class Members' questions or concerns that should arise throughout the service period.

RESPECTFULLY SUBMITTED this 12th day of November, 2024.

/s/ Gayle M. Blatt
Gayle M. Blatt (SBN 122048)
CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD LLP
110 Laurel Street
San Diego, CA 92101
Tel: (619) 238-1811
gmb@cglaw.com

Cari Campen Laufenberg (*pro hac vice*)
KELLER RORHBACK LLP
1201 Third Avenue, Suite 3400
Seattle, WA 98101
Tel: (206) 623-1900
claufenberg@kellerrohrback.com

Norman E. Siegel (*pro hac vice*)
STUEVE SIEGEL HANSON LLP
460 Nichols Road
Suite 200
Kansas City, MO 64112
Tel: (816) 714-7100
siegel@stuevesiegel.com
*Interim Co-Lead Counsel*

<u>/s/ Rebekah S. Guyon</u>
Rebekah S. Guyon (SBN 291037)
Rebekah.guyon@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: 310-586-7700

Ian Ballon (SBN 141819)
ballon@gtlaw.com
GREENBERG TRAURIG LLP
1900 University Avenue, 5th Floor
East Palo Alto, CA 94303
Telephone (650) 328-8500
Fax: (650) 328-8508

Stephen L. Saxl (pro hac vice)
saxls@gtlaw.com
One Vanderbilt Avenue
New York, NY 10017
Telephone: (212) 801-8184

Kristin O'Carroll (SBN 312902)
ocarrollk@gtlaw.com
101 Second Street, Suite 2200
San Francisco, CA 94105-3668
Telephone: 415-655-1300

*Attorneys for Defendant 23andMe, Inc.*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Gayle M. Blatt, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury that the foregoing is true and correct. Executed this 12th day of November, 2024, at San Diego, California.

*/s/ Gayle M. Blatt*
Gayle M. Blatt

**CERTIFICATE OF SERVICE**

I, Cass L. Lazar, hereby certify that on November 12, 2024, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

*/s/ Cass L. Lazar*
Cass L. Lazar